UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Vantage Financial Services, Inc.<br>Plaintiff<br><br>v.<br><br>Nonprofit Service Group and George E. Miller<br>Defendants | CIVIL ACTION NO. 04-11686-WGY |

**DEFENDANTS' MOTION TO DISMISS AND FOR TRANSFER OF VENUE TO EASTERN DISTRICT OF VIRGINIA UNDER 28 U.S.C. §1406(a)**

Pursuant to Fed.R.Civ.P. 12(b)(2), defendants Nonprofit Service Group ("Nonprofit") and George E. Miller ("Miller") move to dismiss the Complaint on the basis that this Court lacks personal jurisdiction over them. NonProfit and Miller also request that this case be transferred to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §1406(a). In support of this motion, Nonprofit and Miller rely on the following grounds:

1. Neither Miller nor Nonprofit have had sufficient contacts with this forum such that the exercise of personal jurisdiction over them is authorized by the Massachusetts Long-Arm Statute, M.G.L. c. 223A §3, or comports with the Due Process Clause of the United States Constitution.

2. Plaintiff Vantage Financial Services, Inc.'s ("Vantage") claims against Nonprofit and Miller do not arise out of the transaction of any business in the Commonwealth and do not involve any contract to supply services or things in this forum such that jurisdiction would be authorized under either §3(a) or §3(b) of the Long Arm-Statute. Additionally, the alleged

tortious injury did not occur in the Commonwealth as required by §3(d). In any event, Nonprofit and Miller do not regularly solicit or engage in business in Massachusetts such that jurisdiction would be authorized under §3(d).

3. The exercise of personal jurisdiction over Nonprofit and Miller would also be inconsistent with Due Process. Vantage cannot establish that its claims arise out of in-forum activities on the part of Nonprofit or Miller, or that Nonprofit and Miller, by virtue of the necessary "minimum contacts," purposely availed themselves of the privilege of conducting business in the forum state. Based on this lack of relatedness and minimum contacts with Massachusetts, it would be unreasonable to exercise jurisdiction over Nonprofit and Miller.

4. The Court should exercise its authority under 28 U.S.C. §1406(a) and transfer this case to the United States District Court for the Eastern District of Virginia.

5. In further support of this motion, Nonprofit and Miller rely on the accompanying memorandum of law and Affidavit of George E. Miller.

WHEREFORE, the Court should conclude that personal jurisdiction over Nonprofit and Miller is lacking, and the case should be transferred to the Eastern District of Virginia.

### REQUEST FOR ORAL ARGUMENT

Defendants Nonprofit Service Group and George E. Miller request a hearing on the above motion.

Respectfully submitted,

Nonprofit Service Group and
George E. Miller,
By their attorneys,

Richard L. Nahigian, Esq., BBO#: 549096
Matthew J. Griffin, Esq., BBO#641720
PEABODY & ARNOLD LLP
30 Rowes Wharf, 6th Floor
Boston, MA 02110-3342
(617) 951-2100

## LOCAL RULE 7.1 CERTIFICATION

      I, Richard L. Nahigian, certify that I conferred with Laurence Johnson, counsel for plaintiff Vantage Financial Services, Inc., on September 9, 2004 and have attempted in good faith to resolve or narrow the issues that are the subject of this motion.

                                                        _____
                                                         Richard L. Nahigian

PABOS2:MJGRIFF:596650_1