UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Vantage Financial Services, Inc.<br>Plaintiff<br><br>v.<br><br>Nonprofit Service Group and George E. Miller<br>Defendants | CIVIL ACTION NO. 04-11686-WGY |

**AFFIDAVIT OF GEORGE E. MILLER**

I, George E. Miller, upon oath, do hereby depose and say the following based upon my personal knowledge:

1. I reside at 1130 Marion Avenue, McLean, Virginia.

2. I am an attorney licensed to practice law by the State of Missouri and am the President of Nonprofit Service Group, Inc. ("Nonprofit").

3. Nonprofit is a Virginia corporation with a principal place of business at 1601 North Kent Street, Arlington, Virginia.

4. Nonprofit is a small company that employs less than ten people and has gross revenues under $500,000.00. Its client base primarily consists of charities and nonprofit organizations. Nonprofit frequently provides pro bono services to its clients because of their typically limited financial resources.

1

5. Neither Nonprofit nor I maintain an office in Massachusetts, and we do not have Massachusetts employees or agents representing us for the purposes of selling merchandise, soliciting business, or providing services in Massachusetts.

6. Nonprofit is not registered to do business in Massachusetts.

7. Neither Nonprofit nor I own any real estate in Massachusetts.

8. Neither Nonprofit nor I hold any other assets or maintain any bank accounts or other financial assets in Massachusetts.

9. Neither Nonprofit nor I regularly conduct business in Massachusetts

10. In about mid-April 1999, Vantage Financial Services, Inc. ("Vantage") contacted and engaged Nonprofit to assist Vantage in negotiating and drafting a contract ("the contract") between Vantage and Shriners Hospitals for Children ("the Shriners") that would comply with federal requirements applicable to mailings at the nonprofit mail rate. The contract concerned direct mail fundraising services to be performed by Vantage on behalf of the Shriners. It is my understanding that this lawsuit arises out of contract formation services that Nonprofit and I provided during the period leading up to, but not after, the execution of the contract.

11. Although Nonprofit and I have had business dealings with Vantage, we have never solicited any business from Vantage. This includes all business dealings in connection with the contract.

12. All of the services that Nonprofit and I provided to form the contract were provided outside the Commonwealth of Massachusetts. I worked on contract formation primarily from Nonprofit's office, which at the time, was located in Washington, D.C. My only

2

contacts with Massachusetts during the formation of the contract were telephone calls and correspondence with Vantage. From its location in Florida, the Shriners, including its managing attorney Jay Fleisher, participated in a substantial number of those contacts as a party to such telephone calls or by sending or receiving contract-related correspondence. Vantage, through its representative Larry Lyons, was at times, also physically present in Florida, and I made a number of telephone calls to him in Florida for contract formation purposes.

13. During the contract formation period, I met with Vantage in Washington, D.C. and was aware that Vantage had a Washington, D.C. office at the time. On May 12, 1999, I met with representatives of the Shriners and Vantage in Tampa, Florida to discuss the contract. I was never in Massachusetts for the purpose of contract formation and did not travel to meet with Vantage in Massachusetts in connection with the contract until two years after the Shriners and Vantage entered into the contract.

14. At the time that Vantage reached out to me and Nonprofit and asked us to assist it with the contract, it was my understanding that Nonprofit and I were being asked help negotiate an agreement in Florida with a Florida-based charitable institution. In fact, by its terms, the contract was entered into in the State of Florida on June 17, 1999 and was to be governed by Florida law. Neither Nonprofit nor I ever had any reason to anticipate or foresee that we would be summoned into court in Massachusetts to defend any litigation that might arise as a result of the services that we provided in connection with the contract.

15. While Nonprofit and I have had other business dealings with Vantage, none of them involved any continuous, systematic or substantive presence in Massachusetts on either my part or Nonprofit's part. Although Nonprofit has provided registration services in various states throughout the country in connection with Vantage's direct mail fundraising activities, those

services are performed by an attorney located in Harrisburg, Pennsylvania whom Nonprofit has engaged to provide such services. Both now and during the formation of the contract, it has been my practice primarily, and almost exclusively, to work out of Nonprofit's office, which at the time of the contract was located in Washington, DC. I did not deviate from this practice in my dealings with Vantage. Vantage, on the other hand, is actively engaged in providing direct mail fundraising and group travel services throughout the United States and abroad.

Signed under the pains and penalties of perjury this 3rd day of September, 2004

*George E. Miller*
George E. Miller