UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Vantage Financial Services, Inc.<br>    Plaintiff<br><br>v.<br><br>Nonprofit Service Group, Inc. and George E. Miller<br>    Defendants | CIVIL ACTION NO. 04-11686-WGY |

**REPLY MEMORANDUM OF DEFENDANTS NONPROFIT
SERVICE GROUP INC. AND GEORGE E. MILLER IN FURTHER
SUPPORT OF THEIR MOTION TO DISMISS AND FOR TRANSFER OF VENUE**

Defendants Nonprofit Service Group, Inc. and George E. Miller submit the following reply to Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Transfer of Venue to the Eastern District of Virginia under 28 U.S.C. §1406(a).

## INTRODUCTION

Plaintiff's opposition to defendants' Motion to Dismiss focuses largely on plaintiff's version of the jurisdictional facts at issue. In response to plaintiff's recitation of the facts, defendants submit herewith the Reply Affidavit of George E. Miller ("Reply Affidavit") in further support of defendants' Motion to Dismiss. Defendants submit that Mr. Miller's Reply Affidavit addresses the factual contentions set forth in plaintiff's opposition in a way that avoids the need for jurisdictional discovery or an evidentiary hearing. The Reply Affidavit addresses each of the substantive points made in the Affidavit of Harry Melikian submitted by plaintiff in a complete and candid manner. The Reply Affidavit makes it clear that although there were

contacts with Massachusetts, the vast majority of them are unrelated to the cause of action, and the unrelated contacts are insufficient to establish general jurisdiction. As indicated in defendants' opening papers, there is also no case for specific jurisdiction because plaintiffs' claimed injury, as indicated by the gravamen of its complaint, occurred outside of Massachusetts. The element of "relatedness" is therefore missing.

Plaintiff cannot establish personal jurisdiction over the defendants by attempting to shift the location of its alleged injury to Massachusetts and by offering an interpretation of its claims that is largely at odds with the allegations of its own complaint. Contrary to statements contained in plaintiff's opposition papers, the injury alleged in the complaint arose from the allegedly negligent formation of a contract with the Shriners Hospital for Children that was drafted and entered into outside of Massachusetts.

The unrelated fundraising registration and other work that defendant Nonprofit Service Group, Inc. performed for plaintiff and others largely outside of Massachusetts is insufficient to establish general jurisdiction over defendants. As shown in the Reply Affidavit, this work was performed largely by independent contractors and actual billings for work performed directly for plaintiff (as opposed to work for its nonprofit clients, which was billed to plaintiff at its request) were less than the $500,000 plus claimed in plaintiff's opposition papers. These contacts, unrelated as they are to the cause of action, fall short of the persistent course of conduct that would be necessary to warrant the exercise of general jurisdiction over defendants. Moreover, plaintiff had terminated defendants' services by the time it filed this case. To the extent that contacts for general jurisdictional purposes are measured at the time suit is filed, these unrelated contacts are of even less significance than they would be if they were ongoing at the time suit was filed.

**ARGUMENT**

A.   **Even If Plaintiff's Decision To Hire Defendants Occurred In Massachusetts, Its Alleged Injury Occurred Outside of Massachusetts Where The Shriner's Contract Was Drafted And Executed.**

Plaintiff attempts to shift the site of its claimed injury from Washington D.C. and Florida, where the allegedly unlawful contract was negotiated, drafted and executed, to Massachusetts. Plaintiff does so on the purported basis of alleged misrepresentations concerning the extent of defendants' expertise before and after the Shriners contract was executed and the results plaintiff could expect if it engaged defendants to help draft the contract. The idea that defendants delivered misrepresentations into Massachusetts concerning defendant George E. Miller's expertise and qualifications is belied by his longstanding experience as postal counsel and his specialization in charitable solicitation law, including compliance with state regulations, negotiating settlements, and fund raising contract drafting and enforcement. (Reply Affidavit, ¶4, Exhibit A). For jurisdictional purposes, the allegation that both defendants misrepresented their qualifications is a red herring when measured against both the content of the accompanying Reply Affidavit and the gravamen of the complaint.

