UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

VANTAGE FINANCIAL SERVICES, INC.
        Plaintiff

v.

NONPROFIT SERVICE GROUP, INC. and
GEORGE E. MILLER
        Defendant

CIVIL ACTION NO. 04-11686WGY

## ANSWER AND JURY CLAIM OF DEFENDANT GEORGE E. MILLER

Defendant George E. Miller responds to the Complaint as follows:

1.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.  The defendant denies that defendant Nonprofit Service Group Inc. is a "professional services organization" as alleged in paragraph 2 of the Complaint and states that Nonprofit Service Group Inc. is a corporation.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 2 of the Complaint to the extent that it is unclear what the term "principals" is intended to refer to therein.  The defendant admits the allegations contained in the second sentence of paragraph 2 of the Complaint.

3.  The defendant admits the allegations contained in the first and second sentences of paragraph 3 of the Complaint.  The defendant admits that George E. Miller is involved in providing consulting services in the areas of fundraising, state regulation of charitable solicitation, postal regulations, and drafting fundraising contracts, primarily for nonprofit

organizations, and that he serves as special counsel to the Direct Marketing Association Nonprofit Federation advising on postal and legislative Issues. The defendant denies the remaining allegations contained in paragraph 3 of the Complaint to the extent that they are inconsistent with the foregoing statement of George E. Miller's qualifications and experience.

4.    The defendant denies the allegations contained in paragraph 4, subparts (i), (ii) and (iii) of the Complaint.

5.    The defendant denies the allegations contained in paragraph 5 of the Complaint.

6.    The defendant denies the allegations contained in paragraph 6 of the Complaint.

7.    The defendant admits the allegations contained in the first sentence of paragraph 7 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and therefore denies those remaining allegations.

8.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 8 of the Complaint that "Vantage's contracts with such NPO customers either limited the NPO customer's liability to pay Vantage for its services and out of pocket costs or restricted the means by which Vantage could obtain payment for same in the event of a short fall in the funds raised by the solicitation mailings," and, further answering, states that it is the defendant's understanding that the action referred to in paragraph 8 arose from illegal side agreements between Vantage and its customers in violation of the United States Postal Service's Cooperative Mail Rule. The defendant admits the remaining allegations contained in paragraph 8 of the Complaint.

9.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. The defendant admits that while the action was pending, Vantage consulted the defendants with respect to a potential fundraising services contract between Vantage and Shriner's Hospitals for Children, a large nonprofit corporation.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Vantage sought "[t]o protect itself against the risk of such increased liability," and denies the remaining allegations contained in paragraph 13 of the Complaint.

14. The defendant admits the allegations contained in the first sentence of paragraph 14 of the Complaint and denies the remaining allegations contained in paragraph 14 of the Complaint.

15. The defendant denies the allegations of paragraph 15 of the Complaint to the extent, if any, that Exhibit "A" attached to the Complaint is not a true and complete copy of the contract referred to in paragraph 15.  The defendant also denies the allegations of paragraph 15 of the Complaint to the extent that the Complaint mischaracterizes an "engagement" between one or both of the defendants and plaintiff.

16. The defendant denies the allegations of paragraph 16 of the Complaint to the extent that they mischaracterize the provisions of the contract referred to in paragraph 16.  The

3

defendant also denies the allegations of paragraph 16 of the Complaint to the extent that they allege that the contract was prepared solely by "NSG and Miller."

17. The defendant denies the allegations contained in the first sentence of paragraph 17 of the Complaint, and denies the allegations in the second sentence of paragraph 17 of the Complaint. Further answering, the defendant states that defendant George E. Miller pointed out repeatedly that the permit holder had to be at risk in order to mail the solicitation at the nonprofit mail rate. He noted that there are options concerning the methods and timing of payment, including the use of collateral, and that the Postal Service either had not objected to or had upheld these options when used previously in other fundraising contracts.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies them.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies them.

20. The defendant denies the allegations contained in paragraph 20 of the Complaint.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies them.

22. The defendant admits the allegations contained in paragraph 22 of the Complaint.

23. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies them.

24. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies them.

25. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies them.

## COUNT I

26. The defendant repeats and incorporates by reference the responses to paragraphs 1 through 25 of the Complaint set forth above.

27. The defendant denies the allegations contained in paragraph 27 of the Complaint.

28. The defendant denies the allegations contained in paragraph 28 of the Complaint.

## COUNT II

29. The defendant repeats and incorporates by reference the responses to paragraphs 1 through 28 of the Complaint set forth above.

30. The defendant admits that Miller owed a duty of reasonable care as measured by the standard of care applicable to his profession and denies the remaining allegations contained in paragraph 30 of the Complaint.

31. The defendant denies the allegations contained in paragraph 31 of the Complaint.

32. The defendant denies the allegations contained in paragraph 32 of the Complaint.

## COUNT III

33. The defendant repeats and incorporates by reference the responses to paragraphs 1 through 32 of the Complaint set forth above.

