**EXHIBIT "D"**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Vantage Financial Services, Inc.<br>　　　　　Plaintiff<br><br>v.<br><br>Nonprofit Service Group Inc. and George E. Miller<br>　　　　　Defendants | CIVIL ACTION NO. 04-11686WGY |

### DEFENDANTS' FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

Pursuant to Fed. R. Civ. P. 33 and Local Rules 26.1, 26.5 and 33.1, Defendants Nonprofit Service Group, Inc., and George E. Miller request that Plaintiff Vantage Financial Services, Inc., respond to the following Interrogatories under oath within forty-five (45) days of the date of service of these interrogatories.

### DEFINITIONS

The following definitions are an integral part of each interrogatory:

1. The Plaintiff is referred to Local Rule 26.5 (Uniform Definitions in Discovery Requests).

2. "Plaintiff" refers to Vantage Financial Services, Inc.

3. "Defendants" refers to Nonprofit Service Group, Inc. and George E. Miller.

4. Any reference to a party, person or entity shall mean the named party, person or entity, its or their agents, servants, employees, subsidiaries, affiliated companies or entities, predecessors, successors, officers, directors, members, attorneys and any other person or entity acting on behalf of said party, person or entity.

5. The term "the Shriners" refers to the Shriners Hospitals for Children.

6. The "Contract" refers to the contract entered into between Vantage Financial Services, Inc. and the Shriners Hospitals for Children on June 17, 1999.

7. "The underlying action" refers to the United States District Court action entitled <u>United States v. Henry Lewis, et al</u>, Civil Action No. 97-CV-10052MLW.

## INTERROGATORIES

### Interrogatory No. 1:

Set forth an accounting of all funds paid or to be paid to United States Government entities to resolve any claims in the underlying action, including:

a) the total amount paid to date and expected to be paid in the future (specifying when) to resolve the underlying action;

b) the names of any persons or entities, in addition to the Plaintiff, that made payments to settle or resolve the underlying litigation;

c) a description of the individual claims that were the subject of the settlement;

d) the amount of money allocated to each individual claim that was the subject of the settlement;

e) a description of all United States Government entities to which the settlement funds were paid; and

f) a description of the payment terms of the settlement of the underlying action, including but not limited to the cost or pre-cost values of the settlement as of the date of the settlement and any financing terms, conditions, amounts, financers or borrowers to fund the settlement.

### Interrogatory No. 2:

Identify all individuals who reviewed the Contract prior to its execution.

### Interrogatory No. 3:

Identify all attorneys who represented the Plaintiff in the underlying litigation.

### Interrogatory No. 4:

Identify all individuals with knowledge of the subject matter of the Complaint.

### Interrogatory No. 5:

Describe any fines and/or penalties the Plaintiff has paid over the last 15 years as a result of alleged violations of rules, regulations or statutes concerning nonprofit mailings and/or mailings on behalf of nonprofit organizations, including the amounts of any fines or penalties and a brief description of the alleged violations.

**Interrogatory No. 6:**

State the amount of money that the Plaintiff received as a result of its performance under the Contract, including:

    a) The Plaintiff's gross revenues from the contract; and

    b) The Plaintiff's net revenues under the contract, exclusive of any funds paid to settle the underlying litigation.

**Interrogatory No. 7:**

State the total amount of fundraising contributions generated as a result of the Plaintiff's performance under the Contract.

**Interrogatory No. 8:**

State the net amount of fundraising contributions resulting from the Plaintiff's performance under the Contract that were retained by, paid to, or withdrawn from the program account identified in Paragraph 7 of the Contract by the Shriners.

**Interrogatory No. 9:**

Identify all individuals or entities that the Plaintiff retained to assist the Plaintiff in performing the Contract including, the name and address each third party and a brief description of the goods and services the third party provided to the Plaintiff.

