**EXHIBIT "E"**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Vantage Financial Services, Inc.<br>　　　　　Plaintiff<br><br>v.<br><br>Nonprofit Service Group Inc. and George E. Miller<br>　　　　　Defendants | CIVIL ACTION NO. 04-11686WGY |

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF**

Pursuant to Fed. R. Civ. P. 34 and Local Rules 26.1, 26.5 and 34.1, Defendants Nonprofit Service Group, Inc., and George E. Miller request that Plaintiff Vantage Financial Services, Inc., produce the following documents within thirty (30) days of the date of service of this Request at the offices of Peabody & Arnold, LLP, 30 Rowes Wharf, Boston, MA.

**DEFINITIONS**

The following definitions are an integral part of each document request:

1.　　The Plaintiff is referred to Local Rule 26.5 (Uniform Definitions in Discovery Requests).

2.　　"Plaintiff" refers to Vantage Financial Services, Inc.

3.　　"Defendants" refers to Nonprofit Service Group, Inc. and George E. Miller.

4.　　Any reference to a party, person or entity shall mean the named party, person or entity, its or their agents, servants, employees, subsidiaries, affiliated companies or entities, predecessors, successors, officers, directors, members, attorneys and any other person or entity acting on behalf of said party, person or entity.

5.　　The term "the Shriners" refers to the Shriners Hospitals for Children.

6.　　The "Contract" refers to the contract entered into between Vantage Financial Services, Inc. and the Shriners Hospitals for Children on June 17, 1999.

7.　　"The underlying action" refers to the United States District Court action entitled United States v. Henry Lewis, et al, Civil Action No. 97-CV-10052MLW.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

The Plaintiff's complete file and any and all other documents concerning the Contract.

**Request No. 2:**

All financial records and statements concerning the Contract including, but not limited to:

a) records and statements of funds generated by Contract mailings;

b) records and statements of funds received by the Plaintiff for performing under the Contract;

c) records and statements of the Plaintiff's out-of-pocket expenses incurred under the Contract;

d) records and statements of payments made by the Shriners to the Plaintiffs to reimburse the Plaintiffs for their out-of-pocket expenses;

e) records and statements of funds paid to the Shriners; and

f) records and statements of postage paid for mailings on behalf of the Shriners.

**Request No. 3:**

All settlement agreements concerning the underlying action.

**Request No. 4:**

All documents, letters, memoranda, emails and other communications concerning the settlement of the underlying action.

**Request No. 5:**

All drafts of the Contract.

**Request No. 6:**

All checks, wire transfer statements, or other evidence of payment that represent payments to resolve claims in the underlying action.

**Request No. 7:**

All contracts that were the subject of the claims in the underlying action.

2

**Request No. 8:**

Sample copies of each mailing the Plaintiff sent on behalf of the Shriners under the Contract.

**Request No. 9:**

All registration statements filed by the Plaintiff in any jurisdiction concerning the amounts of money collected by Vantage under the Contract.

**Request No. 10:**

All registration statements filed by the Plaintiff in any jurisdiction concerning the net amount of proceeds received by the Shriners as a result of the Contract.

**Request No. 11:**

All pleadings, motions, affidavits, discovery responses and other documents the Plaintiff filed or served in the underlying action.

**Request No. 12:**

All documents referred to, reviewed or relied on in responding to Defendants' First Set of Interrogatories to the Plaintiff.

**Request No. 13:**

The Plaintiff's federal income tax returns for the five (5) years starting with 1998 and concluding with 2002, including all schedules and attachments thereto.

**Request No. 14:**

All documents concerning any penalty or fine that the Plaintiff has paid in the last fifteen (15) years as a result of an alleged violation of any rule, regulation or statute concerning non-profit mailings.

**Request No. 15:**

All documents concerning any damages the Plaintiff alleges it has suffered as a result of the allegations set forth in the Complaint, including, but not limited to, all documents concerning the damages computation set forth in Interrogatory Answer No. 22.

**Request No. 16:**

All Form 3602 mailing statements or equivalent statements completed concerning solicitation mailings on behalf of the Shriners.

3

**Request No. 17:**

All documents produced to the United States in the underlying action concerning the claims related to the Shriners.

