**EXHIBIT "I"**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VANTAGE FINANCIAL SERVICES, INC.<br>Plaintiff,<br><br>v.<br><br>NONPROFIT SERVICE GROUP AND<br>GEORGE E. MILLER,<br>Defendants. | C.A. No. 04-11686-WGY |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS**

The plaintiff, Vantage Financial Services, Inc. ("Plaintiff"), hereby responds and objects to the First Request for Production of Documents pursuant to Fed. R. Civ. P. 34 served by Defendants, Nonprofit Service Group, Inc. ("NSG") and George E. Miller ("Miller") (collectively, "Defendants"), as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects generally to producing any documents in response to the requests for production at the offices of Defendants' attorneys on the grounds that such documents are voluminous and that such production would be unduly burdensome. Accordingly, such documents will be produced at the offices of Plaintiff's attorneys at a mutually convenient time to be agreed upon by counsel for the parties.

2. Plaintiff objects generally to the requests for production in each and every instance in which they request information protected by the attorney-client privilege, work product doctrine or which is otherwise protected from discovery.

3. Plaintiff objects generally to the requests for production in each and every instance in which they are overly broad, seek documents that are irrelevant to any claim or defense asserted by any party and are not reasonably calculated to lead to the discovery of admissible evidence and are thus beyond the permissible scope of discovery as provided by Fed. R. Civ. P. 26 or production or which pursuant thereto would be an annoyance, embarrassing, oppressive, or unduly burdensome or expensive. Where some but not all of the documents responsive to a request are objected to on these grounds, Plaintiff will produce only those documents that are not subject to this objection.

4. Where a response to any request for production may be identified, derived or ascertained only from a detailed examination, audit or inspection of such records, including a compilation, abstract or summary thereof, and the burden of identifying, deriving or ascertaining the responsiveness of each document or thing is substantially the same for all parties, Plaintiff

reserves the right to produce generally the documents and to afford the requesting party reasonable opportunity to examine, audit or inspect such records, and to make copies, compilations, abstracts or summaries thereof at the requester's expense.

      5.      Plaintiff objects generally to each request to the extent and degree to which it calls for the production of documents or things not within the custody or subject to the control of Plaintiff.

      6.      Plaintiff objects generally to each request that identifies a document by use of the terms "concerning," "relating to" or "referring to" on the grounds that such terms fail to describe the document or thing requested to be produced with reasonable particularity required as by Rule 34(b).

      7.      Plaintiff objects generally to each request which fails or neglects to specify a relevant time period to which it pertains on the grounds that such request is overbroad, unduly burdensome and insufficient to satisfy the requirements that the documents be specified with reasonable particularity in conformity with Rule 34(b). Plaintiff further objects to any request to the extent that it calls for the production of documents which post-date the filing of the Complaint in this action or which were prepared in contemplation of, or in response to, the instant litigation, or otherwise constitute or represent the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of Plaintiff concerning the litigation.

      8.      Plaintiff objects generally to each request to the extent and degree to which it calls for the production of documents that are already in Defendants' possession, custody or control.

      9.      Plaintiff objects generally to making production by copying documents for transmission to Defendants' counsel on the grounds that the documents requested are voluminous and that it would be unduly burdensome and expensive to produce them in that manner. Subject to the foregoing reservations and qualifications and subject further to the following general and specific objections, Plaintiff will produce documents and things, which are in its possession, custody or control and which, based upon a review of its files, are determined to be responsive to these requests by furnishing copies thereof to Counsel for the Defendants at the expense of Defendants at Plaintiff's cost for having such copies made by a copying service. .

## SPECIFIC RESPONSES AND OBJECTIONS

The foregoing General Objections are hereby made a part of and incorporated by this reference in each and every specific response hereinafter made to the respective numbered paragraphs of Defendants' Request for Production of Documents. Subject to such General Objections, Plaintiff responds to the respective numbered paragraphs of the Request as follows:

## REQUESTS

Request No. 1

The Plaintiff's complete file and any and all other documents concerning the Contract.

Response No. 1.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 2

All financial records and statements concerning the Contract including, but not limited to:

- a) records and statement so funds generated by Contract mailings;
- b) records and statements of funds received by the Plaintiff for performing under the Contract;
- c) records and statements of the Plaintiff's out-of-pocket expenses incurred under the Contract;
- d) records and statements of payments made by the Shriners to Plaintiff to reimburse Plaintiff for their out-of-pocket expenses;
- e) records and statements of funds paid to the Shriners; and
- f) records and statements of postage paid for mailings on behalf of the Shriners.

Response No. 2.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 3

All settlement agreements concerning the underlying action.

Response No. 3.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 4

All documents, letters, memoranda, emails and other communications concerning the settlement of the underlying action.

Response No. 4.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 5

All drafts of the Contract.

Response No. 5.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 6

All checks, wire transfer statements, or other evidence of payment that represent payments to resolve claims in the underlying action.

Response No. 6.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 7

All contracts that were the subject of the claims in the underlying action.

Response No. 7.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 8

Sample copies of each mailing the Plaintiff sent on behalf of the Shriners under the Contract.

Response No. 8.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 9

All registration statements filed by the Plaintiff in any jurisdiction concerning the amounts of money collected by Vantage under the Contract.

Response No. 9.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 10

All registration statements filed by the Plaintiff in any jurisdiction concerning the net amount of proceeds received by the Shriners as a result of the Contract.

