**EXHIBIT "J"**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VANTAGE FINANCIAL SERVICES, INC.
Plaintiff,

v.

NONPROFIT SERVICE GROUP AND
GEORGE E. MILLER,
Defendants.

C.A. No. 04-11686-WGY

## PLAINTIFF'S RESPONSES TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

The plaintiff, Vantage Financial Services, Inc. ("Plaintiff"), hereby responds and objects to the Second Request for Production of Documents pursuant to Fed. R. Civ. P. 34 served by Defendants, Nonprofit Service Group, Inc. ("NSG") and George E. Miller ("Miller") (collectively, "Defendants"), as follows:

### GENERAL OBJECTIONS

1.  Plaintiff objects generally to producing any documents in response to the requests for production at the offices of Defendants' attorneys on the grounds that such documents are voluminous and that such production would be unduly burdensome. Accordingly, such documents will be produced at the offices of Plaintiff's attorneys at a mutually convenient time to be agreed upon by counsel for the parties.

2.  Plaintiff objects generally to the requests for production in each and every instance in which they request information protected by the attorney-client privilege, work product doctrine or which is otherwise protected from discovery.

3.  Plaintiff objects generally to the requests for production in each and every instance in which they are overly broad, seek documents that are irrelevant to any claim or defense asserted by any party and are not reasonably calculated to lead to the discovery of admissible evidence and are thus beyond the permissible scope of discovery as provided by Fed. R. Civ. P. 26 or production or which pursuant thereto would be an annoyance, embarrassing, oppressive, or unduly burdensome or expensive. Where some but not all of the documents responsive to a request are objected to on these grounds, Plaintiff will produce only those documents that are not subject to this objection.

4.  Where a response to any request for production may be identified, derived or ascertained only from a detailed examination, audit or inspection of such records, including a compilation, abstract or summary thereof, and the burden of identifying, deriving or ascertaining the responsiveness of each document or thing is substantially the same for all parties, Plaintiff

reserves the right to produce generally the documents and to afford the requesting party reasonable opportunity to examine, audit or inspect such records, and to make copies, compilations, abstracts or summaries thereof at the requester's expense.

      5.      Plaintiff objects generally to each request to the extent and degree to which it calls for the production of documents or things not within the custody or subject to the control of Plaintiff.

      6.      Plaintiff objects generally to each request that identifies a document by use of the terms "concerning," "relating to" or "referring to" on the grounds that such terms fail to describe the document or thing requested to be produced with reasonable particularity required as by Rule 34(b).

      7.      Plaintiff objects generally to each request which fails or neglects to specify a relevant time period to which it pertains on the grounds that such request is overbroad, unduly burdensome and insufficient to satisfy the requirements that the documents be specified with reasonable particularity in conformity with Rule 34(b). Plaintiff further objects to any request to the extent that it calls for the production of documents which post-date the filing of the Complaint in this action or which were prepared in contemplation of, or in response to, the instant litigation, or otherwise constitute or represent the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of Plaintiff concerning the litigation.

      8.      Plaintiff objects generally to each request to the extent and degree to which it calls for the production of documents that are already in Defendants' possession, custody or control.

      9.      Plaintiff objects generally to making production by copying documents for transmission to Defendants' counsel on the grounds that the documents requested are voluminous and that it would be unduly burdensome and expensive to produce them in that manner. Subject to the foregoing reservations and qualifications and subject further to the following general and specific objections, Plaintiff will produce documents and things, which are in its possession, custody or control and which, based upon a review of its files, are determined to be responsive to these requests by furnishing copies thereof to Counsel for the Defendants at the expense of Defendants at Plaintiff's cost for having such copies made by a copying service. .

### SPECIFIC RESPONSES AND OBJECTIONS

The foregoing General Objections are hereby made a part of and incorporated by this reference in each and every specific response hereinafter made to the respective numbered paragraphs of Defendants' Request for Production of Documents. Subject to such General Objections, Plaintiff responds to the respective numbered paragraphs of the Request as follows:

### REQUESTS

<u>Request No. 1</u>

All bills for legal services received the plaintiff concerning the underlying action, including, but

not limited to, bills for legal services rendered by Laurence Johnson, Morris Goldings, Brian LeClair, Seth Perlman, Davis, Malm & D'Agostine and Perlman & Perlman.

Response No. 1.

This Request is objected to in its entirety on the grounds asserted in the foregoing General Objections.

Request No. 2

All documents concerning all defense costs referred to in Paragraph (C)(2) of Plaintiff's Initial Disclosures.

Response No. 2.

Subject to, and as limited by, the foregoing General Objections, Plaintiff will produce documents responsive to this Request.

 

VANTAGE FINANCIAL SERVICES, INC.

By its Attorneys,

_____
Laurence M. Johnson (BBO #252720)
Neal J. Bingham (BBO #652029)
Davis, Malm & D'Agostine
One Boston Place
Boston, MA 02108
(617) 367-2500

Dated: March 7, 2005