**EXHIBIT "A"**

Case 1:04-cv-11686-WGY  Document 19-20  Filed 03/25/2005  Page 1 of 5

## Matthew J. Griffin

**From:** Laurence M. Johnson [LJohnson@DavisMalm.com]
**Sent:** Friday, November 05, 2004 4:20 PM
**To:** Richard L. Nahigian
**Subject:** Vantage - NSG and Miller

Rick:  Further to our conversation the other day, I propose the following by way of case management proposal to Judge Young:
1.  Completion of fact discovery by 4/30/05 2.  Each party serves initial expert report/disclosure by 5/31/05 3.  Each party serves rebuttal to opponant's expert report/disclosure by 6/30/05 4.  Serve any motions for whole or partial summary judgment by 7/30/05 5.  Oppositions fo summary judgment motions by 8/15/05 6.  Completion of any discovery with respect to expert testimony by 9/30/05 7.  Trial at earliest convenience of Court thereafter.

As we discussed, my reason for believing this schedule fair with respect to expert discovery is that each party has ample means to elicit the factual basis and legal theories underlying its opponent's contentions regarding both liability and damages during fact discovery, so that there should be no impediment to either party preparing its own initial expert testimony on that basis.

If the foregoing is satisfactory, let me know and I will send you a formal joint proposed case management order on Monday for your signature.  Best regards,  Larry Johnson

LMJ

This e-mail may contain confidential or privileged material and is intended for use solely by the above referenced recipient.
 Any review, copying, printing, disclosure, distribution, or other use by any other person or entity is strictly prohibited.
If you are not the named recipient, or believe you have received this e-mail in error, please immediately notify Davis, Malm & D'Agostine, P.C. at (617) 367-2500 and delete the copy you received.  Thank you.

This notice was automatically generated by MailEssentials and is attached to all outgoing messages.

**EXHIBIT "B"**

**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

RICHARD L. NAHIGIAN
[617] 951.2005
rnahigian@peabodyarnold.com

February 24, 2005

**Via Facsimile [617 523-6215] and Regular Mail**

Laurence M. Johnson, Esq.
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108

    Re:    <u>Vantage Financial Services Inc. v. Nonprofit Service Group and George E. Miller</u>
             Civil Action No. 04-11686-WGY

Dear Mr. Johnson:

    Enclosed, at your request, are additional copies of the document requests and interrogatories that we served on you in this matter on December 3, 2004. I am also enclosing a copy of the second request for production that we served on February 1, 2005. As we discussed today, you have apparently mislaid your copies of one or more of these discovery requests, which remain outstanding despite the fact that they were served almost three months ago.

    As you know, we have also noticed the depositions of Larry Lyon, Harry Melikian and the Rule 30(b)(6) designee(s) of Vantage Financial Services Inc. None of these depositions went forward as scheduled, and were postponed at your request. Although you have assured me on more than one occasion that you would propose new dates for these depositions, you have yet to do so.

    Most recently, on February 14, 2005, I contacted you to discuss the Rule 30(b)(6) deposition of Vantage Financial Services, Inc., which was scheduled to occur on February 17, 2005. At that time, you told me that you were unavailable for a deposition on February 17th because you had recently sustained a compression fracture of your spine and you were beginning a bench trial on February 15, 2005. Although you indicated that you would contact me on February 16, 2005 to discuss scheduling the deposition and other discovery-related matters, you did not contact me. Instead, having not heard from you, I contacted you in the late afternoon of February 16, 2005. At that time, you told me that your client had not yet designated a Rule 30(b)(6) witness, and that you would contact me early the following week to discuss the Rule 30(b)(6) deposition. During our telephone call on February 16th, you also indicated that your client would be responding to the outstanding written discovery requests.

    Following our February 16th call, I heard nothing from you until I contacted you today, whereupon you advised that a Rule 30(b)(6) witness had yet to be designated, and you had

**PEABODY & ARNOLD** LLP
Laurence Johnson, Esq.
February 24, 2005
Page 2

mislaid the written discovery requests. When I raised the need to settle on dates for the already-noticed depositions, you stated that you would contact me early next week to discuss the depositions. I assume that your client will have responded to the document requests and interrogatories by that time as well. While we would prefer to avoid filing motions to compel, we will not hesitate to do so if it becomes necessary. With fact discovery scheduled to be completed on April 30, 2005 in this case, we cannot afford to wait much longer before seeking the assistance of the court.

      Thank you.

                                       Sincerely,

                                       Richard L. Nahigian

RLN/jh
Enclosures

:608804_1