UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Vantage Financial Services, Inc.<br>　　　　　Plaintiff<br><br>v.<br><br>Nonprofit Service Group Inc. and George E. Miller<br>　　　　　Defendants | CIVIL ACTION NO. 04-11686WGY |

**DEFENDANTS' MOTION FOR NINETY (90) DAY EXTENSION
OF SCHEDULING ORDER DEADLINES**

Pursuant to Fed. R. Civ. P. 16, Defendants George E. Miller and Nonprofit Service Group, Inc. request a ninety (90) day extension of all scheduling order deadlines. Good cause exists for an extension of the current scheduling order in light of the fact that Defendants have been unnecessarily delayed in completing discovery from Plaintiff Vantage Financial Services, Inc. despite diligent efforts and this Court's previous order compelling Plaintiff to respond to Defendants' document requests. Defendants have been impeded in their attempts to obtain basic information via interrogatories and document requests and have had difficulty deposing key witnesses. Although Defendants could have filed a further motion to compel, they choose instead to request an extension of the current scheduling order deadlines by ninety (90) days in order to account for Plaintiff's difficulty in providing the discovery ordered by the Court on a timely basis. An extension of time is necessary to alleviate the prejudice that has resulted to Defendants from Plaintiff's inability to fulfill its discovery obligations in a timely manner and to allow Defendants sufficient time to prepare their defense of this case.

A proposed revised scheduling order is attached hereto as Exhibit "A".

## I. FACTUAL BACKGROUND

As detailed in previous filings, the Defendants in this case are an attorney and corporation who specialize in providing services to nonprofit organizations and their fundraisers. Defendants, who have no available insurance coverage for the claims being asserted in this lawsuit, have spent the last seven months using their best efforts to obtain basic discovery from Plaintiff. The relevant prior history of the Defendants' discovery efforts was set forth in Defendant's motion to compel discovery from Plaintiff, which was filed on March 25, 2005, and the supporting memorandum and affidavits filed in support thereof. By order entered April 27, 2005, the Court granted Defendants motion to dismiss and ordered Plaintiff to produce the ordered discovery within 30 days of the order. Plaintiff did not fully comply with that order. Defendants tried to facilitate Plaintiff's compliance with the order by means of written communications designed to prioritize Defendants' various discovery requests. (See Letters dated May 3, 9 and 13, collectively attached to the Affidavit of Matthew J. Griffin (Griffin Aff.") as Exhibit "A"). The communications, did not have their intended effect on Plaintiff. Instead, it waited until the thirtieth day (May 27, 2005) to begin producing the documents that the Court ordered Plaintiff to produce in the Court's April 27th order. Plaintiff's production on May 27th was incomplete. Even now, some two months after the Court's April 27th discovery order, Plaintiff is still in the process of complying with the Court's directives. Defendants have only recently received basic information necessary to the defense of this case.

In a further effort to facilitate Plaintiff's, by then belated, compliance with the Court's order, counsel for the Defendants sent a June 3, 2005 letter to Plaintiff's counsel detailing the specific areas of discovery that Plaintiff had yet to provide. (See letter dated June 3, 2005 from Matthew J. Griffin to Laurence M. Johnson, attached to the "Griffin Aff." as Exhibit "B"). The

categories of information requested in defense counsel's June 3rd letter referred to information that Plaintiff had either been ordered to produce or had agreed to produce, but had failed to provide to Defendants as of that date.

Moreover, on June 22, 2005, Plaintiff's counsel responded to defense counsel's June 3rd letter by essentially acknowledging and confirming that numerous documents had not been produced in compliance with the Court's order on Defendants motion to compel. (June 22, 2005 letter from Neil J. Bingham to Matthew Griffin, attached to Griffin Aff. as Exhibit "C"). In the interim, the deposition of Vantage's 30(b)(6) witness, Harry Melikian, was conducted on June 17, 2005, without the benefit of having a complete production of documents. A supplemental production of documents was not received until the afternoon of July 12, 2005, the day on which Defendants were scheduled to take the deposition testimony of a key company witness, Lawrence Lyon, whose deposition Defendants had originally noticed months ago. (Griffin Aff. at ¶5). [1] Plaintiff's supplemental production contains basic documentation, including financial data, which should have been made available long before the depositions of Mr. Melikian and Mr. Lyon and more than just two weeks before the deadlines for the filing of summary judgment motions and submission of expert reports. The current scheduling order deadlines deny defendants the opportunity to meaningfully make use of this recently received discovery.

