# EXHIBIT A

**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

MATTHEW J. GRIFFIN
[617] 951.2009
mjgriffin@peabodyarnold.com

May 3, 2005

Laurence M. Johnson, Esq.
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108

      Re:    <u>Vantage Financial Services Inc. v. Nonprofit Service Group and George E. Miller</u>
               Civil Action No. 04-11686-WGY

Dear Larry:

In follow up to Judge Young's order on defendants' motion to compel, I would like to confirm that your client will be producing the following categories of documents in their next wave of production:

1. **Financial Records**

Defendants' First Request for Production of Documents sought the production of all financial information relating to the Shriners fund raising contract. Judge Young has ordered the production of this material. Among other items, defendants are interested in reviewing Vantage's "handicap reports" for the Shriners mailing programs, all mailing lists used for the Shriners program, and any other documentation relating to contributions or costs under the Shriners program.

2. **Deposition Transcripts from the Underlying Litigation:**

As you indicated to Rick Nahigian, you will make these transcripts available for our review. This includes, among others, the depositions of Harry Melikian, Lawrence Lyon, Henry Lewis, Jay Gelb, Dallas Graves and Mary Lou Newman.

3. **Minutes of Company Meetings:**

As indicated in Judge Young's order, Vantage is to produce redacted minutes of company meetings.

4. **Legal Bills and Other Documentation of Defense Costs:**

As discussed in defendants' motion to compel, these documents are necessary to substantiate Vantage's claims for defense costs expended in the underlying action.

I would appreciate it if the above-described documents could be given priority in any upcoming production by Vantage. Defendants anticipate that the production of these materials will aide the parties in scheduling and conducting depositions in the most efficient manner possible. Obviously, the above list is not an exhaustive listing of the materials that Vantage has either been ordered to or has agreed to produce to defendants. Defendants expect that additional responsive materials will be produced by the end of the month.

As indicated in Vantage's submissions in opposition to defendants' motion to compel, defendants are also under the impression that Vantage will be providing supplemental answers to defendants' interrogatories. Please let me know if this assumption is incorrect so that defendants can specify which interrogatory answers they believe require supplementation in light of Judge Young's order on the motion to compel and the parties further discussions.

Thank you for your attention to this matter.

Very truly yours,

Matthew J. Griffin

MJG/ces
613837_1

**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

RICHARD L. NAHIGIAN
[617] 951.2005
rnahigian@peabodyarnold.com

May 9, 2005

Laurence M. Johnson, Esq.
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108

Re: <u>Vantage Financial Services Inc. v. Nonprofit Service Group and George E. Miller</u>
Civil Action No. 04-11686-WGY

Dear Mr. Johnson:

I am writing to follow up on recent correspondence to you from Matt Griffin and me. We would like to reach agreement on dates for the depositions of Mr. Melikian and your client's Rule 30(b)(6) designee. Additionally, we would like Mr. Lyon's new address so that we can contact him for the purpose of scheduling a deposition. Also, as you know, under Judge Young's order, your client is obligated to produce a number of documents, some of which were specifically identified in Matt Griffin's recent letter to you, and others of which were identified in the motion papers, as modified in Judge Young's order.

Thank you.

Sincerely,

Richard L. Nahigian

RLN/jh

614388_1

**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100   FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

RICHARD L. NAHIGIAN
[617] 951.2005
rnahigian@peabodyarnold.com

May 13, 2005

**Via Facsimile and First Class Mail**
Laurence M. Johnson, Esq.
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108

Re:   <u>Vantage Financial Services Inc. v. Nonprofit Service Group and George E. Miller</u>
Civil Action No. 04-11686-WGY

Dear Mr. Johnson:

I received your May 11, 2005 letter. I am enclosing copies of Matt Griffin's May 3, 2005 letter and my May 3 and May 9, 2005 letters. As indicated in my May 9th letter, we are seeking production of all materials that Judge Young ordered plaintiff to produce. These materials are identified in defendants' Memorandum in Support of their Motion to Compel. The purpose of Mr. Griffin's letter was simply to request priority with respect to certain items. As indicated in his letter, the list was not intended to be exhaustive.

The specific categories of documents that were covered by Judge Young's Order are specified in pages 11 through 13 and 15, 17 and 18 of defendants' memorandum in support of its motion to compel. We anticipate that all of these documents will be produced subject to the limitations imposed by Judge Young's Order. To the extent that plaintiff has yet to produce certain documents that it agreed to produce in its original responses to the document requests, we expect those materials to be produced as well.

With respect to the corporate minutes, as I mentioned during our telephone conversation following Judge Young's order on the Motion to Compel, we are agreeable to production of the minutes subject to the limitations you proposed in your second affidavit in opposition to the Motion to Compel, as well as in your May 11th letter. This is also consistent with the proposal contained in defendant's memorandum in support of their motion to compel. I have no reservations about your office's involvement in the redaction effort.

Finally, I mentioned in my May 3rd letter that we would like to make Mr. Miller available in Boston for deposition in June. Before agreeing on a date, however, I would like to schedule your client's depositions, as those depositions were noticed several months ago.

