# EXHIBIT B

**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100 FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

MATTHEW J. GRIFFIN
[617] 951.2009
mjgriffin@peabodyarnold.com

June 3, 2005

**Via Facsimile [617-523-6215]**

Laurence Johnson, Esq.
Davis Malm & D'Agostine P.C.
One Boston Place
Boston, MA 02108

> Re:   Vantage Financial Services Inc. v. Nonprofit Service Group and George E. Miller
>        Civil Action No. 04-11686-WGY

Dear Larry:

In follow up to our review of the documents produced by Vantage to date, I would like to set forth and request the further production of materials which do not appear to have been included in Vantage's production. These documents include both materials covered by Judge Young's order on defendants' motion to compel as well as documents that Vantage had agreed to produce in its response to defendants' requests for production:

1.     As we discussed with Neil Bingham during our document review on June 1, 2005, materials contained in Box 21, consisting primarily of financial documents, were produced in redacted form. Mr. Bingham indicated that these redactions were made prior to Judge Young's order compelling the production of un-redacted financial information and that the un-redacted versions will be produced to defendants.

2.     We request the production of any other documents which have been withheld or redacted in contravention of Judge Young's order on defendants' motion to compel. If no such documents exist, please confirm so in writing.

3.     In the materials reviewed to date, there is correspondence with the United States Attorney's Office indicating that Vantage produced over 600 company emails during the underlying litigation. These emails are not contained in Vantage's document production in this litigation, although they are responsive to Request No. 17 of defendants' first request for production of documents. Please confirm whether these emails will be produced.

**PEABODY & ARNOLD** LLP
Laurence Johnson, Esq.
June 3, 2005
Page 2

4.      Likewise, Request No. 4 to defendants' first request for production of documents, seeks emails concerning the settlement of the underlying action. Please confirm whether these materials will be produced as they were not contained in the documents produced to date.

5.      Although we have requested all financial information concerning the Shriners contract, and Judge Young has ordered the production thereof, the production of financial information to date is incomplete. The plaintiff has not produced a complete set of financial statements, including quarterly financial statements, which, as Mr. Melikian has previously testified, contain financial information concerning the results of individual fundraising programs. Similarly, plaintiff's current production appears to include only one "cost query report." These reports contain some of the financial information sought by defendants' discovery. Please confirm that a complete set of financial statements and cost query reports will be produced.

6.      Although plaintiffs agreed to produce materials in response to Request No. 6 of defendants' first request for production of documents, the document production to date is devoid of any evidence of payments, wire transfers or checks evidencing settlement funds paid to the United States government to resolve the underlying action. There is no justifiable reason for withholding this evidence and any objection to producing it has been waived.

7.      Plaintiff's have been compelled to produce their income tax returns in response to Request No. 13 of the first request for production of documents, however, those materials were not contained in the documents produced to date. Please let us know when they will be produced.

8.      Although plaintiff's agreed in response to Request No. 19 of the first request for production of documents to produce documents concerning the financing and/or structure of the settlement of the underlying action, no such documents have been produced. Please provide us with these materials or confirm in writing that they do not exist.

9.      No bank account documents, as requested in Request No. 35 of the first request for production, have been produced. Judge Young has ordered the production of these materials. Please produce them forthwith.

10.      Plaintiffs have indicated in response to Request No. 36 of the first request for production that they will produce documents concerning document retention policies, practices

**PEABODY & ARNOLD** LLP
Laurence Johnson, Esq.
June 3, 2005
Page 3


or procedures employed by the plaintiff during the last ten years, however, these documents have not been produced. Please produce these or confirm in writing that they do not exist.


11.    Likewise, plaintiffs agreed to produce documents in response to Request No. 37 which seeks, among other things, press releases concerning the underlying action. No such documents have been produced.


12.    As ordered by Judge Young, please provide a privilege log of any materials being withheld from production.


13.    Lastly, to the extent that any of the materials that plaintiff has agreed to produce or has been ordered to produce are stored in the form of electronic data, defendants are entitled to inspect and copy such information.[1] In particular, defendants request the production of any electronic financial data concerning the Shriners fundraising program. To the extent that reports, including response analysis reports, handicap reports and cost query reports, can be generated from electronic data, defendants are entitled to such information under Judge Young's order.


Please consider this a request for a Local Rule 37.1 conference with respect to the above-listed discovery items. Although all of the above-described documents were supposed to have been produced within 30 days of Judge Young's order, the plaintiff has not complied with this deadline. The impending deposition of Harry Melikian on June 13, 2005 leaves defendants little room to wait any longer to receive documents that were originally requested on December 3, 2004. Please confirm that the above-listed documents will be produced prior to Mr. Melikian's deposition.

Also, please deliver to us the copies of documents we requested during our initial review. They appear to be sitting on the window ledge of the conference room we have been working in and have been there since at least May 27, 2005. Prior to Mr. Melikian's deposition, please also deliver the copies we requested from the productions we reviewed on May 27, 2005 and June 1, 2005. I note that the materials produced on June 1st were not available for our review on May 27th. It is extremely important that we receive all requested materials no later than the first part of next week.

---

[1] See Local Rule 26.5 "Uniform Definitions in Discovery Requests" incorporated by reference in defendants' first request for production of documents. Local Rule 26.5 adopts the definition of "document" as used in Fed. R. Civ. P. 34(a). Rule 34(a) defines documents to include "other data compilations from which information can be obtained."

**PEABODY & ARNOLD** LLP
Laurence Johnson, Esq.
June 3, 2005
Page 4


      I also write with respect to plaintiff's deficient interrogatory responses. Please consider this a request for a Local Rule 37.1 conference with respect to plaintiff's initial interrogatory responses, as well as the supplemental responses that we received on June 2, 2005. I note in passing that plaintiff's supplemental answer to Interrogatory No. 6(b) is non-responsive. We also have serious concerns concerning numerous other of plaintiff's interrogatory responses that we will address during the Local Rule 37.1 conference should plaintiffs choose to comply with this request.

      I look forward to your response.


                          Very truly yours,

                          Matthew J. Griffin

MJG/ces
PABOS2:MJGRIFF:616052_1
14794-90433

**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF BOSTON MA 02110-3342
[617] 951.2100 FAX [617] 951.2125

BOSTON, MA  PROVIDENCE, RI  PORTLAND, ME

# Facsimile

| FROM: MATTHEW J. GRIFFIN | |
|---|---|
| **DIRECT DIAL:** [617] 951.2009 | **EMAIL:** **mjgriffin**@peabodyarnold.com |
| **DATE: June 3 2005** | **NO. OF PAGES:  5** | **CLIENT/MATTER: 14794-90433** |

Please deliver to:

| NAME | COMPANY | FAX NUMBER | VOICE NUMBER |
|---|---|---|---|
| Laurence M. Johnson, Esq. | Davis Malm & D'Agostine PC | 617 523-6215 | |

**COMMENTS:**

**Confidentiality Note:** The documents accompanying this facsimile contain information from the law firm of Peabody & Arnold LLP, which may be confidential and/or privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying distribution or the taking of any action in reliance on the contents of this facsimile is strictly prohibited, and that the documents should be returned to this Firm immediately. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you. **IF YOU EXPERIENCE ANY PROBLEMS WITH THIS TRANSMISSION OR DO NOT RECEIVE ALL PAGES, PLEASE CALL 617.261.5042 or 617.261.7042**

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO                0854
RECIPIENT ADDRESS       11111#14794#90433#16175236215#
DESTINATION ID
ST. TIME                06/03 16:25
TIME USE                01'04
PAGES SENT                 5
RESULT                  OK
```



## PEABODY & ARNOLD LLP
### COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110-3342
[617] 951.2100 FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI   PORTLAND, ME

# Facsimile

| FROM: MATTHEW J. GRIFFIN | |
|---|---|
| DIRECT DIAL: [617] 951.2009 | EMAIL:<br>mjgriffin@peabodyarnold.com |

| DATE: June 3 2005 | NO. OF PAGES: 5 | CLIENT/MATTER: 14794-90433 |
|---|---|---|

Please deliver to:

| NAME | COMPANY | FAX NUMBER | VOICE NUMBER |
|---|---|---|---|
| Laurence M. Johnson, Esq. | Davis Malm & D'Agostine PC | 617 523-6215 | |

COMMENTS: