# EXHIBIT C

**DAVIS MALM &
D'AGOSTINE P.C.**
ATTORNEYS AT LAW

Neal J. Bingham

June 22, 2005

Matthew J. Griffin, Esquire
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

Re: Vantage Financial Services, Inc. v. Nonprofit Service Group and George E. Miller, U.S. District Court, Civil Action No.: 04-11686

Dear Mr. Griffin:

I write in response to your letter to Larry Johnson dated June 3, 2005 in which you request the further production of materials. I respond to each of the numbered paragraphs of your letter in kind as follows:

1.  The financial documents from Box 21, which were produced in redacted form, were redacted prior to the issuance of Judge Young's order. Plaintiff will produce un-redacted copies of those documents.

2.  All documents produced in redacted form will be produced in full unless otherwise privileged.

3.  Plaintiff has conducted a diligent search of emails responsive to Request No. 17. You refer specifically to 600 company emails produced to the government in the underlying litigation. If such emails were produced to the government, they were not segregated and separately maintained in Plaintiff's files. Plaintiff has nevertheless conducted a diligent search and produced the relevant emails in its files which are not otherwise privileged.

4.  Plaintiff has conducted a diligent search of its records for emails responsive to Request No. 4 and has produced emails identified which are not otherwise privileged.

C. Michael Malm
William F. Griffin, Jr.
John G. Serino
Gary S. Matsko
John T. Lynch
Carol R. Cohen
Howard P. Speicher
Paul L. Feldman
Gary M. Feldman
George A. Hewett
Laurence M. Johnson
Kenneth J. Mickiewicz
Thomas S. Fitzpatrick
J. Gavin Cockfield
David Rapaport
Whitton E. Norris, III
Andrew D. Myers
Robert J. Galvin
John D. Chambliss
Thomas Frisardi
Marjorie Suisman
Samuel B. Moskowitz
Charles H. DeBevoise
Kenneth R. Appleby
Robert J. Diettrich
Amy L. Fracassini
Ann M. Sobolewski
Alice A. Kokodis
Kathryn C. Soderberg
Joshua S. Grossman
Neal J. Bingham
David M. Cogliano
Seth A. Schwartz
Lori A. Jodoin
Sophie C. Migliazzo

Harold R. Davis,
of Counsel

Julian J. D'Agostine
of Counsel

*direct* 617-589-3889 *direct fax* 617-305-3189
*email* nbingham@davismalm.com

ONE BOSTON PLACE • BOSTON • MA • 02108
617·367·2500 • *fax* 617·523·6215
w w w . d a v i s m a l m . c o m

Matthew J. Griffin, Esquire
June 22, 2005
Page 2



5.    Plaintiff will produce its annual financial statements for the years requested. On information and belief, Vantage did not consistently prepare monthly or quarterly financial statements and when such statements were periodically prepared, they were incorporated into the relevant annual financial statements and typically discarded. To the extent that such monthly or quarterly financial statements were prepared and remain in the possession of Vantage, they will be produced. With respect to "cost query reports," Vantage does not prepare any documents titled or known as "cost query reports" in the ordinary course of business. During the deposition of Harry Melikian, a spreadsheet with a column titled "cost query" was entered as an exhibit. Vantage has conducted a diligent review of its records to identify any other such spreadsheets or any other documents that refer to a "cost query," but to date have found none. Vantage will continue its search and reserves the right to supplement this response.

6.    Contrary to the implication in paragraph 6 of your letter, Plaintiff has not sought to withhold documents evidencing payment of settlement funds to the government. In fact, this issue was discussed at length by Mr. Nahigian and Larry Johnson during Mr. Nahigian's second inspection of documents at our offices. Mr. Johnson described the labor intensive effort required for Vantage to comb through its bank records to identify these transactions and suggested other less cumbersome methods of evidencing payment. After Mr. Nahigian indicated that the only evidence acceptable to him were Vantage's bank records, Vantage conducted that search and identified bank statements from April 2004 through March 2005, which evidence the wire transfers. These statements will be produced. Vantage has also requested that Citizens Bank provide it with copies of its December 2003 through March 2004 statements to evidence transfers for those years. Those statements will also be produced when they are delivered to Vantage. Vantage will also produce its settlement agreement with the government in response to Request No. 6.

7.    Plaintiff will produce its federal income tax returns for all but one of the years requested. Note that Plaintiffs have been unable to locate its 1998 federal tax return, the relevance of which is highly suspect, but will continue its search and produce the return when or if it is located.

8.    Vantage has no documents concerning financing the settlement because payment of the settlement is not financed, as is evidenced by the wire transfers evidencing payment. The structure of the settlement is set forth in the settlement agreement with the government. The settlement agreement will be produced.

Matthew J. Griffin, Esquire
June 22, 2005
Page 3



9. In our response to Interrogatory No. 35, the plaintiff objected on the ground that the request was overly broad. I understand that you and Larry have agreed that documents responsive to this request would be limited to monthly bank statements for Vantage Financial Services, Inc. from January 1, 1999 to present.

10. Plaintiff shall produce all documents it has concerning its document retention policy.

11. Plaintiff shall produce all documents it has concerning press releases requested in Request No. 37.

12. Plaintiff's counsel is in the process of preparing a privilege log of all documents withheld on privileged grounds.

13. To the extent that responsive documents are stored by electronic means, the responsive documents will be made available for inspection.

If you have any questions or concerns, please call.

Very truly yours,

Neal J. Bingham

NJB:ljd

cc: Vantage Financial Services, Inc.
Laurence M. Johnson, Esquire

371036v.1