UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Vantage Financial Services, Inc.<br>　　　　Plaintiff<br><br>v.<br><br>Nonprofit Service Group Inc. and George E. Miller<br>　　　　Defendant | CIVIL ACTION NO. 04-11686WGY |

**AFFIDAVIT OF RALPH W. SEMB**

I, Ralph W. Semb, do hereby depose and state as follows:

1. I am the President of the Shriners Hospitals for Children ("Shriners Hospitals"), which is a nonprofit corporation headquartered in Tampa, Florida.

2. I have personal knowledge of the facts and circumstances surrounding the "Agreement to Provide Fund Raising, Consulting and Management Services" ("the Agreement") entered into between Shriners Hospitals and Vantage Financial Services, Inc. ("Vantage") on June 17, 1999 and June 22, 1999, respectively, as amended.

3. At the time the Agreement was executed, I held the position of Chairman of the Board of Directors of Shriners Hospitals. My duties and responsibilities in that position included approval of contracts entered into by Shriners Hospitals, including the Agreement.

4. The Agreement was intended to allow Vantage to act as fundraising counsel regarding charitable donations solicited by Shriners Hospitals using the Nonprofit Standard Mail postal rates. At the time the Agreement was drafted, Shriners Hospitals possessed the necessary

permit to conduct mailings at the Nonprofit Standard Mail rates. It was my understanding that the use of the nonprofit postal rates would result in a significant cost savings for mailings made pursuant to the Agreement, as opposed to mailing at the regular bulk rates available to commercial mailers.

5. The approval of the specific terms concerning postage for the mailings to be made under the Agreement was within the scope of my authority as the then Chairman of the Board of Directors of Shriners Hospitals. The use of the Nonprofit Standard Mail rates was a precondition to any fund raising agreement between Vantage and Shriners Hospitals. Shriners Hospitals would not have entered into a fund raising agreement with Vantage if the mailings made under the Agreement were to be sent at regular bulk mail rates, because Shriners Hospitals was authorized to mail at the less expensive, nonprofit postal rates.

6. The approval of the terms of Paragraph 7.3.2 of the Agreement was within the scope of my authority as the then Chairman of the Board of Directors of Shriners Hospitals. Paragraph 7.3.2 of the Agreement states:

> "Shriners agrees to retain all funds received in response to the Direct Mail Program in the Program Account. Upon receipt and verification of the billing statement, and upon verification from the Bank of the amount of funds available in the Program Account to pay the charges on the billing statement, Shriners shall pay the charges on the billing statement from the Program Account."

The Shriners Hospitals would not have entered into the Agreement absent the inclusion of the above-quoted Paragraph 7.3.2 of the Agreement, as written.

7. The approval of the terms of Paragraph 13.2 of the Agreement was within the scope of my authority as the then Chairman of the Board of Directors of Shriners Hospitals. Paragraph 13.2 of the Agreement states, in part:

> "Upon conclusion of said thirty-six (36) month period, Vantage shall have no further recourse against Shriners."

The Shriners Hospitals would not have entered into the Agreement absent the inclusion of Paragraph 13.2 of the Agreement, as written.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this 15th day of September, 2005.

_____
Ralph W. Semb

STATE OF FLORIDA            )
                            :
COUNTY OF HILLSBOROUGH      )

The foregoing Affidavit was subscribed and sworn to before me, a Notary Public, this 15th day of September, 2005, by Ralph W. Semb, as President of Shriners Hospitals for Children. He is personally known to me.

_____
Notary Public - Vanessa L. Heitzman
My Commission Expires: 7-27-2009

620508_1

Vanessa L. Heitzman
Commission # DD445225
Expires July 27, 2009
Bonded Troy Fain - Insurance, Inc. 800-385-7019

3