UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VANTAGE FINANCIAL SERVICES, INC.
          Plaintiff,

v.

NONPROFIT SERVICE GROUP AND
GEORGE E. MILLER,
          Defendants.

C.A. No. 04-11686-WGY

**PLAINTIFF'S MOTION TO EXTEND TIME FOR FILING
OPPOSITION TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(f)**

The plaintiff, Vantage Financial Services, Inc. ("Vantage"), hereby moves pursuant to Fed. R. Civ. P. 56(f) for additional time to file its opposition to Defendants' Motion for Summary Judgment on the grounds that the parties are actively engaged in discovery and Vantage has yet to take and/or complete the depositions of several critical witnesses, including the defendant, George E. Miller ("Defendants"), whose testimony will bear directly upon Vantage's opposition.

FACTUAL BACKGROUND

Vantage engages in the business of assisting non-profit organizations (hereinafter "NPOs") in fundraising and membership solicitation. (Complaint, ¶ 7.) During and prior to 1999, Vantage and two members of its senior management were defendants in a civil action in the United States District Court for the District of Massachusetts (the "Action"), pursuant to the provisions of the Federal False Claims Act, in which recovery was sought for alleged postal deficiencies, penalties and exemplary damages claimed to be due as a result of fundraising mailings made by Vantage for various of its NPO customers at not-for-profit postal rates. (Complaint, ¶ 8.) It was further alleged in the Action that such mailings were not eligible for

mailing at not-for-profit postal rates because Vantage's contracts with such NPO customers either limited the NPO customer's liability to pay Vantage for its services and out-of-pocket costs or restricted the means by which Vantage could obtain payment for same in the event of a shortfall in the funds raised by the solicitation mailings. (Complaint, ¶ 8.)

While the Action was pending, Vantage consulted Defendants and sought their assistance, professional services and legal counsel with respect to a substantial fundraising services contract that Vantage was then negotiating with Shriners, a large nonprofit corporation. (Complaint, ¶ 10.) While Shriners wanted to be able to mail its fundraising mailings at not-for-profit postal rates, Shriners had nonetheless demanded that any fundraising services contract with Vantage include terms that limited its liability to pay Vantage for its fundraising services and out-of-pocket expenses from Shriners' cash assets in the event that the fundraising programs failed to raise sufficient amounts to pay out of the fundraising proceeds. (Complaint, ¶ 11.)

In light of the claims pursued by the United States in the Action, Vantage employed Defendants to prepare a contract that would satisfy the desire of Shriners for protection against having to pay for Vantage's fundraising services out of Shriners' own cash assets, while at the same time containing provisions that would not violate the CMR, compromise the ability of Shriners to mail its fundraising materials at not-for-profit rates or expose Vantage to additional claims or potential liability such as that then being asserted against it in the Action. (Complaint, ¶¶ 12-13.)

Vantage expressly informed Defendants of the pendancy of the Action and emphasized that it wanted to be sure that any terms in the contract with Shriners limiting the liability of Shriners or restricting the manner or means by which Vantage would have a right to enforce payment for its services and expenses incurred on behalf of Shriners must be consistent with the

requirements of the CMR and must effectively protect Vantage from any further claims of the kind being asserted in the Action. (Complaint, ¶ 14.) Vantage also requested that Defendant advise it if they concluded that it was not possible to prepare such a contract. (Complaint, ¶ 14.)

Pursuant to the Engagement, Defendants prepared a fundraising services agreement between Vantage and Shriners (the "Shriners Contract"), which Defendants advised would be effective to avoid any violation of the CMR and protect Vantage from possible claims with respect to mailings at not-for-profit postal rates. (Complaint, ¶¶ 15, 17 and the Shriners Contract attached thereto as Exhibit A.)

In reliance upon Defendants' advice, Vantage entered into the Shriners Contract with Shriners and thereafter proceeded to render substantial services and make extremely voluminous mailings on behalf of Shriners at not-for-profit postal rates. (Complaint, ¶ 18.) When the United States learned, through discovery, of the Shriners Contract and the mailings on behalf of Shriners made pursuant thereto, it promptly amended its Complaint in the Action to add claims with respect to all mailings made by Vantage on behalf of Shriners pursuant to the Shriners Contract (the "Shriners Mailings"). The effect of such amendment was to increase the amount of the United States' claims by approximately $3,000,000 in compensatory damages and for an additional $6,000,000 in exemplary or punitive damages, thus approximately doubling the amount of the claims asserted against Vantage in the Action. (Complaint, ¶ 19.)

## PROCEDURAL BACKGROUND

Pursuant to the scheduling order prepared by Defendants and approved by this Court on July 19, 2005, fact discovery in this case is not scheduled to conclude until October 28, 2005. On June 17, 2005, Defendants took the 30(b)(6) deposition of Vantage Financial Services, Inc. by its designee, Henry Melikian. On June 20, 2005, Vantage's counsel served a deposition

notice on Defendants noticing the deposition of Defendant George E. Miller. The parties agreed to conduct the deposition on Thursday, June 30, 2005. At the end of this first day of deposition testimony by Mr. Miller, the parties' respective counsel agreed that the deposition would be suspended and continued on a mutually agreeable date during the week of July 18, 2005. Defendants then took the deposition of Lawrence C. Lyons of Vantage on July 21, 2005, which was suspended and continued on August 9, 2005.

The week of July 18, 2005 passed without an agreement about a continued date for Mr. Miller's deposition. Vantage's counsel made several telephone and email inquiries to Mr. Nahigian, Mr. Miller's attorney, requesting such a date. During each of the days of Mr. Lyons's deposition, Vantage's counsel renewed his request for a date. Mr. Nahigian did not provide Vantage with a specific date in response to any of those requests.

Defendants' Motion for Summary Judgment was filed on September 28, 2005. On September 29, 2005 and September 30, 2005, respectively, Defendants supplemented their summary judgment filings with an affidavit and a substitute exhibit. Included in Defendants' summary judgment papers are the affidavits of two (2) individuals representing Shriners. Vantage has not had an opportunity to depose either of these individuals but it is anticipated that their depositions will be taken prior to the conclusion of the discovery deadline. The parties have since agreed to conduct the second day of Mr. Miller's deposition on October 7, 2005. The transcripts of that deposition should be available within two weeks thereafter.

By order of the Court, Vantage's opposition to the summary judgment motion is presently due on October 5, 2005.

## ARGUMENT

Rule 56(f) describes a method of extending time "for a party who, when confronted by a summary judgment motion, can demonstrate an authentic need for, and an entitlement to, an additional interval in which to marshal facts essential to mount an opposition." *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994) *citing Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 988 (1st Cir.1988). The Rule reads as follows:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). The rule is intended to safeguard against premature entry of summary judgment. *Id. citing Price v. General Motors Corp.*, 931 F.2d 162, 164 (1st Cir.1991). "Consistent with the salutary purposes underlying Rule 56(f), district courts should construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter. *Id. citing United States v. One Lot of U.S. Currency ($68,000)*, 927 F.2d 30, 33-34 (1st Cir.1991); *Hebert v. Wicklund*, 744 F.2d 218, 222 (1st Cir.1984).

In the present case, there can be no dispute that Defendants' summary judgment motion was filed prematurely. At the heart of Defendants' Motion for Summary Judgment is their position that Defendants did not misrepresent their qualifications. The primary witness testifying on behalf of Defendants at trial will be Mr. Miller. At the end of the first day of Mr. Miller's deposition, the parties agreed to continue the deposition to a date during the week of July 18, 2005. From that date forward, Defendants have completed their own depositions of Vantage's witnesses but have not produced Defendant Miller for the completion of his deposition. It was

Mr. Miller who drafted the terms of the Shriners Contract on which Vantage relied and he who represented that Defendants had experience and expertise in this area. Completing Defendant Miller's deposition is critical to enable Vantage to martial relevant evidence in opposition to the Motion for Summary Judgment. At his continued deposition, Vantage is likely to discover facts that establish that Mr. Miller had no such experience, never prepared a contract similar to the Shriners Contract and, even if he had, that such contract was never brought to the attention of the Postal Service. Fully developing these facts is critical to a fair determination on any motion for summary judgment. Defendants' motion is premature.

Defendants also rely heavily on two (2) affidavits in support of their Summary Judgment Motion, those of Ralph W. Semb and Willard E. Fawcett. Vantage will be noticing depositions of these individuals and of Jay Fleischer, the attorney for Shriners who negotiated the Agreement with Defendant Miller. Vantage is entitled to an opportunity to depose these individuals before the Court relies on their untested statements.

WHEREFORE, Vantage respectfully requests that the Court either deny Defendants' Motion for Summary Judgment without prejudice to re-filing after the completion of discovery in this case, or that it defer Vantage's opposition until two (2) weeks following the present deadline for completion of fact discovery in this case and the hearing on this motion until following the completion of briefing. Vantage respectfully requests that Vantage's opposition be

due on November 14, 2005, any reply memoranda on November 23, 2005 and hearing at the Court's convenience thereafter.

                                             **VANTAGE FINANCIAL SERVICES, INC.,**
By its Attorneys,

                                             Laurence M. Johnson (BBO #252720)
Neal J. Bingham (BBO #652029)
Davis, Malm & D'Agostine
One Boston Place
Boston, MA 02108
(617) 367-2500

Dated: October 3, 2005

## RULE 37.1 CERTIFICATION

The undersigned counsel hereby certifies that the parties conferred on October 30, 3005 in an effort to narrow the areas of disagreement that are the subject of this motion and were unable to come to an agreement.

                                             Neal J. Bingham