UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Vantage Financial Services, Inc.<br>　　　　Plaintiff<br><br>v.<br><br>Nonprofit Service Group, Inc. and George E. Miller<br>　　　　Defendants | CIVIL ACTION NO. 04-11686WGY |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXTENT TIME FOR FILING OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants oppose plaintiff's request that the Court deny defendants' Motion for Summary Judgment without prejudice pending the completion of discovery. Discovery is currently scheduled to close by the end of October, 2005. Plaintiff has had ample time to conduct whatever discovery it deems necessary.

Plaintiff already deposed defendant George Miller for over seven hours on June 30, 2005. Mr. Miller has voluntarily agreed to submit to further deposition on October 7, 2005, although he is under no obligation to do so under Fed. R. Civ. P. 30(d)(2). (Affidavit of Richard L. Nahigian, ¶4.). Mr. Miller has also agreed to travel from Virginia to Boston at his own expense for both days of deposition. (Id.).

Plaintiff's suggestion that defendants delayed in producing Mr. Miller for a further deposition is not supported by the facts. Defendants offered to produce Mr. Miller for further deposition on September 9, 2005, which was a date that plaintiff's counsel initially proposed.

(Nahigian Affidavit, ¶5.) After Defendants offered to produce Mr. Miller on September 9th, plaintiff's counsel subsequently declined to go forward with the deposition on that date. (Id.)

After Defendants wrote to plaintiff's counsel, Laurence M. Johnson, on September 2, 2005, to discuss the various issues relating to discovery in this matter, defense counsel heard nothing from him until the week of September 26, 2005. (Nahigian Affidavit, ¶6.) By that time, however, defendants were already in the process of filing their Motion for Summary Judgment. (Id.)

Plaintiff's suggestion that Mr. Miller's qualifications are somehow the centerpiece of defendants' motion for summary judgment is misplaced. Because plaintiff's Rule 30(b)(6) witness acknowledged Mr. Miller's expertise, the issue is not subject to genuine dispute. In reality, Mr. Miller's qualifications may be the centerpiece of plaintiff's opposition, since its common law claims are clearly time-barred, and the issue of Mr. Miller's qualifications apparently serves as the basis for plaintiff's remaining Chapter 93A claim. Having already spent seven hours deposing Mr. Miller, plaintiff can hardly complain that it has not had a fair opportunity to develop this issue.

In light of plaintiff's inaction, defendants saw no reason to delay proceedings in this case any further by waiting an additional month to file their summary judgment motion. Defendants do not oppose a reasonable extension of the time by which plaintiff must file its opposition to the motion. Plaintiff's Motion should be otherwise denied.

        Respectfully submitted,

        Nonprofit Service Group and
        George E. Miller,
        By their attorneys,

        /s/ Richard L. Nahigian
        Richard L. Nahigian, Esq., BBO#: 549096
        Matthew J. Griffin, Esq., BBO#641720
        PEABODY & ARNOLD LLP
        30 Rowes Wharf, 6th Floor
        Boston, MA  02110-3342
        (617) 951-2100

Dated:  10/03/05

PABOS2:RNAHIGI:623845_1
14794-90433