UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Vantage Financial Services, Inc.<br>Plaintiff<br><br>v.<br><br>Nonprofit Service Group, Inc.  and George E. Miller<br>Defendants | CIVIL ACTION NO. 04-11686-WGY |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO DISCLOSE EXPERTS AND CROSS-MOTION TO PRECLUDE PLAINTIFF'S EXPERTS

Defendants Nonprofit Service Group, Inc. and George E. Miller ("Defendants") submit this opposition to Plaintiff Vantage Financial Service, Inc.'s ("Vantage") motion to extend the deadline for disclosing its expert witnesses.  Defendants also cross-move for the preclusion of Vantage's experts.  While Defendants recognize the personal issues apparently underlying Vantage's request for additional time, Defendants must oppose the proposed extension as it seriously jeopardizes Defendants' ability to prepare for trial and continues a long line of noncompliance by Vantage to the detriment of Defendants.  Vantage's failure to serve their expert reports by the court-ordered deadline was not the result of excusable neglect.  As such, Vantage should be precluded from serving expert disclosures.

Vantage initially filed this action, which sounds in legal malpractice, in July of 2004.  It has had more than adequate time to disclose experts to support its claims.  Pursuant to the terms of the original scheduling order in this case, the deadline for serving expert disclosures was May 31, 2005.  By court-approved stipulation of the parties, the deadline was extended to August 1,

2005.  Upon motion of the Defendants, the Court granted a further extension of ninety days from the August 1, 2005 deadline.  By defense counsel's calculation, that deadline expired no later than October 31, 2005.  As of this date, no expert disclosures have been received from Vantage.

Despite the time for disclosing experts provided in the initial scheduling order and the subsequent extensions of the deadline, Vantage claims, on the eve of trial, that it is not prepared to provide disclosures to Defendants.  Such a position cannot be viewed as excusable neglect.  To the contrary, Vantage's motion is the latest example of its failure to comply with the rules and orders of this Court.  Over the course of this litigation, Vantage has failed to meet numerous deadlines, including failing to timely provide initial disclosures and discovery responses.  The latter failure resulted in extensive motion practice by Defendants to cure the ills caused by Vantage's noncompliance with its discovery obligations and the orders of this Court.  Most recently, Vantage has failed to provide its required pretrial disclosures.  By doing so, it has gained the benefit of having Defendants' pretrial disclosures for a month without providing similar information.  Vantage should not be allowed to benefit any further from its inability to abide by the rules.

Vantage's current request would unfairly prejudice Defendants' ability to defend this case.  As an initial matter, Defendants cannot engage in meaningful preparation for the November 14, 2005 pretrial conference without Vantage's expert disclosures.  Furthermore, Vantage would have the benefit of having Defendants' expert disclosures, which were served on Vantage on October 28, 2005, for nearly three weeks prior to making its disclosures.  Although counsel for Vantage makes the unorthodox representation that he will not read the reports until November 14, 2005, this vague assurance does not provide great comfort to Defendants and does not remedy Vantage's failure to comply.  Lastly, the period of time for rebuttal disclosures will

2

be effectively eliminated by Vantage's motion in light of the impending trial date. Vantage has already gained the benefit of having Defendants' pretrial disclosures for a month without reciprocating, and it should not reap any further advantage through its inexcusable delay in providing expert disclosures.

Despite Vantage's apparent awareness of its difficulties in producing expert disclosures, such issues were never brought to the attention of Defendants or the Court despite numerous recent opportunities to broach the subject. Within the past week counsel were together to argue the Defendants' summary judgment motion before the Court. Two days later, on October 28, 2005, counsel were together in Florida for an lengthy deposition session at the Shriners Hospitals for Children. No mention of these issues were raised by counsel for Vantage. To the contrary, Vantage's counsel indicated that he would be serving an expert disclosure the following week. Counsel for Defendants indicated that they were serving two export reports that very day, but were never informed that circumstances existed such that Vantage would be filing a motion to extend the disclosure deadline. While Defendants are obviously sensitive to any personal issues underlying Vantage's motion, they are equally sensitive to the unfair advantages that are inherent in the relief requested by Vantage. Defendants should not suffer from Vantage's failure to prosecute its case in a timely manner, nor should Defendants suffer from their good faith attempts to engage in expert disclosures.

## CONCLUSION

For the above-stated reasons, Vantage's motion should be denied. Furthermore, Vantage's failure to provide timely expert disclosures should result in the preclusion of their experts at trial. In the alternative, Vantage should be ordered to immediately identify the expert they assert they have retained, and provide his or her qualifications and areas of expertise.

Respectfully submitted,

Nonprofit Service Group and
George E. Miller,
By their attorneys,

/s/ Matthew J. Griffin

Richard L. Nahigian, Esq., BBO#: 549096
Matthew J. Griffin, Esq., BBO#641720
PEABODY & ARNOLD LLP
30 Rowes Wharf, 6th Floor
Boston, MA  02110-3342
(617) 951-2100

PABOS2:MJGRIFF:625638_1
14794-90433