UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Vantage Financial Services, Inc.<br>Plaintiff<br><br>v.<br><br>NonProfit Service Group, Inc and George E. Miller<br>Defendants | CIVIL ACTION NO. |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CLAIMS DISMISSED ON SUMMARY JUDGMENT OR NOT SET FORTH IN THE COMPLAINT**

Defendants' Nonprofit Service Group, Inc. and George E. Miller move in limine to exclude any evidence of claims that were dismissed by the Court on summary judgment or evidence of claims not set forth in the Complaint of Plaintiff Vantage Financial Services, Inc. ("Vantage").

### I. ARGUMENT

Vantage should be precluded from introducing any evidence in support of its prior claim for fraudulent misrepresentation.[1] These claims were dismissed by the Court in response to defendants' initial motion for summary judgment. Since those claims are no longer part of the case, Vantage should not be allowed to present evidence in support of these claims to the jury since such evidence serves no legitimate purpose and would only serve to confuse the jury. The only remaining claims in this case sound in negligence. The evidence put before the jury should be limited to evidence bearing on those claims.

---

[1] The Court also dismissed Vantage's claim for violations of G.L. c. 93A which was founded on the allegations contained in its fraudulent misrepresentation claim.

1

To that end, Vantage should also be precluded from introducing evidence in support of claims that are not set forth in the Complaint.

Specifically, Vantage should be precluded from offering testimony in support of the claim that defendant Miller intentionally misrepresented that the agreement between Vantage and the Shriners Hospitals for Children ("Shriners") had been pre-approved by the United States Postal Service. In its pretrial submissions, Vantage has indicated its intention to offer evidence in support of this claim despite the fact the Court has dismissed Vantage's claim for fraudulent misrepresentation. Vantage's claim that defendant Miller told them the Agreement had been pre-approved, when he allegedly knew that it had not, is a claim for a fraudulent or intentional misrepresentation. Such claims have been dismissed by the Court on summary judgment and Vantage should be precluded from offering evidence concerning this claim. Moreover, the claim that Mr. Miller intentionally misrepresented that the Shriners' agreement was pre-approved by the Postal Service was not asserted in the Complaint. Vantage was required to have plead such a claim of fraudulent misrepresentation with particularity but there is no mention of such an allegation in its Complaint under Fed.R.Civ.P. 9(b).

## II. CONCLUSION

For the above-stated reasons, Vantage should be precluded from introducing any evidence in support of claims that have been dismissed or are not set forth in the Complaint.

Respectfully submitted,

NonProfit Service Group and
George E. Miller,

By their attorneys,

_____
Richard L. Nahigian, Esq.,
BBO#: 549096
Matthew J. Griffin, Esq.,
BBO#641720
PEABODY & ARNOLD LLP
30 Rowes Wharf, 6th Floor
Boston, MA  02110-3342
(617) 951-2100

630845