UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Vantage Financial Services, Inc.<br>        Plaintiff<br><br>v.<br><br>Nonprofit Service Group, Inc. and George E. Defendants<br>        Defendants | CIVIL ACTION NO. 04-11686-WGY |

**DEFENDANTS' REQUEST FOR JURY INSTRUCTIONS**

    The defendants Nonprofit Service Group, Inc. and George E. Defendants request the Court to instruct the jury in accordance with the attached proposed jury instructions.

    The defendants reserve their right to supplement these requested instructions based upon the evidence admitted at trial.

                                                      Respectfully submitted,

                                                      Nonprofit Service Group, Inc. and
                                                      George E. Defendants,

                                                      By their attorneys,

                                                      /s/ Matthew J. Griffin
                                                      Richard L. Nahigian, Esq., BBO#: 549096
                                                      Matthew J. Griffin, Esq., BBO#641720
                                                      PEABODY & ARNOLD LLP
                                                      30 Rowes Wharf, 6th Floor
                                                      Boston, MA 02110-3342
                                                      (617) 951-2100

2

## CERTIFICATE OF SERVICE

I, Matthew J. Griffin, Esq. hereby certify that on this 27th day of January 2006 I electronically served the foregoing document on the following counsel of record:

Laurence M. Johnson Esq.
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA  02108

/s/ Matthew J. Griffin_____
Matthew J. Griffin, Esq.

PABOS2:MJGRIFF:630209_1
14794-90433

## I.     Legal Malpractice

1.     Vantage is asserting claims against defendants in their capacity as an attorney. Claims of a breach of duty against an attorney are also referred to as legal malpractice.

### A.     Elements of Legal Malpractice Claim: General Description

2.     In order to prevail on its claims against defendants, Vantage must establish each essential element of a cause of action for legal malpractice. *McLellan v. Fuller,* 226 Mass. 374, 376-377 (1917). In particular, Vantage must establish: (1) that defendants agreed to represent it as its attorney with respect to each specific act which it claims was performed negligently; (2) that defendants' conduct in the performance of the agreed-upon representation did not meet the appropriate standard of care and skill; (3) that Vantage incurred an out-of-pocket loss; and (4) that defendants' negligence was the proximate cause of its out-of-pocket loss. *DiPiero v. Goodman*, 14 Mass. App. Ct. 929 (1982) *cert. denied* 103 S.Ct. 1418 (1983); *McLellan v. Fuller*, 226 Mass. 374, 376-377 (1917); *Cavallo v. Warner & Stackpole*, C.A. No. 90-1151 (Mass. Sup. Ct. August 12, 1993).

### B.     Burden Of Proof:  General Instructions

3.     In a malpractice case such as this one, the burden is on Vantage to prove to you each and every element of its claim against defendants, and Vantage must establish each and every element of its claim against defendants by a preponderance of the evidence; that is, Vantage must convince you that it is more likely than not that the facts as it claims them to be are true.

4.     The burden is on Vantage to establish each essential element of its case against defendants by a preponderance of the evidence. Vantage's burden has not been satisfied if, after

you have considered all of the evidence, you find that you must speculate, conjecture, or imagine that one or more of the necessary facts is true. *McLellan v. Fuller,* 226 Mass. 374 (1917).

  **C.**  <u>**Standard of Care**</u>

  5.  In performing legal services for a client, "an attorney ... owes his client a duty to exercise the degree of care and skill of the average qualified practitioner." *Fishman v. Brooks,* 396 Mass. 643, 646 (1986); *McLellan, supra,* 226 Mass. at 377-378; *Glidden v. Terranova,* 12 Mass. App. Ct. 597-598 (1981).  Vantage bears the burden of introducing evidence to show that defendants did not exercise reasonable care and skill.

  6.  The standard of reasonable care and skill does not obligate defendants to advise Vantage of every possible risk, alternative, or contingency that might exist. *Smith v. St. Paul Fire & Marine Ins. Co.,* 366 F.Supp. 1283, 1290 (M.D. La. 1973), *aff'd* 500 F.2d 1131 (5th Cir. 1974); *Davis v. Damrell,* 174 Cal. Rptr. 257, 260 (Cal. App. 1981).  Defendants are not a guarantor of a favorable result.  *Sierra Fria Corp. v. Evans*, 126 F.3d 175 (1st Cir. 1997).  If defendants conducted themselves with reasonable skill and diligence, they may not be found liable.

  7.  Legal advice is an inexact science and competent attorneys may differ as to what advice is appropriate in a particular situation.  Vantage will not have sustained its burden of establishing defendants' negligence simply by showing that other attorneys would have acted differently or given different advice.  *See Meyer v. Wagner*, 429 Mass. 410, 419-420 (1999) (no cause of action against attorney where the plaintiffs have merely shown that other attorneys disagree on the issue or the outcome was less than optimal).  Instead, Vantage must establish that no reasonably competent attorney would have acted as defendants did or given the advice which they gave.  *Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C.,* 25 Mass. App. Ct.

4

107, 112 (1987); *Gans v. Mundy,* 762 F.2d 338, 344 (3rd Cir. 1985) *cert. denied* 106 S.Ct. 537 (1985); *George v. Caton,* 600 P.2d 822 (N.M. App. 1979) *cert. denied* 598 P.2d 215 (1979).

      8.      If you conclude that defendants acted in good faith and in the honest belief that their advice was well founded and in the best interests of their client, they cannot be held liable for an error in judgment. *In re Watts & Sachs*, 190 U.S. 1, 19 (1902). In advising a client, an attorney's duty is to exercise a reasonable degree of care and skill and to use his best judgment based on the situation as he views it and the information supplied or made available to him by the client.

      9.      Defendants benefits from the presumption that they have not been guilty of want of care arising from his actions. Defendants are entitled to the benefit of the rule that they are presumed to have properly discharged their duty until the contrary is proved. *Dorf v. Relles,* 355 F.2d 488, 492 (7th Cir. 1966*); Mazer v. Security Insurance Group,* 368 F. Supp. 418, 422 (E.D. Pa. 1973), *aff'd mem.,* 507 F.2d 1338 (3d. Cir. Pa. 1975).

**II.**     **Attorney-Client Relationship/Scope of Representation**

      10.      An attorney-client relationship is a contractual one with both sides agreeing on the terms of the contract, i.e., the attorney agrees to represent the client on a specific matter and the client agrees to pay the attorney a certain fee for those services. In the absence of an attorney-client relationship as to a specific matter, an attorney owes no duty to the plaintiff as to that matter and therefore there can be no breach of any duty or liability. *Page v. Frazier*, 388 Mass. 55, 62 and n.10 (1983). The obligations of an attorney to his client is defined in the first instance by the scope of the work which the attorney has agreed to perform. *Page v. Frazier*, 388 Mass. 55, n. 10 (1983). The attorney-client relationship must be proven as to the particular matters at

issue. *Robertson v. Gaston Snow & Ely Bartlett*, 404 Mass. 515, 522, *cert. denied*, 493 U.S. 894 (1989).

11.     The fact that a client relied on an attorney to provide certain advice that the client did not expressly request is not enough to establish an attorney-client relationship regarding that advice. *DaRoza v. Arter,* 410 Mass. 377, 381-383 (1993). *Fanaras Enterprises, Inc. v. Roger Alan Doane,* 423 Mass. 121 at 124-125 (1996)

### III.    Negligent Misrepresentation

12.     Vantage may recover for negligent misrepresentation if and only if it proves the following: that the defendants (1) in the course of their business, (2) supplied false information for the guidance of Vantage (3) in their business transactions, (4) causing and resulting in pecuniary loss to Vantage (5) by Vantage's justifiable reliance upon the information, and (6) with failure to exercise reasonable care or competence in obtaining or communicating the information. *Nota Constr. Corp. v. Keyes Associates, Inc*., 45 Mass.App.Ct. 15, 19-20 (1999)

### IV.    Requirements of Expert Testimony

13.     In the present case, the standard of care against which defendants' actions must be measured is beyond the experience and knowledge of the ordinary layperson. This means that the standard of care owed by Defendants in this action must be established by expert testimony. The only testimony which is competent on the issue of the standard of care in this case is expert testimony. *Colucci, supra*, 25 Mass. App. Ct. at 111; *Glidden, supra*, 12 Mass. App. Ct. at 598; *Dipiero v. Goodman*, 14 Mass. App. Ct. 929, 930 (1982) *cert. denied* 103 S.Ct. 1418 (1983).

14.     Expert testimony is necessary to establish both (a) the standard of care applicable in the circumstances of this case and (b) whether the defendants departed from that standard. *Fishman v. Brooks,* 396 Mass. 643, 647 (1986); *Colucci, supra*, 25 Mass. App. Ct. at 111;

*Pongonis v. Saab*, 396 Mass. 1005 (1985) (rescript); *Fall River Savings Bank v. Callahan*, 18 Mass. App. Ct. 76, 82 (1984), *review denied*, 392 Mass. 1103 (1984); *Brown v. Gerstein,* 17 Mass. App. Ct. 558, 566, *review denied*, 391, Mass. 105 (1984); *Dipiero, supra*, 14 Mass. App. Ct. at 929-930.

15.     Vantage has the burden of establishing through expert testimony the standard of care owed by defendants, and that defendants' acts did not conform to that standard of care.  If you find that Vantage failed to introduce sufficient credible expert testimony to establish that both of these matters are true, you must find for defendants.  *See Callahan v. Westinghouse Broadcasting Company, Inc.,* 372 Mass. 582, 588 (1977); *Ryan v. Ryan,* 419 Mass. 86, 92, 93 (1994).

16.     Expert testimony is also necessary to show whether there was anything defendants could have done to achieve a better result.

**V.     Causation**

    **A.     General Causation Description**

17.     Negligence that causes no harm is without legal consequence.  If you find that Defendants was negligent, then you must next consider whether defendants' conduct was the proximate cause of any loss to Vantage.  *Colucci, supra*, 25 Mass. App. Ct. at 111; *Jernigan v. Giard*, 398 Mass. 721, 723 (1986); *Fishman, supra*, 396 Mass. at 647; *Dipiero*, *supra,* 14 Mass. App. Ct. at 929; *Hurd v. DiMento & Sullivan*, 440 F.2d 1322 (1st Cir. 1971) *cert. denied*, 92 S.Ct. 136 (1971).

18.     Damage as a direct result of some conduct of defendants is an essential element of Vantage's claim.  "The mere breach of a professional duty, causing only nominal damages, speculative harm, or threat of future harm - not yet realized - does not suffice to create a cause of

7

action for negligence." *Levin v. Berley*, 728 F.2d 551, 554 (1st Cir. 1984). Vantage must show that it suffered some harm as a direct consequence of the negligent conduct of defendants and that, "but for" his conduct, such harm would not have occurred. *DiPiero v. Goodman*, 14 Mass. App. Ct. 929 (1982).

    B.    **<u>Proximate Cause</u>**

19.    To recover, Vantage must prove that defendants' negligence was the proximate cause of loss to it, and that <u>but</u> <u>for</u> his negligence, it would not have suffered these damages. *Colucci v. Rosen, Goldberg, Slavet, Levinson & Wekstein*, 25 Mass. App. Ct. 107, 111, 113 (1987); *Jernign v. Girard*, 398 Mass. 721, 723 (1986). *See, Callahan v. Westinghouse Broadcasting Company, Inc.,* 372 Mass. 582, 588 (1977); *Ryan v. Ryan*, 419 Mass. 86, 92, 93 (1994).

20.    "Proximate cause" is "the active and efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source." *Wolfe v. Checker Taxi Co.,* 299 Mass. 225, 226 (1938) (quoting *Lynn Gas & Electric Co. v. Meriden Fire Insurance Co.,* 158 Mass. 570, 575 (1893)).

21.    Proximate cause is defined in the law as that which, in a continuous sequence, unbroken by any new cause, produces an event without which the event would not have occurred. *Wallace v. Ludwig*, 292 Mass. 251, 254 (1935). In other words, in order to determine whether any conduct of defendants caused any damage to Vantage, you must find that, if there was damage that it would not have occurred if defendants had not acted as they did.

22.    Thus, a cause of action based on negligence requires that both negligence and harm be shown, with a causal connection between these two elements. *Cannon v. Sears,*

8

*Roebuck & Co.,* 374 Mass. 739 (1978). *See also Harris v. Magri*, 39 Mass. App. Ct. 349 (1995) (in order for a loss to be legally caused by a negligent act, it must be a natural and probable consequence of the conduct). In order to determine whether any conduct of defendants caused any damage to Vantage, you must find, if there was damage, that it would not have occurred but for defendants' conduct.

23. You may not speculate on the question of causal relationship, nor can Vantage's burden be carried by surmise, conjecture or imagination. *Soares v. Lakeville Baseball Camp, Inc.,* 369 Mass. 974 (1976); *Zezuski v. Jenny Manufacturing Co.*, 363 Mass. 324 (1973).

24. The *mere possibility* that the defendants' negligence caused Vantage's harm is not sufficient. *Girardi v. Gabriel*, 38 Mass. App. Ct. 553, 560 (1995). *Brady v. Nestor*, 398 Mass. 184 (1986).

25. Consequently, "[e]ven a negligent defendant is not liable where the causal connection between the original wrong of a defendant…and the ultimate harm…has been broken and…something so distinct…has thereeafter happened as to constitute an intervening efficient independent and dominant cause." *Bellows v. Worcester Storage Co.*, 297 Mass. 188, 196 (1936), quoting *Wallace v. Ludwig*, 292 Mass. 251, 255 (1935); *Bratton v. Rudnick*, 283 Mass. 556, 559 (1933); *Restatement (Second) of Torts*, §442 (1965).

26. If the intervening act which was the immediate cause of the injury complained of was not reasonably foreseeable by defendants, then the chain of causation is broken and the original negligence cannot be said to be the proximate cause of the final injury. *Horan v. Town of Watertown*, 217 Mass. 185, 186 (1914).

27. "[W]here an independent, intervening event contributes in some expected and significant manner to the harm which eventuates, a defendant's conduct cannot be the legal cause

of the injury." *Peckham v. Cont. Cas. Ins. Co.*, 895 F.2d 830, 838 (1st Cir. 1990) citing *Restatement (Second) of Torts*, 442 (1965).

## VI.    Comparative Negligence

28.    As a defense to this action, the defendants are claiming that the plaintiff was negligent, and that the plaintiff's own negligence caused its injuries. We have a law in Massachusetts called the "comparative negligence statute" that requires you, the jury, to compare the negligence, if any, of the defendant to the negligence, if any, of the plaintiff. *Morgan v. Lalumiere*, 22 Mass. App. Ct. 262, 265, 493 N.E.2d 206, 208-09, *review denied*, 398 Mass. 1103, 497 N.E.2d 1096 (1986); G.L. c. 231, §85.

29.    The plaintiff had a duty to exercise that degree of care and prudence exercised by an ordinarily prudent person under similar circumstances. *Fernandez v. Union Bookbinding Company, Inc.*, 400 Mass. 27 (1987). If any damages are allowable to the plaintiff, they shall be diminished in proportion to the amount of negligence attributable to plaintiff itself. In determining by what amount the plaintiff's damages shall be diminished by reason of its contributory negligence, its negligence shall be compared to the negligence of the defendants. The combined total of plaintiff's negligence taken together with the negligence of the defendants shall equal one hundred percent. *Clark v. Rowe*, 428 Mass. 339 (1998).

30.    In a negligence action, such as the present case, the jury must focus on the conduct of both plaintiff and defendants in determining the extent of each party's responsibility for any out-of-pocket loss that plaintiff proves it suffered. If plaintiff's conduct is more than fifty percent responsible for his damages, her recovery against defendant is barred. *Clark v. Rowe*, 428 Mass. 339 (1998).

**VII.   Damages**

   **A.   General Description**

31.   The plaintiff has the burden of proving damages. *Van Brode Group, Inc. v. Bowditch & Dewey*, 36 Mass. App. Ct. 509, 517 (1994). *See also Zimmerman v. Bogoff*, 402 Mass. 650, 651 (1988); *Brady v. Nestor*, 398 Mass. 184, 188-90 (1986).

32.   Actual loss is an element of the tort of legal malpractice. Therefore, Vantage must prove that it in fact suffered harm or loss as a result of the defendant attorney's negligence. *McLellan v. Fuller*, 226 Mass. 374, 377-78 (1917); *Fall River Savings Bank v. Callahan*, 18 Mass. App. Ct. 76, 81 (1984) *review denied* 392 Mass. 1103 (1984); *Levin v. Berley*, 728 F.2d 551, 554 (1st Cir. 1984) ("The mere breach of a professional duty, causing only nominal damages, speculative harm, or threat of future harm - not yet realized - does not suffice to create a cause of action for negligence.").

   **B.   Standard and Measure of Damages**

33.   Damages must be proved by Vantage by a preponderance of the evidence and not left to speculation. Vantage must establish its claim to damages upon a solid foundation in fact and cannot recover when an essential element is left to conjecture, surmise or hypothesis. *Snelling & Snelling of Mass., Inc. v. Wall*, 345 Mass. 634, 636 (1963); *MacDonald v. Hawker*, 11 Mass. App. Ct. 869, 877 (1981).

34.   If you find that defendants' conduct directly caused damage to Vantage, bearing in mind my earlier instructions, then you may consider what, if any, damage it has sustained. The law requires that Vantage prove the amount of its damages with reasonable certainty and that such an amount be based upon the evidence. While you are permitted to make a just and

11

reasonable estimate of the damages, you are not permitted to speculate or guess as to the amount of damages. Estimates of losses that are guesses, speculations, and unwarranted conclusions of any witnesses should not be considered by you. The plaintiff's damages, if any, must be restricted to those losses which are logically and legally shown from proven facts. *Johnson v. Penrod Drilling Co.,* 510 F.2d 234 (5th Cir. 1975) (en banc), cert. denied, 423 U.S. 839 (1975); *Higginbotham v. Mobil Oil Co.,* 545 F.2d 422 (5th Cir. 1977).

35.   A threat or possibility of damages in some form in the future in the form of a future suit or claim which may or may not be asserted is not legal damages. *Levin v. Berley*, 728 F.2d 551, 554 (1st Cir. 1984) ("The mere breach of a professional duty, causing only nominal damages, speculative harm, or threat of future harm – not yet realized – does not suffice to create a cause of action for negligence.").

36.   In determining the amount of damages, if any, which Vantage has suffered as a result of defendants' actions, the object is not to impose a penalty upon defendants, but only to determine the precise amount of reasonable compensation, if any, to which Vantage is entitled. *Kozar v. Chesapeake & Ohio Railway Co.*, 449 F.2d 1238 (6th Cir. 1971). Punitive or exemplary damages are not allowed in Massachusetts in the present case. *Santana v. Registers of Voters of Worcester,* 398 Mass. 862, 867 (1986).

37.   Defendants are only responsible for losses which are a direct consequence of their actions. Losses caused by factors unrelated to the defendants are not the "natural and probable consequence" of the defendants' negligence and are therefore not an appropriate element of damage. *Harris v. Magri,* 39 Mass. App. Ct. 349, 354 (1995).

38.   Vantage's damages are to be measured solely by out-of-pocket pecuniary loss and cannot be based on hypothetical and artificial constructs. *See Danca v. Taunton Savings Bank*,

385 Mass. 1, 9 (1915); *Anzalone v. Strand*, 15 Mass. App. Ct. 45, 49 (1982); *Cavallo v. Warner Stackpole*, Middlesex Superior Court, Civil Action No. 90-1151, (August 12, 1993) (holding that damages in attorney-malpractice cases are to be measured "solely by out-of-pocket pecuniary loss, not 'benefit of the bargain' damages," and that a theory of damages "based on hypothetical and artificial constructs, is simply too speculative for purposes of establishing damages").

### C. Mitigation of Damages

39. Vantage had an obligation to take reasonable steps to minimize its damages. If you find that defendants have proven that Vantage could have taken such steps and that it did not do so, you must reduce any award of damages by the amount that could have been avoided. *Burnham v. Mark IV Homes, Inc.*, 387 mass. 575, 586 (1982); *Fairfield v. City of Salem*, 213 Mass. 296, 297 (1913).

## VIII. Statute of Limitations

40. Under Massachusetts Law, claims for legal malpractice and negligent misrepresentation have a three-year statute of limitations. The three years begin to run when the cause of action accrues.

41. A cause of action accrues on the happening of an event that puts the plaintiff on notice. If you find that Vantage knew that it had suffered appreciable harm as a result of defendants' conduct, Vantage's cause of action against defendants began to accrue. *Lyons v. Nutt*, 436 Mass. 244 (2002).

42. Incurrence of legal fees is sufficient harm to begin the running of the statute of limitations. *Accord, Levin v. Burley*, 728 F.2d 551, 554 (1st Cir. 1984).

43. Vantage filed its Complaint in this action on July 13, 2004. If you find that Vantage knew about the negligence it alleges in its Complaint before July 13, 2001, you must find that its claims are barred by the statute of limitations.

## IX. Imputed Knowledge

44. Knowledge in the possession of Vantage's attorneys is knowledge that is imputed to Vantage. For instance, if one of Vantage's lawyers became aware of a condition or fact on a certain date, under the law, Vantage is deemed to have contemporaneous knowledge of that condition or fact. *HDH Corporation v. LaFlamme*, 62 Mass. App. Ct. 1106 (2004) *citing Ratshesky v. Piscopo*, 239 Mass. 180, 186 (1921); *Manfredi v. O'Brien*, 282 Mass. 458, 461 (1933); *Goldston v. Randolph*, 293 Mass. 253, 258 (1936); *Quinn v. Hintlian*, 4 Mass. App. Ct. 805 (1976).

45. When an employee acquires knowledge in the scope of employment, the employer is held to have constructive knowledge of the information. *Devaux v. American Home Assurance Co.,* 387 Mass. 814, 818 (1983); *Bennett v. Eagle Brook Country Club*, 28 Mass.App.Ct. 35, 39 (1989).

46. If an agent or an employee is the representative of a corporation in a transaction notice to the agent or employee is imputable to the corporation. Thompson, Corporations § 1777 (3d ed.1927).