# EXHIBIT A

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VANTAGE FINANCIAL SERVICES, INC.
Plaintiff,

v.

NONPROFIT SERVICE GROUP AND
GEORGE E. MILLER,
Defendants.

C.A. No. 04-11686-WGY

**PLAINTIFF'S REQUESTED INSTRUCTIONS TO THE JURY**

The Plaintiff, Vantage Financial Services, Inc. (the "Plaintiff"), in the above-entitled action moves that this honorable court give the following instructions to the jury:[1]

VANTAGE FINANCIAL SERVICES, INC.,
By its Attorneys,

Laurence M. Johnson (BBO #252720)
Neal J. Bingham (BBO #652029)
Davis, Malm & D'Agostine
One Boston Place
Boston, MA 02108
(617) 367-2500

Dated: January ___, 2006

---

[1] Plaintiff has attempted to include in the following requested instructions, instructions as to all of those matters which they anticipate are likely to raise issues of law at trial. Plaintiff reserves the right, however, to supplement these requested instructions with additional requests, should such become appropriate during the course of the trial, and to submit such additional requests seasonably in advance of the court's charge.

1. In this case, there are before you causes of action, or theories, alleged by the Plaintiff, Vantage Financial Services, Inc. ("Plaintiff"), in support of its claim for damages against the Defendants, Nonprofit Service Group, Inc. ("NSG") and George E. Miller ("Miller") (collectively the "Defendants"). Plaintiff claims:

First, that the Defendants committed legal malpractice and breached the contract of profession employment between Plaintiff and Defendants by failing to exercise the reasonable and professional skill and care of an attorney holding himself out as a specialist in "charitable solicitation law" would have exercised under the circumstances. Specifically, the Plaintiff alleges that Defendants breached their contract because Defendants advised the Plaintiff that it could safely utilize the payment provisions contained in the Shriners Agreement, and, in particular, Paragraph 13.2 thereof, because such payment provisions were (1) had been previously utilized by Defendants in other non-profit fundraising agreements, (2) were in common use in the industry, (3) had never been objected to or challenged by the Postal Service and (4) that the Shriners Agreement had been submitted to and approved by the Postal Service. Plaintiffs further allege that Defendant's failure to utilize the Postal Service's advanced ruling procedures and the numerous misrepresentations of fact made by the Defendant are independent bases for their malpractice and breach of contract claims.

Second, that the Defendants made misrepresentations to the Plaintiff during and after negotiation of the Shriners Contract by misrepresenting (a) that the payment provision of the Shriners Contract was common in the non-profit fundraising industry, (b) that Defendants had prepared numerous contracts with similar provisions for other clients, (c) that such contracts had never been objected to or challenged by the Postal Service, (d) that Defendants had submitted the proposed Shriners Agreement to the Postal Service for an advanced ruling and had obtained its

2

approval, (e) that the payment provision complied with the CMR for mailing at non-profit rates and (f) that Plaintiff would not expose itself to any additional potential liability to further claims by the Government as a result of entering into and performing the Shriners Contract.

With respect to each of these theories, or causes of action, I instruct you that the burden of proof is upon the Plaintiff to show its right to recover from the Defendants and that in order to do so, the Plaintiff is required to establish, by a preponderance of the evidence, each of the material elements of its claims, which I shall later instruct you are necessary in order for the Plaintiff to establish each such claim with respect to any of its theories or causes of action.

2.     Proof by a preponderance of the evidence, with respect to any fact or proposition which I instruct you is essential to the Plaintiff's claims under any of its theories or causes of action, means evidence which satisfies you that it is more probable than not that such fact is true. The Plaintiff has met its burden of proof with respect to any such essential fact or proposition if, after considering all the evidence, you are persuaded that it is more likely than not that such fact is true. However, if you conclude that the probabilities are equally balanced, as to whether such fact or proposition is true or untrue or that it is more likely that such fact or proposition is untrue, then the Plaintiff has not met its burden with respect to that matter.

3.     An analogy which may be useful to you in determining whether a fact or proposition has been proven by a preponderance of the evidence is that of a balance scale. As you weigh and consider all of the evidence, with the evidence supporting a fact or proposition on the one side and the evidence refuting that fact or proposition on the other, if you conclude that the scales are tipped, even if slightly, in favor of the evidence supporting the fact or proposition, then the Plaintiff has carried its burden of proof with respect to that fact. If, on the other hand, you find that the scales are tipped in favor of the evidence refuting such fact or proposition or

that the scales are equally balanced as between the evidence supporting and refuting such fact or proposition then, in either case, the Plaintiff has failed to sustain its burden of proof.

4. It is your duty to determine the facts bearing upon each of the Plaintiff's claims, based solely upon the evidence which has been introduced during the course of the trial. That evidence consists of the testimony of the witnesses on the witness stand, portions of sworn depositions of witnesses which counsel have been permitted to read to you and the exhibits admitted in evidence during the course of trial. You may make reasonable inferences from the evidence, both from testimony and exhibits, but you may not speculate, guess or imagine as to facts not indicated by the evidence or as to what any possible testimony or exhibits not admitted might have indicated.

5. Similarly, you may not consider any statements made by any of the attorneys in their examination of any of the witnesses as evidence of any fact or facts. Finally, statements made by the attorneys in their opening statements and final arguments to you are not evidence and should not be considered by you as such. It is your recollection and understanding of the evidence which is controlling and not that of any of the attorneys or, indeed, even my own. Therefore, if your recollection and understanding of the evidence should differ from something which one of the attorneys may have stated or from something which I may allude to during the course of these instructions, you must be guided by your understanding and recollection of the evidence.

6. My duty is to govern the course of the trial and to instruct you on the law. You must take the law solely and entirely as I give it to you and must accept my instructions on the law and apply them to the facts as you may find them. If I should be in error as to anything I have done or in my instructions to you, my action is subject to correction by a higher court.

However, you must follow the law as I state it in my instructions to you. You are not free to disregard it because you do not like it or because you think that I may be mistaken about it. You must take the law as I give it to you and then apply it to the facts which you find.

7.  You are not to be concerned with the wisdom or soundness of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the court's instructions; just as it would be a violation of your sworn duty as jurors to base the verdict upon anything but the evidence in the case.

Breach of Contract

8.  The Plaintiff's first claim is that the Defendants committed breaches of their contractual obligations as its counsel. In order to sustain this claim, the Plaintiff has the burden of proving, by a fair preponderance of the evidence, as I have previously explained that term to you, (a) that the Plaintiff and Defendants entered into a contract for professional services; (b) the Plaintiff had performed its obligations under the contract, (c) that the Defendants, or either of them, committed one or more breaches of their obligations under their agreement, and (d) that the Plaintiff suffered damages in an amount determinable by you as a result of such breach or breaches.

9.  In this case, the Plaintiff's breach of contract theory is that Defendants breached the implied terms of their professional engagement to serve as Vantage's counsel with respect to negotiation and preparation of the Shriners Agreement.

10. The relationship between an attorney and client is contractual. There does not have to be an express written contract between them. Once the client employs the attorney and

5

the attorney accepts such employment, a contractual relationship arises between them as a matter of law.

11. I instruct you that as a matter of law, it is implied term of every contractual relationship between an attorney and client that the attorney will perform his professional services with reasonable professional skill and care.

12. Furthermore, where an attorney holds himself out to a client as being a specialist, and possessing particular experience and/or skill, in a particular field or specialty of law, it is an implied term of such attorney-client contracts that the attorney will exercise that degree of skill and care that a reasonable attorney specializing in that particular field or specialty would exercise. If you find that the Defendants, or either of them, held themselves out as being specialists in the field of fundraising agreements with non-profits, or compliance with Postal Service legal requirements with respect to such activities, then the Defendants were required to exercise that degree of skill and care that such a specialist would have exercised in the circumstances with respect to such matters.

13. The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract. In order to recover damages against the Defendants, the Plaintiff must demonstrate that the damages complained of were caused by the Defendants' conduct. If the damages were caused by the Plaintiff or by someone other than the Defendants, then the Plaintiff is not entitled to damages from the Defendants. *Kobayashi v. Orion Ventures, Inc.*, 42 Mass. App. Ct. 492 (1997).

14. The Plaintiff is entitled to recover damages sufficient to give it the benefit of its contractual bargain, as long as such damages are reasonably proved. In other words, the Plaintiff is entitled to those damages that would put the Plaintiff in a position to obtain that which it has bargained to obtain, so far as compensation in money can be computed by rational methods upon a firm basis in fact. *Productora E Importadora De Papel v. Fleming,* 376 Mass. 826, 837–38 (1978).

15. An injured party is entitled to recover both general and special damages. General damages are those which flow according to common understanding as the natural and probable result of the breach. Consequential damages result from special circumstances known or presumed to have been known to the parties.

16. The Defendants have presented the testimony of an attorney claiming to have experience in the area nonprofit fundraising. A witnesses who, because of special knowledge, training or experience, has knowledge about particular subject matter beyond that possessed by the average person, is sometimes referred to as an expert and may be permitted to testify as to opinions concerning matters within the witness' field of expertise. However, no expert's opinions are binding upon you and you are free to accept or reject all or any part of the opinions of any such expert whose opinions you have heard. In deciding whether or not you accept an expert's opinion, you may consider the background and training of the witness, his apparent familiarity and credentials to testify on the matters as to which he has expressed an opinion, whether he has considered the things which you regard as important in forming his opinions, whether his opinions are supported or corroborated by any other evidence in the case and any other factors which you may deem helpful in weighing such testimony. You are not required to determine any facts in this case based on the opinion testimony of any expert and you are

7

entirely free to disregard all such testimony and to make your findings based upon other evidence in the case if you are convinced that it is more reliable.

Legal Malpractice – Negligence

17. I instruct you that the negligence standard for malpractice liability is the same as that which I have instructed you exists as a matter of the attorney-client contractual relationship.

18. In order for the Plaintiff to recover from the Defendants on the negligence aspect of its legal malpractice claim, the Plaintiff must prove the following elements by a preponderance of the evidence: (1) that there was an attorney-client relationship between the Plaintiff and the Defendants; (2) that the Defendants breached or failed to exercise that degree of professional skill and care owed to Plaintiff in handling the matter for which the Defendants were retained; (3) that as a result of the Defendants' breach, the Plaintiff suffered a loss that it would not have otherwise incurred; and (4) that the Plaintiff incurred damages in an amount determinable by you.

19. Negligence is the violation of a legal duty of reasonable care. As a matter of law, an attorney owes every client a duty to exercise reasonable professional skill and care in rendering professional services for the client. An attorney who holds himself out as a specialist in any particular field or specialty of practice owes a duty to exercise that degree of skill and care that a reasonable attorney specializing in such field or specialty of practice would exercise in similar circumstances.

20(a). In considering whether the Defendants exercised reasonable professional skill and care, I instruct you that if you find that Defendants, or either of them, made one or more misrepresentations to Vantage as to matters of fact in connection with their representation, that such conduct constitutes legal malpractice as a matter of law. *See Glidden v. Terranova*, 12

8

Mass. App. Ct. 597, 598 (1981); *Chipman v. Shocket*, 60 Mass. App. Ct. 1109, n.5 (2003); *Hendrickson v. Sears*, 365 Mass 83, (1976)

20(b) [If the Court declines to instruct in accordance with Requested Instruction 20(a) above, then in the alternative, and without waiving that Request, Plaintiff requests that the Court instruct in accordance with the following:] In considering whether the Defendants exercised reasonable professional skill and care, I instruct you that if you find that Defendants, or either of them, made one or more misrepresentations to Vantage as to matters of fact in connection with their representation, that such conduct alone is sufficient to permit you to find legal malpractice as a matter of law if you conclude that the making of such misrepresentation or misrepresentations was inconsistent with the exercise by Defendants of reasonable professional skill and care. *See Glidden v. Terranova*, 12 Mass. App. Ct. 597, 598 (1981); *Chipman v. Shocket*, 60 Mass. App. Ct. 1109, n.5 (2003); *Hendrickson v. Sears*, 365 Mass 83, (1976)

21. If you find that the Defendants, or either of them, made one or more misrepresentations as to matters of fact and that Vantage entered into the Shriners Agreement as a result thereof, and further that it was as a result of the Government's inclusion of claims for mailings made pursuant to the Shriners Agreement that Vantage settled the Underlying Action upon the terms that it did, than I instruct you that, as a matter of law, it is irrelevant whether continued litigation of the claims in the Underlying Action would or would not have resulted in a determination that the Shriners Agreement failed to comply with the Cooperative Mail Rule. Vantage was not required to incur the risk and expense of litigation in order to determine whether the Shriners Agreement violated the Cooperative Mail Rule so long as it acted reasonably and in good faith in attempting to mitigate its loss by settling the Underlying Action when and on the terms that it did.

[only if the Court declines to instruct substantially as requested above, Plaintiff then, without waiving that Request, requests that the Court instruct as follows:] As a defense to the malpractice claim, the Defendants assert that the Plaintiff is not entitled to an award of damages because it would have been successful had it not settled with the United States in the Underlying Action. In other words, it is the Defendants' position that the payment provision of the Shriners Contract complied with the CMR and had the Plaintiff litigated that issue in the Underlying Action, it would have been successful. It is the Defendants' burden to establish that the Shriners Contract complied with the CMR. *See Glidden v. Terranova*, 12 Mass. App. Ct. 597, 600 (1981).

<u>Misrepresentation</u>

22.     In this case, the Plaintiff claims that the Defendants misrepresented material facts, i.e. that such payment terms were common in the industry, had been utilized by Miller in previous fundraising contracts, had been approved without objection by the Postal Service and that the Shriners Agreement itself had been presented to and approved by the Postal Service, and that as a result, the Plaintiff entered into the Shriners Agreement containing the payment provision of Paragraph 13.2, which the Plaintiff says it would not have done but for such misrepresentations. The Plaintiff may recover money damages from the Defendants for misrepresentation if it proves the following by a fair preponderance of the credible evidence: (1) that the Defendants made one or more false statements to Plaintiff as to a matter or matters of fact that a reasonable person in Plaintiff's circumstances would consider important to Plaintiff's decision as to whether to enter into the Shriners Agreement; (2) that when the Defendants made the statement or statements, the Defendants either knew or should, in the exercise of reasonable care have known, that the statement was false, or that they made such statement recklessly by willfully disregarding its truth or falsity; (3) that the Defendants made the false statement with

the intention that the Plaintiff would rely on that statement in making its decision; (4) that Plaintiff did, in fact, reasonably rely on the Defendants' statement(s) as true, and (5) that Plaintiff suffered some financial loss as a result of relying on the Defendants' false statement. *Zimmerman v. Kent*, 31 Mass. App. Ct. 72, 78 (1991).

23.     If you find that the Defendants made any of these representations and that the representations were false, you must consider whether the Defendants made those representations knowing them to be false, with reckless disregards as to whether they were true or false, or without exercising reasonable care to determine whether they were true or false. The law regards intentional, reckless and negligent misrepresentations as wrongful. Actual intent to deceive need not be proven. *See Kozdras v. Land/Vest Properties, Inc.*, 382 Mass. 34, 43 (1980).

24.     The Defendants can be held responsible for an intentional, reckless or negligent misrepresentation about an existing fact. An objective fact, as opposed to an opinion, estimate, or statement of intention, is a statement whose truth or falsity is capable of being determined with certainty. Generally, the Defendants cannot be held responsible for a statement about a future event, although there is an exception to that rule if the Defendants had greater expertise about the particular future event that was being discussed. The Defendants can be held responsible for a misrepresentation about their own opinion, estimate, or intention, but only if they intentionally misrepresented their opinion, estimate, or intention. Additionally, the Defendants can be held responsible for intentionally misrepresenting what the law is if they used their superior knowledge to take advantage of the Plaintiff's relative ignorance of the law and reliance upon their knowledge. *Kannovos v. Annino*, 356 Mass. 42, 50 (1969); *Harris v. Delco Prods., Inc.*, 305 Mass. 362, 365 (1940); *Nota Constr. Corp. v. Keyes Assocs., Inc.*, 45 Mass.

App. Ct. 15, 17 (1998).

26. 25. Additionally, deception need not be direct to come within the reach of the law. If you find that the Defendants' statements and conduct combined had the intention or effect of misleading Plaintiff, that they did, in fact, mislead Plaintiff, and that Plaintiff was acting reasonably, then this is enough to constitute misrepresentation.

26. If Plaintiff has proved the five elements as explained earlier by a fair preponderance of the credible evidence, then you must go on and determine the amount of money damages to be awarded to Plaintiff. In a case where there has been an intentional, reckless or negligent misrepresentation, the law provides that Plaintiff may recover the loss that has been suffered as a result of its reasonable reliance upon such misrepresentations. Thus, if you reach the issue of damages, you should award Plaintiff a sufficient amount of money to put it in the position that it would have been in if the situation had been as represented by the Defendants. In other words, if you reach the issue of damages, Plaintiff is entitled to recover damages sufficient to compensate it for whatever loss you find that it suffered as a result of its reliance upon such misrepresentations. By way of example, if you find that Vantage would not, but for its reliance upon misrepresentations by the Defendants, have entered into the Shriners Agreement upon terms that subjected it to the risk of liability for the Shriners mailings in the Underlying Action, you may consider what portion, if any, of the amount paid by Plaintiff to settle the Underlying Action is ascribable to its exposure in that Action to liability for mailings made under the Shriners Agreement. Mathematical exactness is not required. *See GTE Products Corp. v. Broadway Elec. Supply Co., Inc.*, 42 Mass. App. Ct. 293, 296-297 (1997); *Goldman v. Mahony*, 354 Mass. 705, 709-711 (1968); *Rice v. Price*, 340 Mass. 502, 508 (1960).

27. In addition, if the misrepresentation caused the Plaintiff to incur any additional expenses that were reasonably foreseeable as a result of the Defendants' misrepresentation, then you are to award the Plaintiff an additional amount of money that will compensate it for such additional expenses, if any, as you are persuaded by the evidence that Vantage incurred as a result thereof.

394319v.1