UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VANTAGE FINANCIAL SERVICES, INC.
Plaintiff,

v.

NONPROFIT SERVICE GROUP AND
GEORGE E. MILLER,
Defendants.

C.A. No. 04-11686-WGY

**OPPOSITION TO MOTION IN LIMINE REGARDING EVIDENCE OF
DEFENDANT MILLER'S MISREPRESENTATION**

INTRODUCTION

The plaintiff, Vantage Financial Services, Inc. ("Vantage"), hereby opposes the motion in limine filed by the defendants, Nonprofit Services Group ("NSG") and George E. Miller ("Miller") (collectively "Defendants") regarding the exclusion of evidence of misrepresentations made by Miller. Defendants' motion must be denied because Vantage will proffer credible evidence from which a reasonable jury could conclude that Defendants' misrepresentations may have been negligent.

ARGUMENT

Vantage has a viable claim for negligent misrepresentation. Indeed, this Court implicitly so determined in denying Defendants' Motion for Summary Judgment on the negligent misrepresentation Count. In doing so, the Court may have reasoned that neither Vantage's evidence of the fact of the misrepresentations, nor its evidence of their actual falsity, amounted to sufficient evidence that the misrepresentations were made with deliberate consciousness of their falsity. The specific misrepresentation that is the subject of Defendants' present motion was a statement made by Miller to Lawrence Lyon prior to the execution of the Shriners

Contract. Miller told Mr. Lyon that the Shriners Contract, which included the payment provision contained in Paragraph 13.2, had been submitted to and approved by the Postal Service. (*See* Deposition Transcript of Lawrence Larry Lyons, pp. 100-101.) We now know that neither Miller nor NSG made any such submission to the Postal Service. (Deposition Transcript of George Miller, pp. 303-305.)

Defendants in the present case have not articulated a sufficient basis for excluding evidence of this or any of Miller's other misrepresentations from evidence. Under any claim for negligent misrepresentation, Vantage must prove by a fair preponderance of the credible evidence: (1) that Defendants made a false statement concerning a material fact to Vantage; (2) that Defendants negligently failed to determine whether it was true or false (3) that Defendants intended Vantage to rely on the false statement; (4) that Vantage reasonably relied on Defendants' statement; and (5) that Plaintiff suffered some financial loss as a result.

Vantage has sufficiently pled that Defendants negligently misrepresented facts leading up to and during their engagement by Vantage and that Vantage reasonably relied upon those representations both when it decided to enter into the Shriners Contract and when it pursued its defenses in the Underlying Action. The subject misrepresentation falls well within Vantages' misrepresentation claim. Vantage sufficiently pled that Defendants had misrepresented the Postal Service's approval in Paragraph 17 of the Complaint and whether those allegations were sufficiently specific to withstand challenge under F.R.Civ.P., Rule 9(b) is irrelevant as Defendants filed no Rule 9(b) challenge. Of course, as demonstrated below, Rule 9(b) does not apply, as it is concerned with allegations of fraud, and not with allegations of negligent misrepresentation.

As the Defendants were well aware, Vantage was extremely concerned about entering into any fundraising agreements with a non-profit due to the ongoing litigation with the United States, particularly where, as with the Shriners Contract, the prospective volume of mailings was immense. As such, a reasonable fact finder will be able to conclude under these circumstances that Miller negligently made the subject misrepresentation to provide Vantage with assurances that the Postal Service would have no basis for challenging the Shriners Contract.

Defendants' only resort is to Fed. R. Civ. P. 9(b), but it is misguided. As Defendants are fully aware, this rule does not require a party to allege negligent misrepresentation with particularity. They cite no authority for such a proposition because none exists. Instead, Defendants attempt to persuade the Court that, because Vantage had, alternatively, alleged that the subject misrepresentation was made intentionally, it cannot be the subject of a negligence claim. Defendants ignore the fact that Vantage was well within its right when it pled its misrepresentation claims in the alternative. What Defendants argument wholly ignores is that the relevant distinction between the two claims is that fraud and negligence embody two different states of mind. *Sound Technologies, Inc. v. Hoffman*, 50 MAC 425, 432-33 (2000). It is because that distinction raises questions of fact that are only appropriate for a jury's determination that Vantage included both fraudulent and negligent misrepresentation claims in its Complaint. *Com. v. Sevieri*, 21 Mass. App. Ct. 745 (1986) (the issue of intent generally raises questions of fact for the jury).

WHEREFORE, Vantage respectfully requests that the Court deny Defendants's motion in limine and allow evidence that the subject misrepresentation was made negligently.

VANTAGE FINANCIAL SERVICES, INC.

By its Attorneys,

/s/ Neal Bingham

Laurence M. Johnson (BBO #252720)
Neal J. Bingham (BBO#652029)
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500

394486v.1