UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

————————————————————————X

VANTAGE FINANCIAL SERVICES, INC.,

               Plaintiff,                           Index No. 04-11686 (WGY)

               -against-

NON-PROFIT SERVICE GROUP, INC. AND
GEORGE E. MILLER,

               Defendants.

————————————————————————X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE
DISMISSAL AND TO ENTER JUDGMENT IN THE AMOUNT OF $250,000**

Pursuant to Fed. R. Civ. P. 60(b)(6), plaintiff Vantage Financial Services, Inc.

("Vantage") moves this honorable Court to vacate an order of dismissal entered on or about

January 30, 2006 (the "Order of Dismissal"), and to enter judgment against defendants Non-

Profit Service Group, Inc. and George E. Miller (collectively, "Defendants") in the amount of

$250,000 plus interest going forward, on the grounds that the parties agreed in their settlement

agreement (the "Settlement Agreement") that if Defendants did not make payment of $250,000

within one year from the date of the Settlement Agreement, Vantage could apply to the Court

for the relief sought herein.  Defendants have failed to make any payments to Vantage

whatsoever.

**BACKGROUND**

On or about July 13, 2004, Vantage sued Defendants in Suffolk Superior Court for

various claims related to legal malpractice.  Shortly thereafter, on July 30, 2004, Defendants

removed the case to this Court.  *See* Docket Entry No. 1.  For the following year and a half the

parties litigated this action right up to the eve of trial in January, 2006, at which time they

agreed to settle the matter.  Accordingly, on January 30, 2006, the Court entered a settlement

order of dismissal (the "Order of Dismissal").  *See* Docket Entry No. 30.

On or about March 1, 2006, Defendants signed the Settlement Agreement, a copy of

which is attached as Exhibit A to the accompanying Affidavit of Harry Melikian (the

"Melikian Aff.").  *See* Exhibit A at 6.  Vantage signed the Settlement Agreement on March

13, 2006.  *Id*. at 5.  Pursuant to the Settlement Agreement, Defendants jointly and severally

agreed to pay Vantage the sum of $250,000 (the "Settlement Payment").  *Id*. at 3.  The

Settlement Payment was due on the first to occur of (i) twelve months from the date of the

Settlement Agreement, or (ii) the receipt of proceeds from any sale of real estate subsequent to

the date of the Settlement Agreement.  *Id*.  Further, the parties agreed that if the Defendants

defaulted in the performance of the Settlement Agreement, Vantage could apply to the Court

for (i) vacation of the Order of Dismissal, and (ii) entry of a $250,000 judgment against

Defendants:

> **In the event of a default by Nonprofit and Miller in their performance
> of this Agreement, Vantage shall have the right to apply to the Court
> to vacate the dismissal of the Action and to entry of a judgment against
> Nonprofit and Miller in the amount of the Settlement Payment.**

*Id*. at 4 (emphasis added).

To date, Defendants have not paid a single penny in satisfaction of the Settlement

Payment, notwithstanding defendant Miller's apparent significant real estate holdings.  *See*

Melikian Aff., ¶ 5.

## ARGUMENT

**I.    AS PER THE SETTLEMENT AGREEMENT, THE COURT SHOULD VACATE ITS ORDER OF DISMISSAL AND ENTER JUDGMENT AGAINST THE DEFENDANTS IN THE AMOUNT OF $250,000**

Pursuant to Fed.R.Civ.P. 60(b)(6), the Court has the authority to vacate the Order of

Dismissal, as the parties agreed in the Settlement Agreement:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons:…(6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(6).  While a motion for relief under Fed.R.Civ.P. 60(b)(1)-(3) must be

made within one year, a motion for relief under Fed.R.Civ.P. 60(b)(6) must be made "within a

reasonable time."  *Rivera v. Puerto Rico Tel. Co.*, 921 F.2d 393, 395 (1st Cir. 1990).

In *United States v. Baus*, 834 F.2d 1114, 1121 (1st Cir. 1987), the First Circuit found

"extraordinary circumstances" justifying relief under Fed.R.Civ.P. 60(b)(6) from the

execution of a judgment against the guarantors of a loan, after the government materially

breached its settlement agreement with the guarantors.  The First Circuit held that a material

breach of a settlement agreement is sufficient to warrant relief under Fed. R. Civ. P. 60(b)(6):

> This accords with the purpose of Rule 60(b)(6). "Where the [settlement] agreement is made, as here, under the eyes of the court, it is a most solemn undertaking, requiring the lawyers, as officers of the court, to make every reasonable effort to carry it through to a successful conclusion." *Warner v. Rossignol*, 513 F.2d 678, 682 (1st Cir. 1975).  Material breach of such a solemn obligation presents an extraordinary situation of permitting a party to benefit from a judgment the terms of which it has deliberately disregarded.

*Id.* at 1124.  *See also Keeling v. Sheet Metal Workers Int'l Assoc.*, 937 F.2d 408, 410 (9th Cir.

1991) ("Repudiation of a settlement agreement that terminated litigation pending before a

court constitutes an extraordinary circumstance, and it justifies vacating the court's prior

dismissal order"); *Fairfax Countywide Citizens Assoc. v. County of Fairfax*, 571 F.2d 1299,

1302-03 (4th Cir. 1978) ("upon repudiation of a settlement agreement which had terminated

litigation pending before it, a district court has the authority under Rule 60(b)(6) to vacate its

prior dismissal order and restore the case to its docket"); *Aro Corp. v. Allied Witten Co.*, 531

F.2d 1368, 1371 (6th Cir. 1976) (order of dismissal vacated under Fed.R.Civ.P. 60(b)(6)

where party failed to abide by terms of settlement agreement; "The court below had not only

the inherent power but, when required in the interests of justice, the duty to enforce the

agreement which had settled the dispute pending before it.").[1]

Vantage seeks to vacate the Order of Dismissal and to enter judgment in the amount of

$250,000, as provided in the Settlement Agreement.  This motion has been made in a timely

fashion, as the Settlement Agreement provided Defendants with, at most, one year to make the

$250,000 Settlement Payment, and just over one year has elapsed since the parties signed the

Settlement Agreement.  The entire basis of the Settlement Agreement was the Defendants'

agreement to make the $250,000 payment.  Over a year later, Defendants have inexplicably

failed to make the Settlement Payment, notwithstanding the fact that Defendant Miller

apparently has substantial real estate holdings, believed to be in excess of $1.3 Million.  This

refusal to make the Settlement Payment is a material breach of the Settlement Agreement and

warrants relief under Fed.R.Civ.P. 60(b)(6).[2]

---

[1] *Cf. Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140-41 (3d Cir. 1993).  In *Sawka*, the Third Circuit
affirmed District Court's order refusing to reopen case pursuant to Fed.R.Civ.P. 60(b)(6), on the grounds
the appellant could bring a new claim for breach of the settlement agreement.  This case is distinguishable
from *Sawka*, insofar as the Third Circuit found that there was no indication the court would retain
jurisdiction over the claim, whereas the parties herein specifically agreed in the Settlement Agreement
that Vantage could apply to the Court to reopen this case and enter judgment in the amount of the
Settlement Payment.

[2] In the alternative, Vantage could bring a second action against the Defendants in this Court, in which it
would (i) ask the Clerk of the Court to deem the new case related to this case pursuant to Local Rule
40.1(G)(1), and (ii) likely end up back before this Court.  This seems to be the least efficient means of

In addition, Vantage respectfully requests that the Court order Defendants to pay all legal fees incurred with the making of this motion.  On March 20, 2007, counsel for Vantage sought the assent of Defendants to this motion, but no such assent was forthcoming.  As a result, Vantage has incurred and continues to incur legal fees, notwithstanding the terms of the Settlement Agreement.

## CONCLUSION

Based on Defendants' material breach of the Settlement Agreement and Defendants' previous agreement to vacate the Order of Dismissal and for the entry of judgment if payment were not made, Vantage Financial Services, Inc. respectfully requests that this Court vacate the Order of Dismissal, enter judgment against Defendants Non-Profit Service Group, Inc. and George E. Miller in the amount of $250,000 plus interest going forward and the legal fees associated with making this motion, and grant such other relief the Court deems just and proper.

Dated:  March 21, 2007                          Respectfully submitted,

                                                VANTAGE FINANCIAL SERVICES, INC.,

                                                By its attorneys,


                                                /s/ Joseph J. Koltun
                                                William F. Macauley (BBO# 310060)
                                                Joseph J. Koltun (BBO #641117)
                                                CRAIG AND MACAULEY
                                                  PROFESSIONAL CORPORATION
                                                Federal Reserve Plaza
                                                600 Atlantic Avenue
                                                Boston, MA 02210
                                                (617) 367-9500

---

addressing Defendants' non-payment and would only force Vantage to expend further resources in circumstances in which there is no defense.

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true and accurate copy of the foregoing

*Memorandum of Law in Support of Motion to Vacate Order of Dismissal and to Enter*

*Judgment in the Amount of $250,000,* to be served electronically and by first-class United

States mail postage prepaid on March 21, 2007 to the following address:

Matthew J. Griffin, Esq.
Richard L. Nahigian
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110


/s/ Joseph J. Koltun
Joseph J. Koltun (BBO #641117)

6