# EXHIBIT A

## *RELEASE AND SETTLEMENT AGREEMENT*

This Release and Settlement Agreement ("Agreement") is entered into by and between Vantage Financial Services, Inc. ("Vantage") and Nonprofit Service Group, Inc. and George E. Miller.

A. *WHEREAS*, there is now pending in the United States District Court for the District of Massachusetts, a civil action titled <u>Vantage Financial Services, Inc. v. Nonprofit Service Group, Inc. and George E. Miller</u>, Civil Action No. 04-11686WGY (the "Action");

B. *WHEREAS*, the parties to this Agreement wish to avoid the expense of further litigation; and

C. *WHEREAS*, the parties to this Agreement desire to finally compromise and settle the Action completely as among themselves, their officers, directors, predecessors and successors in interest, heirs, executors, administrators, estates, assigns, attorneys, agents, and employees;

*NOW THEREFORE*, in consideration of the covenants and conditions contained herein, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement agree as follows:

1A. *VANTAGE RELEASE OF DEFENDANTS*. Vantage Financial Services, Inc. ("Vantage") on behalf of itself and its respective officers, directors, shareholders (including, but not limited to, in the case of Vantage, Henry Lewis, Harry Melikian and Ted Sykes), parents, subsidiaries, affiliates, predecessors and successors in interest, assigns, attorneys, employees, and past or present agents, heirs, executors, administrators, and estates (collectively the "Vantage Releasors") hereby releases, acquits, and forever discharges George E. Miller and Nonprofit Service Group, Inc. (hereinafter the "Miller Defendants") and its officers, directors, shareholders (and including, but not limited to George E. Miller and Carolyn Emigh), predecessors and successors in interest, assigns, attorneys, and employees, past or present agents, heirs, executors, administrators, and estates (hereinafter in this paragraph collectively the "Miller Releasees") from any and all

claims, causes of action, liabilities and damages of any kind or description, either in law or in equity, whether or not now known, suspected or claimed that the Vantage Releasors, or any of them, now has or may have against the Miller Releasees, or any of them, to and including the date of this Agreement, including, but not limited to, any and all claims, causes of action, liabilities, and damages that are the subject matter of, or that have been alleged, or could have been alleged, in the Action, or are in any way related to an Agreement to Provide Fundraising, Consulting and Management Services entered into between Shriners Hospitals for Children and Vantage Financial Services, Inc., executed on June 17, 1999 and June 22, 1999, respectively.

1B. *DEFENDANTS' RELEASE OF VANTAGE.* Nonprofit Service Group and George E. Miller (collectively the "Miller Defendants") on behalf of themselves and their respective officers, directors, shareholders (including, but not limited to, George E. Miller and Carolyn Emigh), parents, subsidiaries, affiliates, predecessors and successors in interest, assigns, attorneys, employees, and past or present agents, heirs, executors, administrators, and estates (hereinafter collectively in this paragraph the "Miller Releasors") hereby release, acquit, and forever discharge Vantage Financial Services, Inc. ("Vantage") and its officers (including, but not limited to, Henry Lewis and Harry Melikian), directors, shareholders, predecessors and successors in interest, assigns, attorneys, and employees, past or present agents, heirs, executors, administrators, and estates (hereinafter collectively in this paragraph the "Vantage Releasees") from any and all claims, causes of action, liabilities and damages of any kind or description, either in law or in equity, whether or not now known, suspected or claimed that the Miller Releasors, or any of them now have or may have against the Vantage Releasees, or any of them, to and including the date of this Agreement, including, but not limited to, any and all claims, causes of action, liabilities, and damages that are the subject matter of, or that have been alleged, or could have been alleged, in the Action, or are in any way related to an Agreement to Provide Fundraising, Consulting and Management Services

2

entered into between Shriners Hospitals for Children and Vantage Financial Services, Inc., executed on June 17, 1999 and June 22, 1999, respectively.

2. *SETTLEMENT PAYMENT.* Following and within twelve months from the date of this Agreement, Nonprofit Service Group, Inc. and George E. Miller, jointly and severally, shall pay to Vantage Financial Services, Inc. Two Hundred Fifty Thousand and 00/100 ($250,000.00) Dollars (the "Settlement Payment") in full satisfaction of Miller's and Nonprofit's financial obligations under this Agreement. No interest shall accrue or be due and payable with respect to the Settlement Payment. Nonprofit and Miller anticipate, without in any respect limiting their unconditional obligation to pay the Settlement Payment, that it will be necessary for George E. Miller to dispose of certain real estate in order to raise sufficient funds to make the Settlement Payment. George E. Miller agrees to employ reasonable efforts to dispose of such real estate as promptly as practicable, taking into account prevailing market conditions affecting the value and marketability of such real estate. George E. Miller further agrees to make the Settlement Payment on the first to occur of (i) twelve months from the date of this Agreement or (ii) his receipt of proceeds from any sale of real estate that either solely or in combination with the proceeds from the sale of any other real estate closings subsequent to the date of this Agreement, has yielded net proceeds in an amount at least equal to the Settlement Payment.

3. *NO ADMISSION OF LIABILITY.* The parties enter into this Agreement solely in settlement of a disputed claim. This Agreement shall not be construed as any admission on the part of either Vantage or Nonprofit and Miller that any of the allegations of wrongdoing asserted by Vantage in the Action are either true or untrue. Both parties assert that they enter into this Agreement solely to settle a disputed claim and to avoid further litigation costs.

4. *DISMISSAL WITH PREJUDICE.* Vantage agrees to take whatever affirmative action is reasonably necessary to dismiss and discontinue the Action with prejudice. Pursuant to

3

Fed. R. Civ. P. 41(a)(1)(ii), the parties, by their attorneys, shall sign and file a stipulation of dismissal with prejudice in the Action. In the event of a default by Nonprofit and Miller in their performance of this Agreement, Vantage shall have the right to apply to the Court to vacate the dismissal of the Action and to entry of a judgment against Nonprofit and Miller in the amount of the Settlement Payment.

5. **GENERAL PROVISIONS**.

   (a) *Voluntary Agreement*. By signing this Agreement, the parties acknowledge that they understand its provisions and that their agreement to same is knowing and voluntary.

   (b) *Severability*. The invalidity or unenforceability of any provision hereof shall in no way affect the validity or enforceability of any other provision of this Agreement or any part thereof.

   (c) *Enforcement and Applicable Law*. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts without giving effect to its conflicts of laws principles.

   (d) *Entire Agreement*. This Agreement constitutes the entire Agreement between the parties hereto pertaining to the subject matter hereof and supercedes all prior and contemporaneous agreements, understandings, negotiations, and discussions, whether oral or written between the parties and there are no warranties, representations, or other agreements between the parties in connection with the subject matter hereof except as specifically set forth herein.

   (e) *Modification or Waiver*. This Agreement may only be amended or modified by a written instrument. The failure of any party at any time to require the

4

        performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same.

(f) *Access to Counsel*. The parties represent and agree that they have been represented by counsel of their own choosing at all times relevant to this Agreement, and that they have consulted with counsel prior to signing this Agreement.

(g) *Counterparts*. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which shall constitute one in the same instrument.

        IN WITNESS WHEREOF, the parties execute this Agreement on the ____ day of February 2006.

        VANTAGE FINANCIAL SERVICES, INC.
By its duly authorized agent:

_Ted Sykes_
Print Name: Ted L. Sykes
Title: Treasurer

COMMONWEALTH OF MASSACHUSETTS   MARCH
SUFFOLK, ss.   ~~February~~ 13, 2006

    Then personally appeared before me, the above named _Ted Sykes_, known to me or satisfactorily proven to be the person who has above signed this instrument and hereby acknowledges the foregoing to be his free act and deed, and that ~~he has~~ been duly authorized by Vantage Financial Services, Inc. to bind said corporation by signing this instrument.

Notary Public: _____
My Commission Expires: November 19, 2010

Catherine M. Marino
Notary Public
Commonwealth of Massachusetts
My Commission Expires
November 19, 2010

GEORGE E. ~~MILLER~~

5

_George E. Miller_
Print Name: George E. Miller

STATE OF VIRGINIA

ARLINGTON, ss. ~~County~~ of Fairfax    ~~February~~ March 1, 2006

Then personally appeared before me, the above named George E. Miller, known to me or satisfactorily proven to be the person who has above signed this instrument and hereby acknowledges the foregoing to be his free act and deed.

Notary Public: _____
My Commission Expires: 01/31/2008

NONPROFIT SERVICE GROUP, INC.
By its duly authorized agent:

_George E. Miller_
Print Name: George E. Miller
Title: President

STATE OF VIRGINIA

ARLINGTON, ss. ~~County~~ of Fairfax    ~~February~~ March 1, 2006

Then personally appeared before me, the above named George E. Miller, known to me or satisfactorily proven to be the person who has above signed this instrument and hereby acknowledges the foregoing to be his free act and deed, and that he has been duly authorized by Nonprofit Service Group, Inc. to bind said corporation by signing this instrument.

Notary Public: _____
My Commission Expires: 01/31/2008

396676v.2

6