UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VANTAGE FINANCIAL SERVICES, INC.,<br>        Plaintiff<br>v.<br>NONPROFIT SERVICE GROUP, INC. and<br>GEORGE E. MILLER,<br>        Defendants | CIVIL ACTION NO. 04-11686WGY |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL AND TO ENTER JUDGMENT IN THE AMOUNT OF $250,000.00**

**INTRODUCTION**

Defendants Nonprofit Service Group, Inc. and George E. Miller ("Defendants") oppose Plaintiff Vantage Financial Services, Inc.'s Motion to Vacate the dismissal in this matter on the ground that the Court does not have subject matter jurisdiction to reopen this previously dismissed matter for purposes of enforcing the parties' private settlement agreement. It is important to recognize, however, that contrary to Plaintiff's suggestion in its moving papers, Defendants, and in particular Mr. Miller, have not repudiated the private settlement agreement that they entered into with Plaintiff. Despite Plaintiff's unsubstantiated surmise to the contrary, Mr. Miller has made extensive efforts to liquidate certain real estate assets that are jointly owned with a third-party and that are subject to the rights of secured creditors. Mr. Miller is hopeful that he will eventually be able to realize sufficient net sales proceeds to satisfy Plaintiff's unsecured claim to payment under the settlement agreement.

Pursuant to paragraph 4 of the settlement agreement, the parties stipulated to the dismissal of this case with prejudice on March 8, 2006. Additionally, the Court had previously

issued a Settlement Order of Dismissal that contained a thirty day nisi provision.  The thirty day period expired without any attempt by Plaintiff to extend or otherwise modify the terms of the Settlement Order.  None of the relevant documents filed in this case expressed an intention for the Court to retain jurisdiction over the enforcement of the settlement agreement.  In the absence of any retention of jurisdiction for that purpose in the Stipulation of Dismissal with Prejudice, the Court's Settlement Order of Dismissal, or any other document docketed by the Court, Plaintiff has no basis to ask this Court to exercise ancillary jurisdiction by enforcing the parties' private settlement agreement.  Binding Supreme Court and First Circuit precedent is clear that the trial court does not retain jurisdiction to enforce settlement agreements unless the court explicitly retains jurisdiction in the order of dismissal or by stipulation.

While Plaintiff relies on language in the settlement agreement stating that it has "the right to apply" to the Court to vacate the dismissal and to enter judgment in the amount of the settlement, that language was essentially a term of adhesion that does not constitute valid grounds for reopening this case, or for an entry of judgment, because neither form of relief was actually agreed to by Defendants or incorporated in a dismissal order or stipulation filed with the Court.  The asserted "right to apply" was nothing more than that – a right, on the part of Plaintiff, "to apply" to the Court to vacate the dismissal and convert the settlement amount into a judgment.  The settlement agreement does not confer jurisdiction on the Court to actually take such action, and it was not up to Defendants to point that out at the time the language was proposed by Plaintiff's predecessor counsel.  Paragraph 4 of the settlement agreement also clearly provides that the only document that the parties contemplated filing with the Court to effectuate the termination of the case was a stipulation of dismissal with prejudice under Fed.R.Civ.P. 41(a)(1)(ii).  More was required to give jurisdictional effect to the settlement

agreement provision now relied on by Plaintiff. By failing to seek an order or a stipulation pursuant to which the Court would retain jurisdiction to enforce the settlement agreement, Plaintiff's only potential remedy at this stage would be to file a separate action to enforce the parties' private agreement.

## BACKGROUND

As set forth in Plaintiff's motion, under the settlement agreement, Defendants had twelve months to raise the $250,000 settlement payment. While Defendants' payment obligation was not conditioned on the sale of real estate, the agreement expressly contemplated that the money would be raised by liquidating real estate owned by Mr. Miller. As stated in paragraph 2 of the settlement agreement, "George E. Miller agrees to employ reasonable efforts to dispose of such real estate as promptly as practicable, taking into account prevailing market conditions affecting the value and marketability of such real estate." Since the spring of 2006, Mr. Miller's residence in McLean, Virginia has been marketed for sale by a licensed real estate broker. (Affidavit of George Miller, "Miller Aff." ¶6). The property is jointly owned by a third-party who has not assented to further borrowing against the property to satisfy Defendants' settlement obligation. (Miller Aff. ¶6). Due to the decline in real estate activity over the course of the past year, Mr. Miller has been unable to sell his home. (Miller Aff. ¶7). While rising interest rates and declining sales in the real estate market has impeded Mr. Miller's ability to make the settlement payment, he continues to market his property with the intention of accepting a fair price for his home to make good on his settlement obligation. (Miller Aff. ¶8). It is Mr. Miller's intention to accept a fair price for his home that will enable him to make good on Defendants' settlement obligation. (Miller Aff. ¶9). He believes that the real estate market in his area is showing signs of improvement, and based on recent interest in the home, he is hopeful that he will be able to

realize sufficient net sales proceeds soon to satisfy Plaintiff's unsecured claim to payment under the settlement agreement. (Miller Aff. ¶8).

The terms of the settlement agreement, Stipulation of Dismissal with Prejudice and the Court's Settlement Order of Dismissal do not provide that the Court retains jurisdiction over this case to enforce the settlement. The settlement agreement merely provides Plaintiff with the "right" to "apply" to vacate the dismissal and for entry of judgment. The Stipulation of Dismissal with Prejudice (Document 76) jointly filed by the parties on March 8, 2006 makes no reference to the settlement agreement, let alone retention of jurisdiction to enforce the agreement. Although the Court's Settlement Order of Dismissal (Document 75) afforded either party the right to reopen the case within thirty (30) days of the January 30, 2006 order if settlement was not consummated, the Settlement Order of Dismissal makes no reference to the Court retaining jurisdiction to enforce the settlement. Moreover, Plaintiff did not apply to the Court either to modify the settlement order of dismissal or to reopen the case within the thirty day deadline set by the Court.

**ARGUMENT**

I. **The Court Lacks Subject Matter Jurisdiction to Enforce the Parties' Private Settlement Agreement.**

The controlling legal precedent is set forth in the Supreme Court's decision in Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the reasoning of which has been adopted by the First Circuit in Lipman v. Dye, 294 F.3d 17 (1st Cir. 2002) and Municipality of San Juan v. Rullan, 318 F.3d 26 (1st Cir. 2003).[1] In Kokkonen, the

---

[1] Plaintiff's request that Defendants pay all legal fees incurred with the making of their motion should be denied by the Court because the motion to vacate is not based on any valid legal authority. If any party's costs should be paid, it should be Defendants', because Plaintiff's motion constitutes an effort to proceed in the absence of any legal authority to accomplish what it should be attempting to accomplish by means of a separate action.

4

Supreme Court held that federal courts do not retain ancillary jurisdiction to enforce settlement agreements absent specific language in the order of dismissal. Kokkonen, Supra. The enforcement of a settlement agreement is not a continuation of the dismissed action but requires an independent jurisdictional basis. Lipman, 294 F.3d. at 20 citing Kokkonen, 511 U.S. at 378:

> Subject matter jurisdiction may be independent or ancillary. Absent an independent basis for federal jurisdiction, dismissal-producing settlement agreements are not enforceable in federal court unless the district court has ensured its continuing ancillary jurisdiction by making "the parties' obligation to comply with the settlement agreement. . . part of the order of dismissal.". . . A district court can do so by either including a provision explicitly retaining jurisdiction over the settlement agreement or by incorporating the terms of the settlement agreement in the court's order. . . This is so whether the dismissal is by order of the court pursuant to Rule 41(a)(2) or by stipulation of the parties pursuant to Rule 41(a)(1)(ii). . ."

Lipman, 294 F.3d. at 20 citing Kokkonen, 511 U.S. at 380-381 (internal citations omitted); see also Municipality of San Juan, 318 F.3d at 30 (holding Kokkonen is controlling on this issue).

The Plaintiff's primary reliance on U.S. v. Baus, 834 F.2d 1114 (1st Cir. 1987), is misplaced because Baus involved the enforcement of a settlement agreement that had been incorporated into the judgment of the court. The procedural step of incorporating the settlement agreement into the court's order is precisely what is lacking here. The additional non-binding precedent cited by Plaintiff is also not determinative or persuasive here because the cases cited by Plaintiff pre-date the binding decision in Kokkonen, Lipman, and Municipality of San Juan.

As in Lipman, the Court's retention of jurisdiction of this case pending settlement was for a limited period that has long-since lapsed. The Settlement Order of Dismissal makes no provision for retaining jurisdiction over settlement enforcement. The same is true of the Stipulation of Dismissal with Prejudice that was later filed by the parties. As stated in Lipman, "If the parties had wanted the district court to retain jurisdiction over the enforcement of the

5

settlement agreement they could have so requested.  They did not.  [Plaintiff] can presumably bring an independent action for breach of contract. . . ." Lipman, 294 F.3d at 21; see also Municipality of San Juan, 318 F.3d at 30 (holding that absent provision in order for retention of jurisdiction to enforce settlement only remedy is separate action for enforcement).  The same reasoning applies here.  The order of dismissal and the settlement agreement are silent as to the issue of whether the Court retains jurisdiction to enforce the settlement.  In the absence of an order or stipulation vesting the Court with ancillary jurisdiction to enforce the settlement, Plaintiff's only remaining option is to file a new action to enforce the agreement.

     Plaintiff argues that there is no practical difference between reopening this case, with a subsequent entry of judgment, and opening a new case to enforce the settlement.  Whether such an action is a "related matter" that would be heard by the same Justice of this Court, as Plaintiff claims it would be, is beside the point.  There is a significant difference between reopening a matter in which Plaintiff originally sought more than three million dollars in damages and initiating a new matter to pursue an alleged breach of a $250,000 settlement agreement.  The difference is embodied in the decisions of the Supreme Court and First Circuit cited above.  While the Plaintiff's motion criticizes Defendants for opposing the reopening of this matter, Defendants have valid legal grounds for their opposition and, as a practical matter, Defendants never actually agreed that this action would be reopened so that judgment could enter against them. Defendants only agreed that Plaintiff had the right to apply for such relief.  But Plaintiff never took the necessary steps to lay the predicate for such an application by "having the Court either (1) incorporate in the dismissal order the terms of the settlement agreement, or (2) enter a separate stipulation (signed by all the parties) that authorizes the retention of jurisdiction." Municipality of San Juan, 318 F.3d at 30 (citation omitted).

## II. Because Defendants Have Not Repudiated the Settlement Agreement, There are No Exceptional Circumstances Upon Which to Vacate the Dismissal under Rule 60(b)(6).

Plaintiff argues that Defendants' failure to make the settlement payment within the twelve month period contemplated by the settlement agreement is sufficient grounds to vacate the dismissal of this case under Fed.R.Civ.P. 60(b)(6). In support of this contention, Plaintiff relies on Keeling v. Sheet Metal Workers, Int'l Assoc., 937 F.2d 408 (9th Cir. 1991), Fairfax Countywide Citizens Assoc., 571 F.2d 1299 (4th Cir. 1978), Aro Corp. v. Allied Witten Co., 531 F.2d 1368 (6th Cir. 1976) as well as United States v. Baus, supra. As shown below, Plaintiff's reliance is misplaced because none of these cases warrants relief under Rule 60(b)(6) in this case.

Far from supporting Plaintiff's position, the Keeling Court observed that,

> [i]n the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not, as here, reopen the underlying litigation after dismissal.

Keeling, 937 F. 2d at 410 (citation omitted). The Court ultimately granted relief under 60(b)(6) only because, "the settlement agreement was contingent upon the Bankruptcy Court's approval which was not given." Id.[2] In Keeling, therefore, the extraordinary circumstance that warranted relief under Rule 60(b)(1) was the "complete frustration" of the settlement agreement as a result of the failure to obtain the Bankruptcy Court's approval of the settlement. In other words, the settlement agreement was essentially nullified by the failure to obtain Bankruptcy Court approval. Similarly, in Fairfax, the defendant county government determined that the agreement was, at least in part, void as contrary to state law, and it subsequently passed a resolution

---

[2] The record also showed little if any effort on the part of the obligated party to obtain bankruptcy approval. Here, in contrast, for over a year Mr. Miller has employed the services of real estate professionals to market his property in order to raise sufficient net proceeds to satisfy his settlement obligation.

7

repudiating the settlement agreement. Here, in contrast, there has been no repudiation of the settlement agreement. Instead, Mr. Miller has undertaken extensive efforts to sell his home in order to raise sufficient funds to make the settlement payment.

Aro Corp. similarly misses the mark. In Aro Corp., the parties settled a case by entering into a license agreement that provided for the payment of royalties. The defendant refused to pay royalties due under the settlement license. The fact that royalties were due implied, if not confirmed, the financial wherewithal to pay the royalties, but instead of paying them, "[a]lmost before the ink had dried on the license," the defendant began questioning the terms of the agreement, in effect repudiating it. Aro Corp., 531 F.2d at 1370. Here, Defendants have never questioned their obligation to pay $250,000.00 to Plaintiff. Moreover, Mr. Miller has attempted in good faith to raise the necessary funds to pay Plaintiff, and he continues to do so. Defendants' conduct has been entirely consistent with an intention to comply with the settlement agreement. Unfortunately, in this economy, there is nothing exceptional or unusual about Mr. Miller's lack of success to date in liquidating sufficient assets to pay Plaintiff.

Baus similarly fails to support Plaintiff's claim that this case should be reopened to enforce the parties' private settlement agreement. While Plaintiff's quotation from Baus is accurate as far as it goes, elsewhere in the opinion, the First Circuit made it clear that:

> [a]s a legal matter, it is well-accepted that the material breach of a settlement agreement which has been incorporated into the judgment of a court entitles the non-breaching party to relief from judgment under Rule (60)(b)(6).

Baus, 834 F.2d at 1124 (emphasis added) (citations omitted). In Baus, the parties entered into a detailed settlement stipulation, and "the District Court entered judgment … in accordance with the terms and conditions of the stipulation." Id. at 1116. Here, no portion of the parties' private

8

settlement agreement was submitted to the Court, and it certainly was not incorporated into any subsequent judgment of the Court.

While unfortunate, there is nothing exceptional or extraordinary about Defendants' inability to make the settlement payment at this time. The settlement agreement expressly contemplated that Mr. Miller would have to sell his house in order to raise sufficient funds to pay the Plaintiff. With gross earnings last year of about $175,000, Defendant Nonprofit Service Group is certainly not a viable source of funds with which to pay Plaintiff. While the agreement contemplated payment within twelve months regardless of whether Mr. Miller was able to sell the property, Plaintiff surely understood that if Mr. Miller were unable to do so within the twelve month period, his ability to make the payment within that time frame would be doubtful at best. As set forth in Mr. Miller's accompanying affidavit, he continues to make every effort to sell the property, and he has every intention of making good on Defendants' obligation to pay Plaintiff. In the meantime, there is no legal basis for granting the relief requested by Plaintiff, or for awarding Plaintiff its costs associated with the preparation of its motion.

## **CONCLUSION**

For the above-stated reasons, Plaintiffs motion to vacate the dismissal of this matter and to enter judgment should be denied.

        Respectfully submitted,

        Nonprofit Service Group Inc. and
        George E. Miller,
        By their attorneys

        /s/ *Richard L. Nahigian*
        Richard L. Nahigian, BBO #549096
        Matthew J. Griffin, BBO#641720
        Peabody & Arnold LLP
        30 Rowes Wharf
        Boston, MA 02110
        (617) 951-2100

## CERTIFICATE OF SERVICE

I, Richard L. Nahigian, hereby certify that on this 3rd day of April, 2007, I served the within Defendants' Opposition to Plaintiff's Motion to Vacate Order of Dismissal and to Enter Judgment in the Amount of $250,000.00 by causing a copy thereof to be sent electronically to the registered participants in this case, and paper copies mailed via first class, postage prepaid to the non-registered participants in this case, if any, as identified on the Notice of Electronic Filing (NEF).

        /s/ Richard L. Nahigian
        Richard L. Nahigian

PABOS2:MJGRIFF:657882_1
14794-90433