UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
VANTAGE FINANCIAL SERVICES, INC. )
                                    )
          Plaintiff,                )
                                    )
          v.                        )   CIVIL ACTION
                                    )   NO. 04-11686-WGY
NONPROFIT SERVICE GROUP, INC.,      )
AND GEORGE E. MILLER,               )
                                    )
          Defendants.               )
                                    )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                      June 13, 2007

## I.   INTRODUCTION

The plaintiff, Vantage Financial Services, Inc. ("Vantage"),
brings this motion to vacate this Court's January 30, 2006 order of
dismissal.   Mot. to Vacate Settlement Order of Dismissal and to
Enter J. [Doc. No. 78] ("Pl. Mot.") at 1 (filed on March 21, 2007).
Vantage also asks this Court to enforce a settlement contract that
formed the basis for the agreement to dismiss the underlying claim.
Id.

### A.   Background

On or about July 2004, Vantage sued the NonProfit Service
Group, Inc. and George Miller (collectively "the Defendants") for
legal malpractice, misrepresentation, and unfair and deceptive acts
and practices in violation of Massachusetts General Laws, chapter

93A.   The case was removed to this Court in accordance with 28
U.S.C. § 1441(a), and jurisdiction was proper due to the diversity
of the parties.   28 U.S.C. § 1332(a).   The case proceeded in the
normal course, and on the eve of trial, the parties agreed to
settle.

Unbeknownst to the Court, the parties had agreed that in
exchange for releasing the Defendants from liability, the
Defendants agreed to pay Vantage $250,000 within one year.   Aff. of
Harry Melikian [Doc. No. 80-2], Ex. A at 1-3.   The settlement
contract also included a provision that "[i]n the event of a
default . . . Vantage shall have the right to apply to the Court to
vacate the dismissal of the Action and to entry of a judgment
against [the Defendants]."   Id. at 4.

A year passed and the Defendants did not pay Vantage the
$250,000.   Pl. Mot. at 1.   Vantage now attempts to exercise its
right to vacate the dismissal.

## II.  DISCUSSION

It may be that Vantage and the Defendants agreed to reopen the
case upon breach of contract, but that agreement does not control
the actions of this Court.   This Court is governed by its statutory
grant of jurisdiction and by the Federal Rules of Civil Procedure,
neither of which support Vantage's position.

This Court cannot enforce the terms of a settlement contract
unless it has jurisdiction to do so.   This situation is governed by

2

the First Circuit decision in Lipman v. Dye, 294 F.3d 17, 20 (1st Cir. 2002). In Lipman, the First Circuit follows the reasoning of the Supreme Court that "dismissal-producing settlement agreements are not enforceable in federal court unless the district court has ensured its continuing ancillary jurisdiction by making 'the parties' obligation to comply with the settlement agreement . . . part of the order of dismissal.'" Id. (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)). The order of dismissal in this case refers to the settlement only in that it provides for a reopening of the case should settlement discussions fail to consummate within 30 days. Settlement Order of Dismissal [Doc. No. 75]. Without an incorporation of the terms of the settlement into the dismissal order, this Court does not have the inherent jurisdiction to enforce it.[1]

Vantage also requests that this court reopen the case pursuant to Federal Rule of Civil Procedure 60(b)(6). A party "faces formidable hurdles in pursuing a 60(b)(6) claim. There must exist 'exceptional' circumstances that justify 'extraordinary' relief." Simon v. Navon, 116 F.3d 1, 5 (1st Cir. 1997). Vantage argues

---

[1] The Court recognizes that an argument could be made that ancillary jurisdiction remains due to the independent basis for federal diversity jurisdiction. See F.A.C., Inc. v. Cooperativa de Seguros de Vida de P.R., 449 F.3d 185, 190 (1st Cir. 2006). Ancillary jurisdiction, however, retains a discretionary character based on its origin in courts of equity,. U.S.I. Props. Corp. v. M.D. Constr. Co., 230 F.3d 489, 496 (1st Cir. 2000). Thus, even if this Court may exercise ancillary jurisdiction, it simply chooses not to.

3

that a breach of a settlement agreement constitutes such an "exceptional circumstance," and relies on <u>United States</u> v. <u>Baus</u>, 834 F.2d 1114, 1121 (1st Cir. 1987), in support.  Mem. of Law in Supp. of Mot. To Vacate [Doc. No. 79] ("Pl. Mem.") at 3.  Vantage's reliance is misplaced.  <u>Baus</u> stands for the proposition that a Rule 60(b)(6) motion can be granted when the terms of settlement are incorporated into an order of dismissal.  834 F.2d at 1124.  The other cases cited by Vantage are situations where a party achieved a settlement through bad faith.  Pl. Mem. at 3-4; <u>see</u> <u>Keeling</u> v. <u>Sheet Metal Workers Int'l Ass'n, Local Union 162</u>, 937 F.2d 408, 410-11 (9th Cir. 1991) (finding extraordinary circumstances due to bad faith noncompliance by plaintiffs) *abrogated by* <u>Kokkonen</u>, 511 U.S. at 378; <u>Fairfax Countywide Citizens Ass'n</u> v. <u>County of Fairfax, Va.</u>, 571 F.2d 1299, 1301 (4th Cir. 1978) (holding as an "extraordinary circumstance" the repudiation of a settlement by a County that claimed the terms were contrary to state law) *abrogated by* <u>Kokkonen</u>, 511 U.S. at 378; <u>Aro Corp.</u> v. <u>Allied Witten Co.</u>, 531 F.2d 1368, 1373 (6th Cir. 1976) (finding that one party was attempting to "use and reuse the courts as pawns in a private game of varying design").

This Court discerns no such bad faith on the part of the Defendants.  While it is uncontroverted that they are in breach of the settlement contract, there is no evidence that they entered the contract in bad faith, or that they have repudiated it.  Thus,

4

there are no "extraordinary circumstances" which would require vacating the judgment under Rule 60(b)(6).

## III. CONCLUSION

Accordingly, Vantage's Motion to Vacate Settlement Order of Dismissal and to Enter Judgment [Doc. No. 78] is DENIED.

SO ORDERED.

_William G. Young_
WILLIAM G. YOUNG
DISTRICT JUDGE

5