Contrary to the breach of contract theory articulated in complaint, plaintiff attempts to argue that defendants breached an agreement with plaintiff by, in effect, delivering a promise into Massachusetts that they could draft an agreement that complied with the Cooperative Mail Rule. Count I of the Complaint, however, alleges that the breach occurred when defendants allegedly failed to exercise due care in providing legal services to plaintiff. Those services were performed in the Washington, D.C. Area and Florida, not Massachusetts.

Plaintiff may not have liked the outcome of defendants' efforts, and in many ways it only has itself to blame. (Reply Affidavit, generally). To the extent that in-forum activities had anything to do with the cause (as opposed to the effects) of the injury, the injury arose from

3

plaintiff's failure to follow defendants' advice and its deviation from the terms of the contract with the Shriners. (Id.). Defendants' role was limited to negotiating and drafting a contract outside of Massachusetts that plaintiff entered into outside of Massachusetts. The breach of contract claim is therefore predicated on an injury that may have been felt in Massachusetts, but which occurred outside of Massachusetts. The result is an absence of personal jurisdiction over the defendants. See Sawtelle v. Farrell, 70 F.3rd 1389,1390 (1st Cir. 1995).

B.  **Defendants' Contacts With Massachusetts Are Insufficient To Warrant The Exercise Of General Jurisdiction Over The Defendants.**

There is no case for general jurisdiction, although plaintiff, perhaps tellingly, strenuously argues otherwise. Plaintiff's Opposition Memorandum, and the Affidavit of Harry S. Melikian that accompanied it make no reference to any efforts by defendants to solicit plaintiff's or any other client's business in Massachusetts or elsewhere.[1] To be sure, §3(d) of the Long-Arm Statute is premised, in part, on what might be viewed as general jurisdiction based on not only the solicitation of business, but alternatively the "doing" business in Massachusetts. For constitutional purposes, however, the act of solicitation is more in line with the constitutional requirement that a defendant purposely, not fortuitously, avail itself of the privileges of conducting business within the forum. Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3rd 284, 292 (1st Cir. 1999) ("without evidence that the defendant actually reached out to the plaintiff's state of residence to create a relationship – say, by solicitation, – the mere fact that the defendant willingly entered into a tendered relationship does not carry the day.") (citation omitted). Regardless of whether the analysis focuses on business solicitation or the mere doing

---

[1] With respect to specific jurisdiction, the lack of any solicitation is likewise evident. The complaint alleges that plaintiffs "consulted [defendants] and sought their assistance, professional services and legal counsel with respect to a substantial fundraising services contract that [plaintiff] was then negotiating with Shriners Hospital for Children." (Complaint, ¶10 (emphasis added)). (See also, Affidavit of Harry S. Melikian ¶5 ("Vantage sought professional

of business, three additional First Circuit cases also demonstrate that defendants' alleged business activities in Massachusetts are insufficient to warrant the exercise of personal jurisdiction.

In <u>Noonan v. Winston Co.</u> 135 F.3rd 85, 92 (1st Cir. 1998), the court held that a defendant's contacts with Massachusetts were insufficient where the defendant's employees regularly solicited business from a client in Massachusetts, over a two-year period, telephoned, faxed and wrote to the client to secure orders, and traveled from England to Massachusetts on at least two occasions with the intention of developing a business relationship with the client. Additionally, the defendant subsequently visited Massachusetts to negotiate orders with the client. In <u>Glater v. Eli Lilly & Co.</u> 744 F.2d 213, 214-15 (1st Cir. 1984) a manufacturing defendant was not subject to general jurisdiction in Massachusetts where the defendant employed eight sales representatives to market and sell products to distributors in Massachusetts. Finally, in <u>Donatelli v. Natl. Hockey League</u>, 893 F.2d 459, 1st Cir. 1990, the court "found that ten years of providing league official at exhibition hockey games, scouting, providing television broadcasts, and selling products bearing the National Hockey League (NHL) logo, taken together, did not meet the due process test. <u>Noonan</u>, <u>supra</u>, at 93, <u>citing</u> <u>Donatelli v. Natl. Hockey League</u>, 708 F.Supp. 31, 35(D.R.I. 1989) (reciting facts), <u>reversed</u> 893 F.2d 459 (1st Circ. 1990). When measured against the facts of those cases, there is no reason why the facts of this case warrant a different result. Taken together, the <u>Noonan</u>, <u>Glater</u>, and <u>Donatelli</u> cases demonstrate why defendants' contacts with Massachusetts, as described in detail in the Reply Affidavit, are insufficient to warrant the exercise of general jurisdiction.[2]

---

expert assistance for the Shriner's contract . . . "); <u>Id.</u>, ¶8 "Vantage informed Defendants that it sought their counsel and advice . . . ."); <u>Id.</u>, ¶8 ("Vantage informed Defendants that it sought their counsel and advice . . . .")).

[2] The same should be true for any separate analysis under §3(d) of the Long-Arm Statute.

5

**C.  Defendants' Unrelated Forum Contacts Are Insufficient To Warrant The Exercise Of Personal Jurisdiction For The Additional Reason That They Largely Had Ceased By The Time This Case Was Filed.**

In an attempt to satisfy the general jurisdictional analysis, plaintiff points to essentially three things: (1) nonprofit registration and related work that defendants had performed for plaintiff and its nonprofit clients; (2) a private workshop that Nonprofit Service Group Inc., but not defendant George E. Miller conducted for plaintiff, and (3) past lobbying activities participated in by defendants for plaintiff and others outside of Massachusetts.[3]  While each of these issues is addressed in the accompanying Reply Affidavit, the registration work that defendants performed for plaintiff and its clients bears further mention.

Defendants have acknowledged in their opening papers that Nonprofit Service Group Inc. has provided registration services in connection with the nonprofit activities of plaintiff's clients. The nature of that work for plaintiff and its nonprofit clients, all of which were located outside of Massachusetts, is described in the Reply Affidavit.  As set forth in the Reply Affidavit, before this case was filed, plaintiff terminated the registration services that defendant had been providing directly to plaintiff.  To the extent that defendants had ongoing relationships to provide these services to plaintiff's nonprofit clients, defendants continued to do so, invoicing plaintiff directly for these services at plaintiff's direction.  For all intents and purposes, by the time this case was filed, plaintiff had ceased doing business with defendants.

In Noonan, the court considered whether "the sufficiency of contacts for general jurisdiction should be assessed at the time of the alleged tort, or at the time suit is filed."  After

---

[3] Plaintiff also points to what might be described as contract administration services that allegedly occurred in Massachusetts after the Shriners contract came to the attention of the U.S. Attorney, among other irregularities. The idea that these contacts were expressly contemplated from the outset of the Shriners discussions is frankly hard to understand. Even more to the point, these "contract administration" contacts did not cause plaintiff's claimed injury. These contacts are, if anything, matters of general jurisdiction, for which they are an inadequate basis, not specific jurisdiction.

recognizing that foreseeability is a key component of the due process analysis, the court noted that

> The foreseeability question is not whether the defendant should reasonably expect to be called into court but whether, given that the defendant has been called to court, the defendant would be surprised to find a <u>particular</u> court has called him. Asking this question from the perspective of the defendant at the time he allegedly committed the tort is likely premature because not until the complaint is filed was the court asked to exercise its sovereignty.

<u>Noonan, supra</u> at 95, n.10.

The approach suggested by the First Circuit in <u>Noonan</u> is a reasonable one because unrelated contacts with the forum state, if at all relevant, would only appear to be so if they are ongoing at the time the defendant is called into court. This is not to suggest that earlier contacts are wholly without meaning. The point is, however, that if unrelated contacts are to be taken into account, they ought to reflect circumstances as they exist at the time the complaint is filed, not circumstances prevailing at some earlier time.[4]

                    Respectfully submitted,

                    Nonprofit Service Group and
                    George E. Miller,
                    By their attorneys,

                    _____
                    Richard L. Nahigian, Esq., BBO#: 549096
                    Matthew J. Griffin, Esq., BBO#641720
                    PEABODY & ARNOLD LLP
                    30 Rowes Wharf, 6th Floor
                    Boston, MA  02110-3342
                    (617) 951-2100

:599626_1

---

[4] The First Circuit in <u>Noonan</u> distinguished the time for assessing forum contacts for jurisdictional purposes from chronological limitations on jurisdictional discovery. For purposes of discovery, the court concluded that the relevant contacts were those that covered the period up to and including the dates it was filed. <u>Noonan, supra</u> at 94-95.