34. The defendant denies the allegations contained in the first sentence of paragraphs 34 of the Complaint to the extent that they mischaracterize the manner in which the plaintiff initially

approached the defendants relative to the plaintiff's transaction with the Shriner's Hospital for children. The defendant denies the allegations contained in the second sentence of paragraph 34 of the Complaint to the extent that they mischaracterize the defendants' role and the manner in which the contract with the Shriner's Hospital for Children was drafted. The defendant also denies the allegation contained in the second sentence of paragraph 34 to the extent that paragraph 34 is silent as to the responsibilities and obligations of the parties under the terms of the contract with respect to compliance with the cooperative mail rule.

35. The defendant denies the allegations contained in paragraph 35 of the Complaint.

36. The defendant denies the allegations contained in paragraph 36 of the Complaint.

37. The defendant denies the allegations contained in paragraph 37 of the Complaint.

38. The defendant denies the allegations contained in paragraph 38 of the Complaint.

39. The defendant denies the allegations contained in paragraph 39 of the Complaint.

## COUNT IV

40. The defendant repeats and incorporates by reference the responses to paragraphs 1 through 39 of the Complaint set forth above.

41. To the extent that paragraph 41 of the Complaint contains allegations of wrongdoing against the defendant, the defendant denies such allegations.

42. To the extent that paragraph 42 of the Complaint contains allegations of wrongdoing against the defendant, the defendant denies such allegations.

43. The defendant denies the allegations contained in paragraph 43 of the complaint.

## COUNT V

44. The defendant repeats and incorporates by reference the responses to paragraphs 1 through 43 of the Complaint set forth above.

45. To the extent that M.G.L. c. 93A, §§1 and 2 are not applicable to the defendant under §11 of c. 93A, the defendant denies the allegations contained in paragraph 45 of the Complaint.

46. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. The defendant denies the allegations contained in paragraph 47 of the Complaint.

48. The defendant denies the allegations contained in paragraph 48 of the Complaint.

49. The defendant denies the allegations contained in paragraph 49 of the Complaint.

50. The defendant denies the allegations contained in paragraph 50 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The court lacks personal jurisdiction over the defendant.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff has waived the claims asserted in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff is estopped to assert the claims alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of collateral estoppel or issue preclusion.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint arose from the plaintiff's own negligence, which negligence exceeded any negligence of the defendant (which negligence is expressly denied).

## EIGHTH AFFIRMATIVE DEFENSE

In the event that the defendant should be found to have been negligent (which negligence is expressly denied) and such negligence is found to have exceeded the negligence of the plaintiff, then any damages assessed against the defendant should be reduced by the percentage of negligence attributable to the plaintiff.

## NINTH AFFIRMATIVE DEFENSE

The harm alleged in the Complaint is the result of a supervening or intervening cause and not the conduct of the defendant.

## TENTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint arose from the conduct of persons or entities, including counsel in the underlying action, for whom and for which the defendant had no responsibility.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs could have mitigated their damages, but have failed, neglected and refused to do so.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to allege misrepresentation with the requisite degree of particularity under the Federal Rules of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that the plaintiff relied on representations alleged to have been made by the defendant (which representations are expressly denied), such reliance was unreasonable in light of, among other things, the plaintiff's sophistication, knowledge and experience in the direct mail, nonprofit fundraising industry.

8

## FOURTHTEENTH AFFIRMATIVE DEFENSE

Any and all representations made by the defendant were statements of opinion and therefore not actionable.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any and all representations made by the defendant were true, accurate and not false or misleading.

## SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claim for damages is barred in whole or in part by its inaccurate and/or disproportionate apportionment of the settlement funds to the claims in the underlying case concerning the Shriner's contract.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant's alleged conduct did not cause the plaintiff to sustain any damages to the extent that the plaintiff was able to generate substantial net income beyond its out-of-pocket costs and expenses, including the settlement amount in the underlying case, as it is undisputed that the Shriner's Hospital for Children would not have engaged the plaintiff to provide fundraising, consulting and management services but for the contractual terms which the plaintiff now claims were in violation of the Cooperative Mail Rule.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by their own fraudulent conduct.

## NINTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claim under M.G.L.c.93A §11 is barred because the plaintiff cannot establish that it suffered a loss of money or property as a result of defendant's conduct.

9

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint is barred because it arises from the defendant's reasonable exercise of professional judgment as a provider of professional legal services.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiff's claim for damages should be limited or reduced to the extent that the actual cost or present value of the settlement is less than the $2.25 Million claimed in the Complaint.

## JURY CLAIM

The defendant claims a trial by jury.

George E. Miller,
By his attorney

  /s/ Richard L. Nahigian
Richard L. Nahigian
BBO No. 549096
Matthew J. Griffin
BBO No. 641720
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

:601500_1