**Interrogatory No. 10:**

Describe all mailings that the Plaintiff mailed on behalf of the Shriners pursuant to the Contract, including for each mailing:

    a)  the job number for each mailing;

    b)  the name of each mailing and/or a description of the contents of the mailing;

    c)  the price the Plaintiff paid to produce the mailing;

    d)  the party that produced the mailing;

    e)  the party that mailed each mailing piece;

    f)  the amount that the Plaintiff billed the Shriners for the mailing;

    g)  the quantity mailed; and

    h)  the drop date or dates on which the mailing was issued.

**Interrogatory No. 11:**

Identify any documents concerning the payment of funds to resolve the underlying litigation, including, but not limited to, any documents concerning financing for structured settlement provisions.

**Interrogatory No. 12:**

Describe in detail any conversations that the Plaintiff had with any employees, representatives or attorneys of the Shriners concerning the Shriner's liability to pay the Plaintiff for its services and out-of-pocket costs under the Contract, including the identity of all individuals witness to any such conversations, the dates of such conversations and a description of the substance of any such conversation.

**Interrogatory No. 13:**

State the basis of your allegation in Paragraph 17 of the Complaint that "Miller and NSG expressly assured Vantage that the form of contract drafted by Miller had been used repeatedly by fundraisers for non-profits with the knowledge and without question, objection or challenge by the Postal Service and that the use of that form of contract and the making of fundraising mailings and not-for-profit postage rates pursuant thereto complied with the CMR and was safe, lawful and appropriate."

**Interrogatory No. 14:**

Describe any edits, revisions, or additions the Plaintiff made to the "form of the contract drafted by Miller," as described in Paragraph 17 of the Complaint.

**Interrogatory No. 15:**

State the basis for your allegation in Paragraph 19 of the Complaint that "The effect of such amendment was to increase the amount of the United States' claims by approximately $3,000,000 in compensatory damages and for an additional $6,000,000 in exemplary or punitive damages, thus approximately doubling the amount of the claims asserted against Vantage in the Action."

**Interrogatory No. 16:**

State the basis of your allegation in Paragraph 24 of the Complaint that the United States' claims in the underlying action with respect to the Shriners mailing totaled three million dollars ($3,000,000.00).

**Interrogatory No. 17:**

State the basis of your allegation in Paragraph 24 of the Complaint that the United States' claims for exemplary damages in the underlying litigation were subject to certain additional defenses not available with respect to the revenue recovery claims of the United States, and thus the Plaintiff's principal exposure was with respect to the $6,000,000.00 of revenue recovery

claims.

**Interrogatory No. 18:**

Identify all documents and communications memorializing the settlement negotiations and settlement agreement referred to in Paragraph 25 of the Complaint.

**Interrogatory No. 19:**

Identify all experts that the Plaintiff retained to assist in the defense of the underlying action.

**Interrogatory No. 20:**

Set forth an accounting of all funds the Shriners paid to the Plaintiff to reimburse the Plaintiff for the Plaintiff's out-of-pocket expenses resulting from the Contract.

**Interrogatory No. 21:**

Set forth an accounting of all funds the Plaintiff received as a result of renting or exchanging the Shriner's mailing list, including for each transaction:

    a)    the date of the rental or exchange;

    b)    the number of names rented or exchanged;

    c)    the cost per thousand names rented or exchanged; and

    d)    the total amount that the Plaintiff or its list brokerage affiliate, broker or agent received for renting or exchanging the list.

**Interrogatory No. 22:**

Set forth a computation of all categories of damages you are claiming in this lawsuit, including an explanation for your damages calculations.

Respectfully submitted,
Nonprofit Service Group, Inc. and
George E. Miller,
By their attorneys,

_____
Richard L. Nahigian
BBO No. 549096
Matthew J. Griffin
BBO No. 641720
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: December 3, 2004

## CERTIFICATE OF SERVICE

    I, Matthew J. Griffin, hereby certify that I, this 3rd day of December 2004, served by first class mail, postage prepaid, a copy of the foregoing document upon the following counsel of record:

    Laurence M. Johnson, Esquire
    Davis Malm & D'Agostine, P.C.
    One Boston Place
    Boston, MA 02108

                                          Matthew J. Griffin

PABOS2:MJGRIFF:601210_1
14794-90433