**Request No. 18:**

All contracts, memoranda, letters, or other documents concerning any payments, goods or services that the Plaintiff provided to the Shriners at any time, including, but not limited to, charitable contributions to the Shriners by the Plaintiff or any charitable foundation in any way affiliated with or related to the Plaintiff.

**Request No. 19:**

All documents concerning financing and/or structure of the settlement agreement referred to in Paragraph 25 of the Complaint.

**Request No. 20:**

All mail schedules that the Plaintiff prepared for the Shriners.

**Request No. 21:**

All budgets the Plaintiff prepared and submitted to the Shriners concerning mailings made pursuant to the Contract.

**Request No. 22:**

All invoices concerning any goods or services, including but not limited to paper, printing, cover letters, couriers, envelopes, reply envelopes, lettershop, address mail labels, back-end data processing, and front-end premiums in connection with the mailings made pursuant to the Contract.

**Request No. 23:**

All checks the Plaintiffs used to pay the invoices requested in Request No. 22.

**Request No. 24:**

All checks used to pay postage for any mailings made pursuant to the Contract.

**Request No. 25:**

All documents concerning the amounts of contributions made in response to the Plaintiff's mailings.

**Request No. 26:**

All documents concerning the number of donors who made contributions in response to the Plaintiff's mailings.

**Request No. 27:**

All documents concerning the Plaintiff's rental or exchange of the Shriners' mailing list.

**Request No. 28:**

All of the Plaintiff's corporate financial statements for the five years starting with 1998 and concluding with 2002, including but not limited to annual reports, audits and shareholder reports.

**Request No. 29:**

Any minutes of company meetings concerning the Plaintiff created from January 1, 1999 to the present.

**Request No. 30:**

All summaries of damages concerning the underlying action that were provided to you by any United States Government agency, including, but not limited to, the Department of Justice and the Postal Inspection Service.

**Request No. 31:**

All summaries created by the Plaintiff concerning the fundraising programs that were the subject of claims in the underlying litigation, including, but not limited to, summaries entitled "Vantage Program Contract Summaries" and "Vantage Contract Summary Combined".

**Request No. 32:**

All Response Analysis Reports that the Plaintiff created concerning the Contract.

**Request No. 33**

All documents concerning any agreements to provide fundraising consulting and management services, or similar services, between the Plaintiff and the United States Navy Memorial Foundation, including, but not limited to, any drafts of such agreement, regardless of whether the Plaintiff ultimately entered into such agreement with the U.S. Navy Memorial Foundation.

**Request No. 34**

All documents concerning any agreements to provide fundraising consulting and management services, or similar services, between the Plaintiff and the Order of the Sons of Italy in America Foundation, including, but not limited to, any drafts of such agreement, regardless of

whether the Plaintiff ultimately entered into such agreement with the Order of the Sons of Italy in America Foundation.

**Request No. 35**

All documents concerning all bank accounts maintained by the Plaintiff, including, but not limited to, any related entities as specified in definition no. 4 above, for the period January 1, 1999 through the present.

**Request No. 36**

All documents concerning any and all document retention policies, practices or procedures employed by the Plaintiff at any time during the last ten years.

**Request No. 37**

All documents concerning all press releases, statements to the media and/or statements to the general public made by or on behalf of the Plaintiff, including, but not limited to, all such statements by or attributed to Harry Melikian, concerning the merits of the underlying action, the Plaintiff's defenses thereto, and the settlement and/or resolution of the underlying action.

**Request No. 38**

All documents concerning mailing lists rented or exchanged for any of the mailings made under the contract.

**Request No: 39:**

Plaintiff's list rental and exchange registry.

**Request No. 40:**

All documents concerning payments Plaintiff made to Defendants for services Defendants rendered in relation to the Contract.

6

Respectfully submitted,
Nonprofit Service Group, Inc. and
George E. Miller,
By their attorneys,

_____
Richard L. Nahigian
BBO No. 549096
Matthew J. Griffin
BBO No. 641720
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

## CERTIFICATE OF SERVICE

I, Matthew J. Griffin, hereby certify that I, this 3rd day of December 2004, served by first class mail, postage prepaid, a copy of the foregoing document upon the following counsel of record:

Laurence M. Johnson, Esquire
Davis Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108

_____
Matthew J. Griffin

PABOS2:MJGRIFF:601245_1
14794-90433

8