Response No. 10.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 11

All pleadings, motions, affidavits, discovery responses and other documents the Plaintiff filed or served in the underlying action.

Response No. 11.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections. This Request is further objected to on the grounds that state and federal tax returns are privilege and exempt from discovery.

Request No. 12

Al documents referred to, reviewed or relied on in responding to Defendants' First Set of Interrogatories to the Plaintiff.

Response No. 12.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 13

The Plaintiff's federal income tax returns for the five (5) years starting with 1998 and concluding with 2002, including all schedules and attachments thereto.

Response No. 13.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 14

All documents concerning any penalty or fine that the Plaintiff has paid in the last fifteen (15) years as a result of an alleged violation of any rule, regulation or statute concerning non-profit mailings.

Response No. 14.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 15

All documents concerning any damages the Plaintiff alleges it has suffered as a result of the allegations set forth in the Complaint, including, but not limited to, all documents concerning the damages computation set forth in Interrogatory Answer No. 22.

Response No. 15.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 16

All Form 3602 mailing statements or equivalent statements completed concerning solicitation mailings on behalf of the Shriners.

Response No. 16.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 17

All documents produced to the United States in the underlying action concerning the claims related to the Shriners.

Response No. 17.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 18

All contracts, memoranda, letters, or other documents concerning any payments, goods or services that the Plaintiff provided to the Shriners at any time, including, but not limited to, charitable contributions to the Shriners by the Plaintiff or any charitable foundation in any way affiliated with or related to the Plaintiff.

Response No. 18.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 19

All documents concerning financing and/or structure of the settlement agreement referred to in Paragraph 25 of the Complaint.

Response No. 19.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 20

All mail schedules that the Plaintiff prepared for the Shriners.

Response No. 20.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 21

All budgets the Plaintiff prepared and submitted to the Shriners concerning mailings made pursuant to the Contract.

Response No. 21.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 22

All invoices concerning goods or services, including but not limited to paper, printing, cover letters, couriers, envelopes, reply envelopes, lettershop, address mail labels, back-end data processing, and front-end premiums in connection with the mailings made pursuant to the Contract.

Response No. 22.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 23

All checks the Plaintiff used to pay the invoices requested in Request No. 22.

Response No. 23.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 24

All checks used to pay postage for any mailings made pursuant to the Contract.

Response No. 24.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 25

All documents concerning the amounts of contributions made in response to the Plaintiff's mailings.

Response No. 25.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 26

All documents concerning the number of donors who made contributions in response to the Plaintiff's mailings.

Response No. 26.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 27

All documents concerning the Plaintiff's rental or exchange of the Shriners' mailing list.

Response No. 27.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 28

All of the Plaintiff's corporate financial statements for the five years starting with 1998 and concluding with 2002, including but not limited to annual reports, audits and shareholder reports.

Response No. 28.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 29

Any minutes of company meetings concerning the Plaintiff created from January 1, 1999 to the present.

Response No. 29.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 30

All summaries of damages concerning the underlying action that were provided to you by any United States Government agency, including, but not limited to, the Department of Justice and the Postal Inspection Service.

Response No. 30.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 31

All summaries created by the Plaintiff concerning the fundraising programs that were the subject of claims in the underlying litigation, including, but not limited to, summaries entitled "Vantage Program Contract Summaries" and "Vantage Contract Summary Combined".

Response No. 31.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 32

All Response Analysis Reports that the Plaintiff created concerning the Contract.

Response No. 32.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 33

All documents concerning any agreements to provide fundraising consulting and management services, or similar services, between the Plaintiff and the United States Navy Memorial Foundation, including, but not limited to, any drafts of such agreement, regardless of whether the Plaintiff ultimately entered into such agreement with the U.S. Navy Memorial Foundation.

Response No. 33.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 34

All documents concerning any agreements to provide fundraising consulting and management services, or similar services, between the Plaintiff and the Order of the Sons of Italy in America Foundation, including, but not limited to, any drafts of such agreement, regardless of whether the Plaintiff ultimately entered into such agreement with the Order of the Sons of Italy in America Foundation.

Response No. 34.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 35

All documents concerning all back accounts maintained by the Plaintiff, including, but not limited to, any related entities as specified in definition no. 4 above, for the period January 1, 1999 through the present.

Response No. 35.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 36

All documents concerning any and all document retention policies, practices or procedures employed by the Plaintiff at any time during the last ten years.

Response No. 36.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 37

All documents concerning all press releases, statements to the media and/or statements to the general public made by or on behalf of the Plaintiff, including, but not limited to, all such statements by or attributed to Harry Melikian, concerning the merits of the underlying action, the Plaintiff's defenses thereto, and the settlement and/or resolution of the underlying action.

Response No. 37.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

Request No. 38

All documents concerning mailing lists rented or exchanged for any of the mailings made under the contract.

Response No. 38.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 39

Plaintiff's list rental and exchange registry.

Response No. 39.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 40

All documents concerning payments Plaintiff made to Defendants for services Defendants rendered in relation to the Contract.

Response No. 40.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

                                                  **VANTAGE FINANCIAL SERVICES, INC.**

                                                  By its Attorneys,

                                                  */s/ Neal Bingham*
                                                  Laurence M. Johnson (BBO #252720)
                                                  Neal J. Bingham (BBO #652029)
                                                  Davis, Malm & D'Agostine
                                                  One Boston Place
                                                  Boston, MA 02108
                                                  (617) 367-2500

Dated: March 7, 2005

354465v.1