Although discovery in this case was originally scheduled to conclude on April 30, 2005, Defendants are still trying to obtain essential discovery in the face of looming deadlines for the

---

[1] Plaintiff had recently agreed to produce the requested witness for deposition on July 12, 2005 in exchange for Defendant's George Miller's agreement to submit to more than seven hours of deposition. On the morning of July 12, 2005, counsel for Defendants was contacted by Plaintiff's counsel and was informed that the requested witness, Mr. Lyon, would not be appearing for the deposition due to a family medical emergency. See Affidavit of Richard L. Nahigian at ¶3. Defendants are awaiting alternate dates for this deposition.

filing of expert reports and summary judgment motions.[2] In light of the fact that Plaintiff indicated its intent to comply, albeit belatedly, with this Court's order and their other discovery obligations, Defendants refrained from filing a further motion to compel, or a motion to dismiss. Instead, Defendants request a necessary extension of all scheduling order deadlines in order to allow them sufficient time not only to obtain the remaining discovery, but also to meaningfully employ it in the defense of this case.[3] Defendants should not be penalized by the current scheduling order as a result of Plaintiff's demonstrated inability to comply with the time constraint imposed by the Court's April 27th discovery order.

## II. ARGUMENT

**Good Cause Exists for a 90 Day Extension of the Current Scheduling Order Deadlines**

A showing of good cause requires "the party seeking relief to show that deadlines cannot be reasonably met despite the diligence of the party needing the extension." C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §1522.1 at 231 (2nd ed. 1990) citing Advisory Committee note to 1983 amendments to Fed. R. Civ. P. 16; see Anderson v. City of Dallas, 210 F.R.D. 579, 581 (W.D. Tex. 2002)(citing C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §1522.1 at 231 (2nd ed. 1990); Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439 (W.D.N.Y 1997) (same). Despite its diligent efforts to obtain discovery from Plaintiff, Defendants are still receiving the basic discovery necessary to proceed with the defense of this case. Defendants' efforts in this regard included the filing of the March 25, 2005 motion to

---

[2] By court-approved stipulation, the current deadline for serving expert reports is August 1, 2005 with rebuttal reports due August 15, 2005. The current deadline for completing depositions and filing summary judgment motions is July 30, 2005.

[3] Plaintiff has indicated its general willingness to assent to an extension of the scheduling order deadlines but Defendants believe it is necessary to file this motion in its current form to establish that the requested extension is justified.

compel which was allowed by the Court. Defendants now seek to redress the negative impact of Plaintiff's failure to comply with the Court's order by obtaining additional time to receive, review and employ the requested discovery.

An opposing party's failure to provide discovery provides the necessary cause for an extension of the current scheduling order deadlines. See <u>Stewart v. Coyne Textile Services</u>, 212 F.R.D. 494 (S.D.W.Va. 2003) (extending scheduling order deadline where defendants failed to provide timely discovery responses despite plaintiff' diligence); <u>Simpson v. Home Depot, Inc.</u>, 203 F.R.D. 643 (D. Kan.2001)(allowing extension of scheduling order deadline where defendant failed to respond to discovery even in face of court order on plaintiff' motion to compel). Despite the measures taken by Defendants, and the Court's explicit discovery order, Plaintiff's discovery responses have not been completed as promised and as ordered. As a result, Defendants cannot reasonably meet the upcoming scheduling order deadlines, including the deadline for serving expert reports and for filing motions for summary judgment. Plaintiff should not be allowed to "benefit by their discovery violations" by putting Defendants in the position of being unable to reasonably meet these deadlines. <u>Stewart</u>, 212 F.R.D. at 497. Defendants request that the Court extend the schedule to allow Defendants to complete discovery and have sufficient time to mount their defense. Defendants have already lost the opportunity to confront Plaintiff's 30(b)(6) witness with the documents contained in the supplemental production, and they should not be caused to suffer any further detriment as a result of Plaintiff's delayed production.

## II. CONCLUSION

For the above-stated reasons, the current scheduling order deadlines should be extended 90 days.

Respectfully submitted,
Nonprofit Service Group, Inc. and
George E. Miller,
By their attorneys,

_____
Richard L. Nahigian
BBO No. 549096
Matthew J. Griffin
BBO No. 641720
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100


George E. Miller, Individually
X _____
Nonprofit Service Group, Inc.
By:
X _____
George E. Miller, President


## LOCAL RULE 7.1 CERTIFICATION

The undersigned hereby certifies that counsel have conferred in good faith concerning the issues presented by this motion.

_____
Matthew J. Griffin

6

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| Vantage Financial Services, Inc. | |
|---|---|
| Plaintiff | |
| v. | CIVIL ACTION NO. 04-11686WGY |
| Nonprofit Service Group Inc. and George E. Miller | |
| Defendants | |

## SCHEDULING ORDER

| Item | Completion Date |
|---|---|
| 1. Completion of Depositions | 10/30/05 |
| 2. All Motion Papers For Summary Judgment Served | 10/30/05 |
| 2. Each Parties Initial Expert Report Served | 11/01/05 |
| 4. Each Parties Rebuttal Expert Report Served | 11/15/05 |
| 5. All Opposition Papers to Summary Judgment | 11/15/05 |
| 6. Replies to Summary Judgment Oppositions | 12/30/05 |
| 7. Final Pre-Trial Conference | -on or after January 3, 2006 |
| 8. Trial | -on or after 2/07/06 |

William G. Young
U.S. District Judge

Dated: _____, 2005