**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

MATTHEW J. GRIFFIN
[617] 951.2009
mjgriffin@peabodyarnold.com

May 3, 2005

Laurence M. Johnson, Esq.
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108

Re: Vantage Financial Services Inc. v. Nonprofit Service Group and George E. Miller
Civil Action No. 04-11686-WGY

Dear Larry:

In follow up to Judge Young's order on defendants' motion to compel, I would like to confirm that your client will be producing the following categories of documents in their next wave of production:

1. **Financial Records**

Defendants' First Request for Production of Documents sought the production of all financial information relating to the Shriners fund raising contract. Judge Young has ordered the production of this material. Among other items, defendants are interested in reviewing Vantage's "handicap reports" for the Shriners mailing programs, all mailing lists used for the Shriners program, and any other documentation relating to contributions or costs under the Shriners program.

2. **Deposition Transcripts from the Underlying Litigation:**

As you indicated to Rick Nahigian, you will make these transcripts available for our review. This includes, among others, the depositions of Harry Melikian, Lawrence Lyon, Henry Lewis, Jay Gelb, Dallas Graves and Mary Lou Newman.

3. **Minutes of Company Meetings:**

As indicated in Judge Young's order, Vantage is to produce redacted minutes of company meetings.

4. **Legal Bills and Other Documentation of Defense Costs:**

As discussed in defendants' motion to compel, these documents are necessary to substantiate Vantage's claims for defense costs expended in the underlying action.

**PEABODY & ARNOLD** LLP
Laurence Johnson, Esq.
May 3, 2005
Page 2

I would appreciate it if the above-described documents could be given priority in any upcoming production by Vantage. Defendants anticipate that the production of these materials will aide the parties in scheduling and conducting depositions in the most efficient manner possible. Obviously, the above list is not an exhaustive listing of the materials that Vantage has either been ordered to or has agreed to produce to defendants. Defendants expect that additional responsive materials will be produced by the end of the month.

    As indicated in Vantage's submissions in opposition to defendants' motion to compel, defendants are also under the impression that Vantage will be providing supplemental answers to defendants' interrogatories. Please let me know if this assumption is incorrect so that defendants can specify which interrogatory answers they believe require supplementation in light of Judge Young's order on the motion to compel and the parties further discussions.

    Thank you for your attention to this matter.

Very truly yours,

Matthew J. Griffin

MJG/ces
613837_1

**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

RICHARD L. NAHIGIAN
[617] 951.2005
rnahigian@peabodyarnold.com

May 3, 2005

Laurence M. Johnson, Esq.
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108

Re:  <u>Vantage Financial Services Inc. v. Nonprofit Service Group and George E. Miller</u>
     Civil Action No. 04-11686-WGY

Dear Mr. Johnson:

Thank you for responding to defendants' Request for Admissions. I take it that plaintiff's response to Request to Admit No. 1 means that plaintiff will not contend that defendants must calculate and rely on "net profit" figures in connection with defendants' contention that plaintiff's net proceeds or profit from the Shriners fundraising program exceeded plaintiff's claimed expenses associated with litigating and settling the underlying qui tam action.

With respect to ongoing discovery, Mr. Griffin will address some of the written discovery issues in a separate letter. As far as depositions are concerned, Mr. Miller has agreed to come to Boston at his own expense for a deposition to be scheduled preferably in June. In the meantime, I would like to confirm firm dates for Mr. Melikian's deposition and the Rule 30(b)(6) deposition of the plaintiff. To the extent that your client maintains lines of communications to Mr. Lyon, please let me know whether you are in a position to facilitate the scheduling of his deposition as well. If not, please provide us with Mr. Lyon's new address and contact information, as it apparently differs from the information contained in plaintiff's initial disclosures.

Thank you.

Sincerely,

*Richard Nahigian /jh*

Richard L. Nahigian

RLN/jh

:613152_1

**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

RICHARD L. NAHIGIAN
[617] 951.2005
rnahigian@peabodyarnold.com

May 9, 2005

Laurence M. Johnson, Esq.
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108

Re:  <u>Vantage Financial Services Inc. v. Nonprofit Service Group and George E. Miller</u>
     Civil Action No. 04-11686-WGY

Dear Mr. Johnson:

I am writing to follow up on recent correspondence to you from Matt Griffin and me. We would like to reach agreement on dates for the depositions of Mr. Melikian and your client's Rule 30(b)(6) designee. Additionally, we would like Mr. Lyon's new address so that we can contact him for the purpose of scheduling a deposition. Also, as you know, under Judge Young's order, your client is obligated to produce a number of documents, some of which were specifically identified in Matt Griffin's recent letter to you, and others of which were identified in the motion papers, as modified in Judge Young's order.

Thank you.

Sincerely,

Richard L. Nahigian

RLN/jh

614388_1

```
                        ********************
                        ***  TX REPORT   ***
                        ********************

         TRANSMISSION OK

         TX/RX NO              0605
         RECIPIENT ADDRESS     *11111#14794#90433#6175236215
         DESTINATION ID
         ST. TIME              05/13 14:35
         TIME USE              01'16
         PAGES SENT            7
         RESULT                OK
```



**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110-3342
[617] 951.2100 FAX [617] 951.2125

BOSTON, MA  PROVIDENCE, RI  PORTLAND, ME

# Facsimile

| FROM: RICHARD L. NAHIGIAN | | |
|---|---|---|
| DIRECT DIAL: [617] 951.2009 | | EMAIL: rnahigian@peabodyarnold.com |
| DATE: May 13, 2005 | NO. OF PAGES: 6 | CLIENT/MATTER: 14794-90433 |

Please deliver to:

| NAME | COMPANY | FAX NUMBER | VOICE NUMBER |
|---|---|---|---|
| Laurence M. Johnson, Esq. | Davis Malm & D'Agostine PC | 617 523-6215 | |

COMMENTS: